1  Mark D. Kemple (State Bar No. 145219)
2  Email: mkemple@jonesday.com
   JONES DAY
3  555 South Flower, 50TH Floor
4  Los Angeles, CA 90071
   Telephone:    (213) 489-3939
5  Facsimile:    (213) 243-2539
6
   Attorneys for Defendant
7  WENDY'S INTERNATIONAL, INC.
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11  ELLIOTT LEWIS, individually and on      CV09-07193 MMM (JCx)
    behalf of all others similarly situated,
12                                           Case No. _____
13         Plaintiff,
                                             NOTICE OF REMOVAL OF CIVIL
    v.                                       ACTION FROM STATE COURT
14
    WENDY'S INTERNATIONAL, INC.,             [28 U.S.C. §§ 1332, 1441(b) and
15  a Corporation; and DOES 1 through        1446]
16  20, inclusive,

17         Defendants.
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE ENTITLED COURT:

2        PLEASE TAKE NOTICE THAT WENDY'S INTERNATIONAL, INC.

3    (herein "Wendy's" or "Defendant" or "Defendant Wendy's"), defendant in the action

4    entitled *Elliott Lewis, an individual, on behalf of himself, and all others similarly*

5    *situated, v. Wendy's International, Inc., a Corporation, and DOES 1-20*, Case No.

6    BC 420922, filed in the Superior Court of the State of California, for the County of

7    Los Angeles, has removed that action to the United States District Court for the

8    Central District of California pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.  The

9    grounds for removal are as follows:

10                   **Compliance with Statutory Requirements**

11       1.       On or about August 31, 2009, Plaintiff Elliott Lewis ("Plaintiff")

12   commenced this action by filing a Class Action Complaint in the Superior Court of

13   the State of California for the County of Los Angeles, Case No. BC 420922,

14   captioned *Elliott Lewis, an individual, on behalf of himself, and all others similarly*

15   *situated, v. Wendy's International, Inc., a Corporation, and DOES 1-20* (herein "the

16   Action").  Plaintiff alleges claims for premium wages for alleged missed meal and

17   rest periods (California Labor § 226.7), penalties for alleged missed meal and rest

18   periods (California Labor Code § 558), actual damages or penalties for failure to

19   include premium pay for alleged missed meal and rest periods in itemized wage

20   statements (California Labor Code § 226), waiting time penalties for failure to pay

21   premium wages due for alleged missed meal and rest periods at the time of

22   termination (California Labor Code §201-203), and restitution for alleged violation

23   of California's Unfair Competition Law (Cal. Business and Professions Code §

24   17200, *et seq.*).  Plaintiff seeks, on behalf of himself and those similarly situated,

25   recovery of unpaid wages, restitution, penalties, damages, injunctive relief, pre-

26   judgment interest, "post-judgment" interest, costs and attorney's fees.

27

28

1    2.    Defendant was served with the Class Action Complaint in this action

2    on September 3, 2009.  Removal of the Action is timely because it is within 30 days

3    of service of the Complaint on Defendant.  *See* 28 U.S.C. §1446(b).

4    3.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of the

5    Summons, Class Action Complaint, and Civil Case Cover Sheet are attached hereto

6    as Exhibit A.  Defendant has not served or been served with any other process,

7    pleadings, or orders in this action.

8    4.    Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide

9    written notice of removal of the Action to Plaintiff, and promptly will file a copy of

10   this Notice of Removal with the Clerk of the Superior Court of the State of

11   California, County of Los Angeles.

12   **Intradistrict Assignment**

13   5.    Plaintiff filed this case in the Superior Court of California, County of

14   Los Angeles.  Therefore, this case may properly be removed to the Western Division

15   of the Central District of California.  28 U.S.C. § 1441(a).

16   **Jurisdiction**

17   6.    This Court has original jurisdiction over this matter pursuant to 28

18   U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No.

19   109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have original

20   diversity jurisdiction over a class action whenever "any member of a [putative] class

21   of plaintiffs is a citizen of a State different from any defendant" (28 U.S.C.

22   § 1332(d)(2)(A)) and "the matter in controversy exceeds the sum or value of

23   $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  Both

24   requirements are satisfied here because the matter in controversy, in the aggregate,

25   exceeds the sum of $5,000,000, exclusive of interest and costs and there is diversity

26   of citizenship between Plaintiff and Defendant.

27   **Diversity of Citizenship**

28   7.    The parties to this action are citizens of different states.

1       8.     Plaintiff alleges that at all times material to the claims he advances,
2  and at the time of the filing of his complaint, he was resident of Los Angeles County,
3  California.  He also alleges that he was previously employed by Wendy's at a
4  restaurant located in Beaumont, California.  Defendant avers that Plaintiff was, and
5  still is, a citizen of the State of California.

6       9.     Defendant Wendy's is a corporation incorporated under the laws of the
7  State of Ohio and no other state.  Pursuant to the test set out in *Indus. Tectonics, Inc.*
8  *v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990), the "principal place of business"
9  of Defendant Wendy's is in a state other than the State of California, that is, in the
10  State of Ohio.

11      10.    Wendy's principal place of business cannot be California.  Wendy's is
12  incorporated in the State of Ohio, with operating facilities in 30 states.  California is
13  not the one State where Wendy's activities predominate.  Of all domestic company-
14  owned stores, only 4.5% are found in the State of California.  Of all domestic
15  company employees, just 4.1% are employed in California.  Of all domestic net
16  sales, less than 6% are derived from California operations.  Further, each of the
17  States of Florida, Ohio and Texas have significantly greater levels of activity than
18  California, in each of the following categories: number of company owned
19  restaurants, number of employees, revenue, number of franchise stores.  Florida has
20  more the three times as many company-owned restaurants, employees and net sales,
21  as compared to California.  Ohio has significantly more company-owned restaurants,
22  employees and net sales, as compared to California.  Texas too has substantially
23  greater company-owned restaurants, employees and net sales, as compared to
24  California.

25      11.    Where no one state contains a substantial predominance of the
26  corporation's business activities,[1] the "nerve center" test applies.[2]  Under the nerve

27      [1] Even in the face of large-scale California operations, other district courts
28  have declined to hold that California is a corporation's principal place of business,
      where those operations do not clearly dominate operations in other states.  *See e.g.*

1  center test, a corporation's principal place of business is the state in which it

2  performs its executive and administrative functions.[3]

3       12.     Wendy's executive and administrative functions are primarily carried

4  out in the State of Ohio with some operations in Georgia, not in California.  Most of

5  Wendy's executives and high level managers are housed at its corporate headquarters

6  in Ohio, or in Georgia, not in California.

7       13.     Applying the above facts to the place of operations test, it is

8  impossible to conclude that California could be the principal place of business of

9  Wendy's.  The substantial predominance of Wendy's business activities do not take

10  place in the state of California.  And applying the nerve center test, the State of Ohio

11  – home of Wendy's corporate headquarters – is Wendy's principal place of business.[4]

12  _____

(continued...)

13  *Ho v. Ikon Office Solutions, Inc.,* 143 F. Supp. 2d 1163 (N.D. Cal. 2001) (concluding

14  that the defendant's principal place of business was not California – even though it
   had the greatest number of employees in California – because no single state had

15  more than 10% of its workforce, no single state generated more than 10% of its

16  annual revenue, and its administrative and executive functions took place elsewhere);
   *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1106-08 (S.D. Cal.

17  2003) (finding that Home Depot's operations in 49 states, property in several states,

18  and executive offices in Georgia counseled against finding California the principal
   place of business).

19
        [2] *See Indus. Tectonics,* 912 F.2d at 1093-94 (nerve center test applies "where a

20  corporation conducts business in many states, and does not conduct a substantial

21  predominance of its business in any single state").

22       [3] *United Computer Systems,* 298 F.3d at 763 ("if the corporation's activities are
   not predominant in a single state, then the principal place of business is where the

23  majority of its executive and administrative functions are performed"); *Indus.*

24  *Tectonics,* 912 F.2d at 1093 ("courts generally assign greater importance to the
   corporate headquarters where no state is clearly the center of corporate activity").

25       [4] *Compare Arellano,* 245 F. Supp. 2d at 1108 (applying nerve center test to

26  conclude Home Depot's principal place of business located in Georgia, where the

27  corporate offices were located); *Ho, supra,* 143 F. Supp. 2d at 1168 (applying nerve
   center test and holding Ikon's principal place of business located in Pennsylvania,

28  where the corporate offices were located).

1    14.    The Action is therefore brought between citizens of different states

2  under the definition of 28 U.S.C. § 1332.  Furthermore, the minimal diversity

3  required under 28 U.S.C. § 1332(d)(2) also exists for purposes of this Court's

4  exercise of diversity jurisdiction under CAFA.

5                          **Amount in Controversy**

6    15.    The Class Action Complaint satisfies the amount in controversy

7  requirement for class actions set forth in 28 U.S.C. § 1332(d) (as amended).  Section

8  1332(d)(6) provides that "[i]n any class action, the claims of the individual class

9  members shall be aggregated to determine whether the matter in controversy exceeds

10  the sum or value of $5,000,000, exclusive of interest and costs."  Though Defendant

11  concedes no liability on Plaintiff's claims, and does not concede the propriety or

12  breadth of the class as alleged by Plaintiff, Plaintiff's Complaint places in

13  controversy[5] a sum greater than $5,000,000.

14    16.    Plaintiff purports to represent a class consisting of individuals who

15  were non-exempt employees of Defendant in the State of California at any time after

16  four years preceding the filing of the Action, and who were not provided a meal or

17  rest period during certain time periods through the day.  In this regard, Plaintiff

18  alleges that Wendy's has a "consistent policy" of failing to provide employees meal

19  and rest periods to which they are entitled, and a "requirement that plaintiffs [sic]

20  and the class work through meal and rest periods without paying legal

21  compensation…."  (Complaint ¶18, 19.)

22

23    _____

       [5] The amount in controversy includes claims for general and special damages,
24  excluding costs and interest; penalties; attorneys fees, if recoverable by statute or
      contract; and punitive damages, if recoverable as a matter of law.  *See, e.g.,*
25  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995); *Miller v. Michigan*
26  *Millers Ins. Co.*, 1997 WL 136242 (N.D. Cal., 1997); *Brady v. Mercedes-Benz USA,*
      *Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (holding that civil penalty
27  properly included in the amount in controversy); 28 U.S.C. Section 1332(d)-(e),
28  1453, 1711-1715 (2005).

17.  **Premium Wages per Labor Code § 226.7**. The Plaintiff alleges a "consistent policy" and "requirement" that meal and rest periods be missed. Assuming the truth of that allegation, and assuming one missed meal or rest period per shift worker during the class period, the amount in controversy on this claim would be as follows. During the time period in question, on any given day, approximately 600 non-exempt employees worked shifts of four-hours or more in these California restaurants. The average hourly compensation for these employees is approximately $8.50. This results in a potential exposure on this claim of $7.4 million as follows: one hour's average wage ($8.50) x 600 shift workers per day x 365 days x 4 years = $7.4 million.

18.  **Penalties per Labor Code § 558**. The Plaintiff alleges a "consistent policy" and "requirement" that meal and rest periods be missed. Assuming the truth of that allegation, and assuming one missed meal or rest period per shift worker during the class period, the amount in controversy on this claim would be as follows. In each two-week pay period during the year prior to the filing of the Action Wendy's employed approximately 1200 non-exempt employees in the State of California (21 per store). This results in a potential exposure on this claim of $3.1 million as follows: $100 penalty per § 558 x 1200 total non-exempt workers per pay cycle x 26 pay cycles x 1 year limitations period (C.C.P. § 340) = $3.1 million.

19.  **Penalties per Labor Code §§ 203, 226, Punitive Damages, Attorney Fees**. In addition to the foregoing, based on the alleged "consistent policy" and "requirement" that periods be missed and not paid, Plaintiff also alleges that he and putative class members:

- were "damaged" by failure to report on wage statements premium wages due for missed meal and rest periods, and therefore seek penalties of up to $100 per pay period per person pursuant to Labor Code § 226(e);

NOTICE OF REMOVAL

1       •    are entitled to thirty-days waiting time penalties for all former non-

2            exempt California employees of Wendy's whose employment with

3            Wendy's ended during the year prior to the filing of this action,

4            pursuant to per Labor Code § 203;

5       •    are entitled to punitive damages for alleged violation of Section 203

6            (Complaint ¶47)[6], though the basis for such relief is unclear; and

7       •    are entitled to recover their attorneys' fees and costs.[7]

8   The amount in controversy on these additional claims alone, also collectively satisfy

9   the $5 million threshold.

10      20.    <u>Aggregate</u>.  Totaling paragraphs 17 through 19, the aggregate amount

11  placed in controversy by the claims of Plaintiff and the putative class exceeds

12  $5,000,000, excluding interest, costs and the value of injunctive relief.

13      WHEREFORE, the above-titled Action is hereby removed to this Court from

14  the Superior Court of the State of California, County of Los Angeles.

15

16  Dated: October 2, 2009            JONES DAY

17

18                             By: _____

                                  Mark D. Kemple

19

20                    Attorneys for Defendant
                  WENDY'S INTERNATIONAL, INC.

21

22

23

24        [6] Punitive damages also should be included as part of the amount in

25  controversy in a civil action, though . *See, e.g. Gibson v. Chrysler Corp.*, 261 F.3d

26  927, 945 (9th Cir. 2001).

27        [7] Attorneys' fees also are included in the amount in controversy if recoverable
   by statute. *Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D.

28  Cal. 2002).

EXHIBIT A

**FILED**
Los Angeles Superior Court

AUG 3 1 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1  Douglas N. Silverstein, Esq. SBN 181957
   Michael G. Jacob, Esq. SBN 229939
2  KESLUK & SILVERSTEIN, P.C.
   9255 Sunset Blvd., Suite 411
3  Los Angeles, CA 90069
   Telephone: (310) 273-3180
4  Fax: (310) 273-6137

5  Alan Burton Newman, Esq. SBN 40403
   4344 Promenade Way, Suite 104
6  Marina Del Rey, California 90292
   Telephone: (310) 306-4339
7  Fax: (310) 821-1883

8  Attorneys for Plaintiff ELLIOTT LEWIS, an individual, on behalf of himself, and all others
9  similarly situated

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11      FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

12                    UNLIMITED CIVIL CASE

13                                                    BC420922

14  ELLIOTT LEWIS, an individual, on behalf of   )  Case No.
    himself, and all others similarly situated,  )
15                                               )  CLASS ACTION COMPLAINT FOR:
              Plaintiffs,                        )
16                                               )  1.  Failure to Provide Rest Breaks
         v.                                      )      Pursuant to Labor Code §226.7
17                                               )  2.  Failure to Provide Meal Periods
    WENDY'S INTERNATIONAL, INC., a               )      Pursuant to Labor Code §226.7
18  Corporation; and DOES 1-20, inclusive,       )  3.  Waiting Time Penalties Pursuant to
                                                 )      Labor Code §203
19            Defendants.                         )  4.  Failure to Provide Accurate Itemized
                                                 )      Statements Pursuant to Labor Code
20                                               )      §226
                                                 )  5.  Unfair Competition Pursuant to
21                                               )      Business & Professions Code
                                                 )      §17200
22                                               )
                                                 )      Punitive Damages
23                                               )
24                                               )
                                                 )  [Demand for Jury Trial]
25  _____
26
27
                                        1
28  _____
              CLASS ACTION COMPLAINT FOR DAMAGES

CIT/CASE: BC420922 LEA/DEF#:
RECEIPT #: CCH465780092
DATE PAID: 08/31/09 03:33:56 PM
PAYMENT: $355.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:
355.00
0310

I

## GENERAL ALLEGATIONS

Plaintiff ELLIOTT LEWIS, an individual, on behalf of himself, and on behalf of all others similarly situated, complains of defendants, and each of them, as follows:

1.     This is a Class Action, pursuant to <u>Code of Civil Procedure</u> § 382, on behalf of plaintiff and all individuals who hold or held the position of hourly employees, who are employed by, or formerly employed by Defendant WENDY'S INTERNATIONAL, INC., ("Wendy's" or "Defendant"), within the State of California.

2.     At least four (4) years prior to the original filing of this action and continuing to the present ("rest break liability period"), defendants have had a consistent policy of failing to provide hourly employees within the State of California, including plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

3.     At least four (4) years prior to the original filing of this action and continuing to the present ("meal period liability period"), defendants have had a consistent policy of failing to provide hourly employees within the State of California, including plaintiff, meal periods of at least thirty (30) minutes per five (5) hours worked and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period was not provided, as required by California state wage and hour laws.

4.     Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to Labor Code §§ 201, 202, 203, 22.6, 226.7, and 558 seeking unpaid meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

2

1        5.     Plaintiff, on behalf of himself and all Class Members, pursuant to Business and

2   Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of

3   all benefits defendants enjoyed from their failure to pay meal and rest period compensation.

4

5   **II**

6   **PARTIES**

7   **A. Plaintiffs**

8        6.     Venue as to each defendant is proper in this judicial district, pursuant to <u>Code of</u>

9   <u>Civil Procedure</u> §395.  Defendants operate numerous locations in the state of California under

10  the name "Wendy's."   Many of these locations are in Los Angeles County, California.   The

11  unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within

12  Los Angeles County, State of California. The unlawful acts alleged herein have a direct effect

13  on plaintiff and those similarly situated within the State of California.

14       7.     Plaintiff ELLIOTT, at all relevant times, was a resident of Los Angeles County,

15  California.

16       8.     As an hourly employee, plaintiff was regularly required to:

17            (1) Work without being provided a meal period of at least thirty (30) minutes

18                 per four (5) hours worked and not being compensated one (1) hour of pay at

19                 the employees regular rate of compensation for each workday that the meal

20                 period was not provided; and

21            (2) Work without being provided a minimum ten (10) minute rest period for

22                 every four hours or major fraction thereof worked and not being

23                 compensated one (1) hour of pay at their regular rate of compensation for

24                 each workday that a rest period was not provided.

25       9.     Defendants willfully failed to provide meal and rest periods or compensate them

26  for missing meal and rest periods at the termination of their employment with defendants.

27

28

3

CLASS ACTION COMPLAINT FOR DAMAGES

B. **Defendants**

10.   Defendant Wendy's International, Inc. owns and operates several locations in the State of California. Defendant employed plaintiffs and similarly situated persons as non-exempt hourly employees within the State of California. Plaintiff worked at the Wendy's location at 525 South Highland Spring, Beaumont, CA 92223. Plaintiff is informed and believes that Wendy's owns and operates numerous stores in Los Angeles County, California.

11.   The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 20, inclusive, are currently unknown to plaintiffs who therefore sue defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

12.   Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the Class.

**III**

**FACTUAL BACKGROUND**

13.   Defendant hires hourly employees who work in Wendy's locations. These employees have not been provided rest periods for work periods of four (4) hours or major fractions thereof and were not compensated one hours wage in lieu thereof.

4

CLASS ACTION COMPLAINT FOR DAMAGES

14.    Defendant also hires hourly employees who work in Wendy's locations who have not been provided meal periods of not less than thirty (30) minutes per five (5) hours worked and were not compensated one hours wage in lieu thereof.

15.    Plaintiffs and the Class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

16.    During the rest period liability period, plaintiffs and the members of the class were regularly required to work in excess of three and one-half hours (3 1/2 ) without being provided a rest period.

17.    Defendants did not fully compensate the class for defendants' failure to provide rest periods during the rest period liability period.

18.    During the meal period liability period defendants have had a consistent policy of failing to provide hourly employees within the State of California, including plaintiffs, meal periods of at least thirty (30) minutes per four (4) hours worked and failed to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period was not provided.

19.    Defendants' requirement that plaintiffs and the class work through meal and rest periods without paying legal compensation for failure to provide meal and rest periods during the liability periods was willful and deliberate.

20.    Defendants willfully failed to pay one hours wages in lieu of meal and rest periods, when each employee quit or was discharged.

21.    Plaintiffs and the Class are covered by the applicable California Industrial Welfare Commission Occupational Wage Orders.

22.    The claims of the plaintiffs and each member of the class individually do not exceed $75,000.

5

CLASS ACTION COMPLAINT FOR DAMAGES

## IV.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring this action on behalf of others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure.  Plaintiffs seek to represent sub-classes composed of and defined as follows:

> a.  All persons who are employed or have been employed as hourly employees by defendants in the State of California and since four (4) years prior to the filing of this lawsuit, have not been provided a rest period for every four (4) hours or major fraction thereof worked per day when his/her shift exceeded three and one (3 ½) hours, and was not provided compensation of one (1) hours pay for each day on which such rest period was not provided.

> b.  All persons who are employed or have been employed as hourly employees by defendants in the State of California and since four (4) years prior to the filing of this lawsuit, have not been provided a meal period for every five (5), and was not provided compensation of one (1) hours pay for each day on which such meal period was not provided.

> c.  All persons, who are employed or have been employed as hourly employees by defendants in the State of California and since four (4) years prior to the filing of this lawsuit failed to timely receive all wages owed upon termination or the separation of their employment.

24.     Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25.     This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

6

**A.    Numerosity**

26.    The potential members of the Class as defined are so numerous that joined of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, over 100 hourly employees.

27.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges defendant's employment records would provide information as to the number and location of all Class Members.  Joinder of the proposed Class is not practicable.

**B.    Commonality**

28.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(1)    Whether defendant violated Labor Code §§226.7 and 512, the applicable IWC Wage Orders, by failing to provide daily rest periods for four (4) hours or major fraction thereof worked when the shift exceeded three and one-half (3 1/2) hours and by failing to compensate employees one (1) hours wages in lieu of rest periods;

(2)    Whether defendant violated Labor Code §§226.7 and 512, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11040 by failing to provide daily meal periods for thirty (30) minutes when the shift exceeded five (5) hours.

(3)    Whether defendant violated §§201-203 of the Labor Code by failing to pay compensation for denied compensation due and owing at the time that any Class member's employment with defendants terminated or ended;

(4)    Whether defendant violated §17200 et seq. of the Business & Professions Code by failing to provide meal and rest periods without compensation to hourly employees;

(5)    Whether plaintiff and the Class are entitled to penalties under Labor Code

7

1   §558;

2          (6)      Whether plaintiff and the Members of the Plaintiff Class are entitled to

3   equitable relief pursuant to Business & Professions Code §17200, et. seq.

4          C.     **Typicality**

5          29.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

6   and all members of the Class sustained injuries and damages arising out of and caused by

7   defendants' common course of conduct in violation of laws, regulations that have the force and

8   effect of law and statutes as alleged herein.

9          D.     **Adequacy of Representation**

10         30.    Plaintiff will fairly and adequately represent and protect the interests of the

11  members of the Class. Counsel who represents Plaintiff are competent and experienced in

12  litigating large employment class actions.

13         E.     **Superiority of Class Action**

14         31.    A class action is superior to other available means for the fair and efficient

15  adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

16  questions of law and fact common to the Class predominate over any questions affecting only

17  individual members of the Class. Each member of the Class has been damaged and is entitled to

18  recovery by reason of Defendant's illegal policy and/or practice of failing to compensate Class

19  Members at the legal overtime rates, denying Class Members rest periods without legal

20  compensation.

21         32.    Class action treatment will allow those similarly situated persons to litigate their

22  claims in the manner that is most efficient and economical for the parties and the judicial

23  system. Plaintiff is unaware of any difficulties that are likely to be encountered in the

24  management of this action that would preclude its maintenance as a class action.

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS PURSUANT TO LABOR CODE § 226.7

### AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 1 TO 5

33.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

34.     Labor Code §226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked.  Plaintiff and the class consistently worked for four (4) hours per shift with no rest breaks.

35.     Defendants failed to provide plaintiff and others with rest breaks of not less than 10 minutes as required by the Labor Code during the relevant class period.

36.     Pursuant to Labor Code §226.7, plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial.

37.     As a result of defendant's failure to provide rest periods, defendant has violated the applicable IWC Wage Order and Plaintiff is entitled to the penalties provided for by Labor Code § 558.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO LABOR CODE § 226.7

### AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 6 TO 10

38.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

9

CLASS ACTION COMPLAINT FOR DAMAGES

39.   Labor Code §226.7 requires an employer to pay an additional hour (1) of compensation for each meal period the employer fails to provide.  Employees are entitled to a thirty (30) minute meal period for every five (5) hours worked.   Plaintiff and the class consistently worked for five (5) hours per shift with no meal periods.

40.   Defendants failed to provide plaintiff and others with meal periods of not less than 30 minutes as required by the Labor Code during the relevant class period.

41.   Pursuant to Labor Code §226.7, plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

42.   As a result of defendant's failure to provide rest periods, defendant has violated the applicable IWC Wage Order and Plaintiff is entitled to the penalties provided for by Labor Code § 558.

### THIRD CAUSE OF ACTION

### WAITING TIME WAGE CONTINUATION UNDER  LABOR CODE § 203

### AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 11 TO 15

43.   As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

44.   Numerous members of the class, including the named plaintiff, are no longer employed by defendants.  They were either fired or quit defendants' employ.

45.   The defendants' failure to pay wages, as alleged above was willful in the defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the class wage continuation under Labor Code §203, which provides that an employee's wages shall continue until paid for a period of up to thirty (30) days from the time they were due.

46.   Defendants have failed to pay plaintiff and others similarly situated a

CLASS ACTION COMPLAINT FOR DAMAGES

1  sum certain at the time of termination or within seventy-two hours of their resignation, and have

2  failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of the Labor

3  Code §203, plaintiffs and the class are entitled to wage continuation in the amount of plaintiff's

4  and others' daily wage multiplied by thirty (30) days.

5        47.    As a result of the above conduct, plaintiffs and the class are entitled to punitive

6  damages.

7  **FOURTH CAUSE OF ACTION**

8  **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**

9  **PURSUANT TO LABOR CODE SECTION 226**

10  **AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 16 TO 20**

11        48.    As a separate and distinct cause of action, Plaintiff complains and realleges

12  all the allegations contained in this complaint, and incorporates them by reference into this

13  cause of action as though fully set forth herein, excepting those allegations which are

14  inconsistent with this cause of action.

15        49.    Defendants intentionally failed to furnish to plaintiff, upon each payment of

16  wages, accurate itemized statements of actual total hours worked, as well as the applicable

17  hourly rates in effect during the pay period and the corresponding number of hours worked at

18  each hourly rate.   Moreover, defendants failed to furnish to plaintiff accurate itemized

19  statements indicating when, if at all, plaintiff received meal periods.

20        50.    Defendants have failed to pay plaintiffs and others a sum certain at the time of

21  termination or within seventy-two hours of their resignation, and have failed to pay those sums

22  for thirty (30) days thereafter.  Pursuant to the provisions of the Labor Code §203, Plaintiff is

23  entitled to a penalty in the amount of plaintiff's and others' daily wage multiplied by thirty (30)

24  days.

25        51.    Plaintiff was damaged by these failures because, among other things, the failures

26  led Plaintiff and others to believe that they were not entitled to be paid for violations of meal

27

28

11

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A – 19

1   and rest period laws, although they were so entitled, and because the failures hindered them

2   from determining the amounts owed to them.  Plaintiff is entitled to the amounts provided for in

3   Labor Code § 226(b).

4                          **FIFTH CAUSE OF ACTION**

5   **UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE §17200**

6            **AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 21-25**

7         52.    As a separate and distinct cause of action, Plaintiff complains and realleges

8   all the allegations contained in this complaint, and incorporates them by reference into this

9   cause of action as though fully set forth herein, excepting those allegations which are

10  inconsistent with this cause of action.

11        53.    The named Plaintiff, on his own behalf and on behalf of the general public, and

12  on behalf of others similarly situated, brings this claim pursuant to Business and Professions

13  Code §17200, et seq.  The conduct of defendants as alleged in this Complaint has been and

14  continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the Plaintiff.

15  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

16  Code of Civil Procedure §1021.5.

17        54.    Plaintiff is a person within the meaning of Business & Professions Code

18  §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution,

19  and other appropriate equitable relief.

20        55.    Business and Professions Code §17200, et seq, prohibits unlawful and unfair

21  business practices. Wage and hour laws express fundamental public policies.  Paying employees

22  for hours worked and providing employees with meal and rest breaks are fundamental public

23  policies of this State and of the United States.  Labor Code §90.5 (a) articulates the public

24  policies of this State to enforce vigorously minimum labor standards, to ensure that employees

25  are not required or permitted to work under substandard and unlawful conditions, and to protect

26

27

28                                    12

EXHIBIT A – 20

1  law-abiding employers and their employees from competitors who lower their costs by failing to

2  comply with minimum labor standards.

3       56.    Defendants have violated statutes and public policies. Through the conduct

4  alleged in this Complaint, defendants, and each of them, have acted contrary to these public

5  policies, have violated specific provisions of the Labor Code, and have engaged in other

6  unlawful and unfair business practices in violation of Business & Profession Code §17200, et

7  seq., depriving plaintiff, and all persons similarly situated, and all interested persons of rights,

8  benefits, and privileges guaranteed to all employees under law.

9       57.    Defendants' conduct, as alleged hereinabove, constituted unfair competition in

10  violation of §17200 et. seq. of the Business & Professions Code.

11      58.    Defendants, by engaging in the conduct herein alleged, by failing to pay for all

12  wages and not providing proper meal and rest breaks, either knew or in the exercise of

13  reasonable care should have known that the conduct was unlawful.  As such it is a violation of

14  §17200 et seq of the Business and Professions Code.

15      59.    As a proximate result of the above mentioned acts of defendants, plaintiff and

16  others similarly situated  have been damaged in a sum as may be proven. Unless restrained by

17  this Court, defendants will continue to engage in the unlawful conduct as alleged above.

18  Pursuant to Business & Professions Code, this Court should make such orders or judgments,

19  including the appointment of a receiver, as may be necessary to prevent the use or employment,

20  by defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the

21  Business & Professions Code, and/or including but not limited to, disgorgement of profits which

22  may be necessary to restore plaintiff to the money defendants have unlawfully failed to pay

23  them.

24                              **RELIEF REQUESTED**

25      WHEREFORE, plaintiff prays for themselves against Defendants, jointly and

26  severally, as follows:

27

28
                                      13

A.   For compensatory damages in the amount of plaintiffs' and each class members' hourly wage for each shift where rest period(s) were missed from August 2005 to the present and continuing as may be proven;

B.   For compensatory damages in the amount of plaintiffs' and each class members' hourly wage for each shift where meal period(s) were missed from August 2005 to the present and continuing as may be proven;

C.   For waiting time wage continuation as prescribed by Labor Code Sec. 203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

D.   For penalties pursuant to Labor Code §558 as alleged above;

E.   An award of prejudgment and post judgment interest;

F.   An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing plaintiffs with proper meal rest breaks pursuant to Labor Code §§512, 226.7 and IWC 7-2001;

G.   For restitution for unfair competition pursuant to Business and Professions Code §17200, including disgorgement of profits, in an amount as may be proven;

H.   An award providing for payment of costs of suit;

I.   An award of attorneys' fees; and

J.   Such other and further relief as this Court may deem proper and just.

DATED: August 27, 2009

KESLUK & SILVERSTEIN

By
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff ELLIOTT LEWIS, an individual, on behalf of himself, and all others similarly situated

14

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A – 22

1

## JURY TRIAL DEMAND

2    Plaintiff hereby demands a jury trial on all issues so triable.

3    DATED: August 27, 2009                    KESLUK & SILVERSTEIN

4

5    By _____
     Douglas N. Silverstein, Esq.
6    Michael G. Jacob, Esq.
     Attorneys for Plaintiff ELLIOTT LEWIS, an
7    individual, on behalf of himself, and all
     others similarly situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A – 23

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Douglas N. Silverstein, Esq. SBN 181957
Michael G. Jacob, Esq. SBN 229939
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069
TELEPHONE NO.: (310) 273-3180   FAX NO.: (310) 273-6137
ATTORNEY FOR (Name): Plaintiff ELLIOTT LEWIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS: 111 N. HILL ST.
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Lewis v. Wendy's, et al.

**FOR COURT USE ONLY**

**FILED**
Los Angeles Superior Court

AUG 31 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC420922 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Five (5)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:
Michael G. Jacob, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT A – 24

| SHORT TITLE: Lewis v. Wendy's, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 7-9 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

EXHIBIT A – 25

SHORT TITLE: Lewis v. Wendy's, et al.          CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/s Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT A – 26

SHORT TITLE: Lewis v. Wendy's, et al.                     CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)**<br>Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation**<br>Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment**<br>Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints**<br>RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions**<br>Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT A – 27

| SHORT TITLE: Lewis v. Wendy's, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 525 S. Highland Spring |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Beaumont | STATE: CA | ZIP CODE: 92223 | 7135 Sunset Blvd. Los Angeles, CA 90046 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ STANLEY MOSK _____ courthouse in the CENTRAL _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: August 27, 2009

(SIGNATURE OF ATTORNEY/FILING PARTY)

Michael G. Jacob, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

EXHIBIT A – 28

1

### PROOF OF SERVICE BY MAIL

2      I am a citizen of the United States and employed in Los Angeles County, California.  I am

3  over the age of eighteen years and not a party to the within-entitled action.  My business address

4  is 555 South Flower Street, Fiftieth Floor, Los Angeles, California  90071-2300.  I am readily

5  familiar with this firm's practice for collection and processing of correspondence for mailing with

6  the United States Postal Service.  On October 2, 2009, I placed with this firm at the above address

7  for deposit with the United States Postal Service a true and correct copy of the within

8  document(s):

9      **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

10

11 in a sealed envelope, postage fully paid, addressed as follows:

12     Douglas N. Silverstein                   Attorney for Plaintiff
       Michael G. Jacob
13     Kesluk & Silverstein
       9255 Sunset Boulevard, Suite 411
14     Los Angeles, CA  90069

15     Alan Burton Newman                        Attorney for Plaintiff
       4344 Promenade Way, Suite 104
16     Marina del Rey, CA  90292

17     Following ordinary business practices, the envelope was sealed and placed for collection

18 and mailing on this date, and would, in the ordinary course of business, be deposited with the

19 United States Postal Service on this date.

20     I declare that I am employed in the office of a member of the bar of this court at whose

21 direction the service was made.

22     Executed on October 2, 2009, at Los Angeles, California.

23

24

25                                                          Jennifer Gutierrez

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 7193 MMM (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Elliott Lewis | Wendy's International, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Douglas N. Silverstein, Esq.<br>Kesluk & Silverstein, P.C.<br>9255 Sunset Blvd., Suite 411<br>Los Angeles, 90069<br>(310) 273-3180 | Mark D. Kemple, Esq.<br>Jones Day<br>555 South Flower Street Fiftieth Floor<br>Los Angeles, CA 90071<br>(213) 489-3939 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $**   Aggregate amount in controversy > $5M.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332(d) – jurisdiction under CAFA; putative class action between citizens of California and Corporate citizen of Ohio.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
LAI-3054418v1

American LegalNet, Inc.
www.FormsWorkflow.com

CV09-07193

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Riverside and Los Angeles. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date   October 2, 2009
                                                     Mark D. Kemple

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    **CIVIL COVER SHEET**                                    Page 2 of 2
LAI-3054418v1

American LegalNet, Inc.
www.FormsWorkflow.com