1  Mark D. Kemple (State Bar No. 145219)
   Ruth M. Holt (State Bar No. 223152)
2  mkemple@jonesday.com
   JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:   (213) 489-3939
5  Facsimile:   (213) 243-2539

6  Attorneys for Defendant
   Wendy's International, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  ELLIOTT LEWIS, an individual, on            Case No. 09-CV-7193 MMM (JCx)
    behalf of himself, and all others
12  similarly situated,                          Assigned for all purposes to
                                                 Honorable Margaret M. Morrow
13                   Plaintiff,

14         v.                                    **MEMORANDUM OF POINTS
                                                 AND AUTHORITIES IN
15  WENDY'S INTERNATIONAL, INC.,                 SUPPORT OF DEFENDANT
    a Corporation; and DOES 1-20,               WENDY'S INTERNATIONAL,
16  inclusive,                                   INC.'S MOTION TO DISMISS
                                                 AND MOTION TO STRIKE**
17                   Defendant.
                                                 [Fed. R. Civ. P., Rules 12(b)(6),
18                                               12(f)]

19                                               Date:    December 14, 2009
                                                 Time:    10:00 a.m.
20                                               Place:   Roybal - Courtroom 780

21

22

23

24

25

26

27

28

LAI-3054841v1

1

# TABLE OF CONTENTS

2

**Page**

3    I.    SUMMARY OF ARGUMENT ....................................................... 1

4    II.   TWO-STEP PLEADING STANDARD ON MOTIONS TO DISMISS
           AND STRIKE – TWOMBLY & ASHCROFT ................................... 3

5    III.  THE MOTION TO DISMISS .......................................................... 4

6          A.    Counts 1 Through 5 Rest On The Threadbare Legal Conclusion
                 That The Elements Of The Statute And Wage Order Have Been
7                Violated, And Therefore Fail To State A Claim ................................. 4

8                1.    "Failure to Provide" ................................................. 5

                 2.    No Entitlement Alleged ............................................. 7
9
           B.    Apart From The Overarching Deficiencies Of Counts 1 Through
10               5, Count 3 Fails To Allege A "Willful" Violation Of Law ................. 7

11         C.    Apart From The Overarching Deficiencies Of Counts 1 Through
                 5, Count 4 Fails To Allege A Violation Of Section 226 And
                 Fails To Allege Standing To Pursue Any Violation ........................... 9
12
     IV.   MOTION TO STRIKE IMPROPER PRAYERS FOR RELIEF ................. 10
13
           A.    Because There Is No Private Right Of Action For Section 558
14               Penalties, Plaintiff's Request For Relief Thereunder Should Be
                 Stricken/Dismissed ................................................................ 10
15
           B.    Because Punitive Damages Are Not Available For § 203
16               Violations, Plaintiff's Request For Relief Thereunder Should Be
                 Stricken/Dismissed ................................................................ 12
17         C.    Because Plaintiff Is A Former Employee, His Request For
                 Injunctive Relief Should Be Stricken/Dismissed ........................... 12
18
     V.    MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS .......... 12
19
           A.    Because The Class Definitions Are Improper, The Class
20               Allegations Should Be Stricken ................................................. 13

                 1.    The Class Definitions Turn On A Legally Ambiguous
21                     Phrase – "To Provide" ............................................. 14

22               2.    Ascertainment Of Each Class Requires Determinations
                       On The Merits ...................................................... 14
23
                 3.    Each of These Classes Is Overbroad ............................. 15
24         B.    Because The Complaint Does Not Allege A Class that Plausibly
                 Satisfies the  Remaining Requirements of Rule 23(a), The Class
25               Allegations Should Be Stricken ................................................. 16

                 1.    Rule 23(a) Commonality Is Not Properly Pled – Whether
26                     the Law is "Violated" Is Not A Permissible Common
                       Fact/Issue ........................................................... 16
27               2.    Rule 23(a) Typicality and Adequacy Are Not Properly
                       Pled .................................................................. 17
28

C.  Because The Complaint Does Not Allege A Class That Plausibly Satisfies the Requirements of Rule 23(b), The Class Allegations Should Be Stricken ........................................................... 19

   1.  As Former Employee, Plaintiff Cannot Rely On Rule 23(b)(2) ................................................................................... 19

   2.  Rule 23(b)(3) Predominance Is Not Properly Pled ................. 21

   3.  Rule 23(b)(3) Superiority Is Not Properly Pled ...................... 22

VI.  CONCLUSION .................................................................................... 24

MEMO ISO DEF.'S MOTION TO
DISMISS/STRIKE

1

## TABLE OF AUTHORITIES

2

**Page**

3  Cases

4  *Amchem Prods., Inc. v. Windsor,*
5     521 U.S. 591 (1997) ......................................................................... 21

6  *Ashcroft v. Iqbal,*
7     129 S. Ct. 1937 (2009) ...........................................................passim

8  *Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................... 3, 6, 13
9

10 *Bessett v. Avco Fin. Serv., Inc.,*
   279 B.R. 442 (D.R.I. 2002) ............................................. 13
11

12 *Brinker Rest. Corp. v. Super. Ct.,*
   2008 WL 2806613 (Cal. Ct. App., July 22, 2008) ............................... 7

13 *Brinkley v. Pub. Storage,*
14    2008 WL 4716800 (Cal. Ct. App., Oct. 28, 2008) ............................... 7

15 *Brown v. County of Cook,*
16    549 F. Supp. 2d 1026 (N.D. Ill. 2008)........................... 18, 22, 23

17 *Brown v. Federal Express Corp.,*
18    249 F.R.D. 580 (C.D. Cal. 2008) ............................... 21, 22, 23

19 *City of Los Angeles v. Lyons,*
20    461 U.S. 95 (1983) ................................................................ 10

21 *Czechowski v. Tandy Corp.,*
22    731 F. Supp. 406 (N.D. Cal. 1990)................................... 12

23 *Duncan v. Northwest Airlines, Inc.,*
   203 F.R.D. 601 (W.D. Wash. 2001).................................... 20
24

25 *Elkins v. Am. Showa Inc.,*
   219 F.R.D. 414 (S.D. Ohio 2002) .................................... 20
26

27 *Elliot v. Spherion Pac. Work,*
   572 F. Supp. 2d 1169 (C.D. Cal. 2008)............................... 9
28

MEMO ISO DEF.'S MOTION TO
DISMISS/STRIKE

*FW/PBS, Inc. v. Dallas*,
   493 U.S. 215 (1990) ......................................................................................... 9

*Gen. Tel. Co. of S.W. v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................passim

*Glewwe v. Eastman Kodak Co.*,
   No. 05-CV-6462T, 2006 WL 1455476 (W.D.N.Y. May 26, 2006).................. 13

*Harding v. Time Warner, Inc.*,
   Civ. No. 09-1212, 2009 WL 2575898 (S.D. Cal. August 19, 2009)................... 6

*Hines v. Widnall*,
   334 F.3d 1253 (11th Cir. 2003) ......................................................................... 18

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
   Civ. Nos. 00-20905, 05-02298, 05-00334, 06-00244, 2007 WL 4062845
   (N.D. Cal., Nov. 15, 2007) ................................................................................. 4

*In re Paxil Lit.*,
   212 F.R.D. 539 (C.D. Cal. 2003) ....................................................................... 15

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996) .............................................................................. 3

*Jackson v. Motel 6 Multipurpose, Inc.*,
   130 F.3d 999 (11th Cir. 1997) ........................................................................... 10

*Jimenez v. Domino's Pizza*,
   238 F.R.D. 241 (C.D. Cal. 2006) ....................................................................... 20

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ............................................................................. 20

*Kenny v. Supercuts, Inc.*,
   252 F.R.D. 641 (N.D. Cal. 2008) ....................................................................... 22

*Kurihara v. Best Buy Co., Inc.*,
   No. C 06-01884, 2007 WL 2501698 (N.D. Cal. Aug. 30, 2007)....................... 20

*Lanzarone v. Guardsmark Holdings, Inc.*,
   Civ. No. 06-1136 RPLAX, 2006 WL 4393465 (C.D. Cal. 2006)............... 18, 22

*Lerwill v. Inflight Motion Pictures Inc.*,
   582 F.2d 507 (9th Cir. 1978) ............................................................................. 17

MEMO ISO DEF.'S MOTION TO
DISMISS/STRIKE

*Littleton v. Z.J. Gifts D-4, L.L.C.*,
  541 U.S. 774 S.Ct. 2219, 159 L.Ed.2d 84 (2004) ................................................ 9

*Lozano v. AT&T Wireless Services, Inc.*,
  504 F.3d 718 (9th Cir. 2007) ............................................................................ 20

*Lumpkin v. E.I. Du Pont de Nemours & Co.*,
  161 F.R.D. 480 (M.D. Ga. 1995) ...................................................................... 13

*Mad Rhino, Inc. et al. v. Best Buy Co., Inc.*,
  Case No. 2:03-cv-05604-GPS, 2008 U.S. Dist. Lexis 8619 (C.D. Cal.,
  Jan. 14, 2008) ...................................................................................................... 15

*Maddock v. KB Homes, Inc.*,
  248 F.R.D. 229 (C.D. Cal. 2007) ...................................................................... 20

*Mateo v. M/S Kiso*,
  805 F.Supp. 761 (N.D. Cal. 1991) ..................................................................... 19

*Mauro v. Gen. Motors Corp.*, No. 2-07-892, slip op., 2008 WL 2775004
  (E.D. Cal. July 15, 2008) .................................................................................... 13

*Molski v. Gleich*,
  318 F.3d 937 (9th Cir. 1993) ...................................................................... 19, 20

*Morgan v. Markerdowne Corp.*,
  201 F.R.D. 341 (D. N.J. 2001) .......................................................................... 21

*Moss v. United States Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .......................................................................... 3, 4

*Mueller v. CBS, Inc.*
  200 F.R.D. 227 (W.D. Pa. 2001) ...................................................................... 18

*Murphy v. Kenneth Cole Prods., Inc.*,
  40 Cal. 4th 1094 (2007) ............................................................................. 16, 22

*New Name, Inc. v. Walt Disney Co.*,
  Civ. No. 07-5034, 2007 WL 5061697 (C.D. Cal., Dec. 3, 2007) ...................... 4

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999) ........................................................................................... 19

*Salazar v. Avis Budget Group, Inc.*,
  251 F.R.D. 529 (S.D. Cal. 2008) ....................................................................... 22

*Situ v. Leavitt*,
  240 F.R.D. 551 (N.D. Cal. 2007) ....................................................... 15

*Stewart v. Winter*,
  669 F.2d 328 (5th Cir. 1982) ............................................................ 13

*Stubbs v. McDonald's Corp.*,
  224 F.R.D. 668 (D. Kan. 2004) .......................................................... 13

*Ticor Title Ins. Co. v. Brown*,
  511 U.S. 117 (1994) .......................................................................... 19

*Tumulty v. Fedex Ground Pkg. Sys., Inc.*,
  2005 WL 1979104 (W.D. Wash., Aug. 16, 2005) ............................. 10

*Turnbull & Turnbull v. ARA Transp., Inc.*,
  219 Cal. App. 3d 811 (1990) ............................................................. 12

*Vengurlekar v. Silverline Techs., Ltd.*,
  220 F.R.D. 222 (S.D.N.Y. 2003) ........................................................ 20

*Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*,
  70 Cal.App.4th 55 (1999) .................................................................. 11

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .............................................................. 3

*Wagner v. Taylor*,
  836 F.2d 578 (D.C. Cir. 1987) ........................................................... 18

*Walsh v. Nev. Dept. of Human Resources*,
  471 F.3d 1033 (9th Cir. 2006) .......................................................... 10

*Watson-Smith v. Spherion Pac. Workforce, LLC*,
  2008 WL 5221084 (N.D. Cal., Dec. 12, 2008) ................................. 22

*Zinser v. Accufix Research Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) ....................................... 16, 19, 21, 23

**STATUTES**

Cal. Civ. Proc Code § 338 ...................................................................... 16

Cal. Civ. Proc Code § 340 ...................................................................... 15

MEMO ISO DEF.'S MOTION TO
DISMISS/STRIKE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cal. Labor Code § 203 ....................................................................6, 7, 8, 11, 12, 15

Cal. Labor Code § 226 ......................................................................................9, 10

Cal. Labor Code § 226.7 ........................................................................................5

Cal. Labor Code §§ 500 *et seq.* ...........................................................................11

Cal. Labor Code § 512 ...........................................................................................6

Cal. Labor Code § 558 ....................................................................................10, 11

Cal. Labor Code § 1194 .......................................................................................10

Cal. Labor Code § 1194.2 ....................................................................................10

Cal. Labor Code § 1197.1 ....................................................................................11

**RULES**

Fed. R. Civ. Proc., Rule 23 ...........................................................................*passim*

**OTHER AUTHORITIES**

California Code of Regulations, Title 8, § 11050, Wage Order 5-2001 ...............5, 6

California Code of Regulations, Title 8, § 13520 ....................................................8

Manual for Complex Litig., § 30.14 .....................................................................14

MEMO ISO DEF.'S MOTION TO
DISMISS/STRIKE

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      SUMMARY OF ARGUMENT**

3           As the United States Supreme Court has recently clarified, for a complaint to

4   survive a motion to dismiss or strike:

5                   Threadbare recitals of the elements of a cause of action,

6                   supported by mere conclusory statements, do not suffice.

7                   (Although for purposes of a motion to dismiss we must

8                   take all of the factual allegations in the complaint as true,

9                   we "are not bound to accept as true a legal conclusion

10                  couched as a factual allegation.")  Rule 8 marks a notable

11                  and generous departure from the hyper-technical code-

12                  pleading regime of a prior era, but it does not unlock the

13                  doors of discovery for a plaintiff armed with nothing

14                  more than conclusions.

15  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (citations omitted).

16          Plaintiff's Class Action Complaint ("Complaint") is comprised exclusively of

17  just that – threadbare recitals of legal conclusions.  Each of its causes of action

18  ("Counts") rises and falls on the theory that all shift managers (including, ironically,

19  Plaintiff Elliot Lewis) at each of defendant Wendy's International, Inc.'s ("Wendy's")

20  many California restaurant locations failed, during the entirety of a four-year period,

21  to "provide" meal and rest breaks to non-exempt employees.  To allege that theory,

22  Plaintiff does nothing but state that theory in those same conclusory and legal terms.

23          To make matters worse, Plaintiff offers these legal conclusions using legal

24  jargon (lifted from the statute and Wage Order) of disputed meaning.  For example,

25  Plaintiff opines throughout that Wendy's failed to "provide" meal and rest periods to

26  its employees, despite the fact that the meaning of that precise legal jargon is

27  disputed and is presently pending before the California Supreme Court.  In short,

28  Plaintiff's Counts offer only (i) legal jargon of (ii) uncertain meaning.  As such, a

LAI-3054841v1

1

1   more obvious failure to meet the standards articulated in *Ashcroft* is hard to

2   conceive.

3        Plaintiff's class allegations fare no better.  Each of Plaintiff's three class

4   definitions renders membership in it unascertainable, at many levels.  By way of

5   example only, membership in each class is defined by reference to the same disputed

6   legal jargon mentioned above, and by a finding of ultimate liability to each member.

7   In effect, Plaintiff defines membership in each of his classes as persons against

8   whom a violation of law will be found to have been committed after trial, with the

9   further twist that the state of that law is in question.  Plaintiff's definitions present,

10  perhaps, the perfect inverse of a presently and readily ascertainable class.

11       In addition, Plaintiff has wholly failed to allege, under pertinent pleading

12  standards, satisfaction of the additional requirements of Rule 23, and has

13  affirmatively defeated others.  By way of example only, Plaintiff alleges that the

14  "common question" that would predominate in a classwide trial of this matter is

15  whether the law has been "violated."  Of course, were this sufficient to plead

16  satisfaction of Rule 23(a) – let alone the more rigorous standards of 23(b)(3) – any

17  and all actions would be certified for class treatment.

18       And to the extent that Plaintiff offers any allegations concerning his

19  "adequacy" to act as a class representative, they negate his qualification.  Plaintiff

20  alleges only that he worked in a single restaurant, but for an unstated period of time,

21  and in an unstated position (though he was in fact a shift manager obligated to

22  "provide" the very breaks he now concludes were not "provided", thereby creating a

23  conflict with the putative class).  Plaintiff also fails to allege a personal entitlement to

24  breaks.  And apart from being the shift manager charged with "providing" to others

25  very breaks he claims were not provided, Plaintiff affirmatively alleges he is a

26  "former employee" who therefore lacks standing to pursue the injunctive relief

27  sought on behalf of the class.

28       For these, and the many additional independent reasons stated below, Wendy's

1  respectfully requests that Plaintiff's Complaint be dismissed in its entirety for its

2  failure to state a claim, and that the Court strike the improper prayers for relief and

3  the class allegations in their entirety.

4  **II.     TWO-STEP PLEADING STANDARD ON MOTIONS TO DISMISS**

5  **AND STRIKE – *TWOMBLY & ASHCROFT***

6  To state a claim for relief, a plaintiff must: "satisfy the requirement of

7  providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which

8  the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

9  [A] plaintiff's obligation to provide the "grounds" of his

10  "entitlement to relief" requires more than labels and

11  conclusions, and a formulaic recitation of the elements of

12  a cause of action will not do.

13  *Id.* (citations omitted).  "Conclusory allegations of law and unwarranted inferences

14  are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Stac*

15  *Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *see also W. Mining Council v.*

16  *Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (courts may not "assume the truth of legal

17  conclusions merely because they are cast in the form of factual allegations").  As the

18  United States Supreme Court observed, "[w]ithout some <u>factual allegation</u> in the

19  complaint, it is hard to see how a claimant could satisfy the requirement of providing

20  not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim

21  rests." *Twombly*, 550 U.S. at 555 n.3 (emphasis added).

22  These core principals were refined and bolstered by the United States Supreme

23  Court in its recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Ashcroft*,

24  the Court set forth a two-part test for evaluating the sufficiency of allegations.  <u>First</u>,

25  the Court must identify and disregard allegations "that, because they are no more

26  than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S.Ct. at

27  1950.  "[B]are assertions" amounting to nothing more than a "formulaic recitation of

28  the elements" of a claim "are not entitled to an assumption of truth." *Moss v. United*

1    *States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Rule 8 of the Federal Rules

2    of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with

3    nothing more than conclusions." *Ashcroft*, 129 S.Ct. at 1950.

4         <u>Second</u>, "[a]fter dispatching the complaint's conclusory allegations," the Court

5    must apply *Twombly's* plausibility standard. *Moss*, 572 F.3d at 969 *citing Ashcroft*,

6    129 S.Ct. at 1949, 1951. That is, the Court must determine whether, in light of

7    alternative explanations for the facts properly alleged, the non-conclusory allegations

8    "plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950. The

9    Supreme Court emphasized that plausibility means "more than a sheer possibility

10   that a defendant has acted unlawfully," and that the determination of plausibility is

11   inherently comparative. *Ashcroft*, 129 S.Ct. at 1949. Allegations of conduct that are

12   "<u>merely consistent with</u>" the asserted violation are insufficient to render them

13   plausible. *Id*. A court analyzing a complaint on a motion to dismiss must consider

14   any "<u>obvious alternative explanation</u>" for the alleged misconduct, drawing on its

15   "judicial experience and common sense." *Id*. at 1950-51 (emph. added).

16        As discussed below, Plaintiff's substantive allegations, as well as its class

17   allegations, fail under the *Twombly/Ashcroft* standards and should be dismissed and

18   stricken, respectively.[1]

19   **III.   THE MOTION TO DISMISS**

20        **A.    <u>Counts 1 Through 5 Rest On The Threadbare Legal Conclusion</u>**

21              **<u>That The Elements Of The Statute And Wage Order Have Been</u>**

22              **<u>Violated, And Therefore Fail To State A Claim</u>**

23        The premise underlying each of plaintiff's five causes of action is that Wendy's

---

[1] The standards articulated in *Twombly* and *Ashcroft* apply with equal force to motions to strike. *Hynix Semiconductor, Inc. v. Rambus Inc.*, Civ. Nos. 00-20905, 05-02298, 05-00334, 06-00244, 2007 WL 4062845, at *3 (N.D. Cal., Nov. 15, 2007) (*citing Twombly's* "fair notice" standard and holding "a motion to strike is an appropriate tool for ensuring that parties receive fair notice, and should be granted where a pleading fails to recite factual allegations that deliver such notice"); *New Name, Inc. v. Walt Disney Co.*, Civ. No. 07-5034, 2007 WL 5061697, at *5 (C.D. Cal., Dec. 3, 2007) (striking damages claims from complaint that did not satisfy *Twombly* pleading standards).

failed to "provide" meal and rest breaks to persons entitled to them in accordance with California law.  Yet Plaintiff fails to allege facts establishing a failure to "provide" meal and rest breaks, and that he was entitled to such breaks in the first instance.

### 1.    "Failure to Provide"

Plaintiff's Complaint offers nothing but legal conclusion.  It merely tracks, verbatim, the statute and Wage Order on which it seeks to rely,[2] including a conclusion that Wendy's fails to "provide" meal and rest breaks – itself a phrase of disputed legal meaning.  In total, it alleges that:

- "These employees have not been provided rest periods for work periods of four (4) hours or major fractions thereof and were not compensated one hours wage in lieu thereof."  Compl. ¶ 13 (emph. added).

- "Defendants failed to provide plaintiff and others with rest breaks of not less than 10 minutes as required by the Labor Code during the relevant class period."  Compl. ¶ 35; see also Compl. ¶¶ 8(2), 16, 17 (emph. added).

- "Defendant also hires hourly employees . . . who have not been provided meal periods of not less than thirty (30) minutes per five (5) hours worked . . . ."  Compl. ¶ 14 (emph. added).

- "Defendants failed to provide plaintiff and others with meal periods of not less than 30 minutes as required by the Labor Code during the relevant

---

[2] California Labor Code (hereinafter "Labor Code") Section 226.7 provides: "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."
With respect to meal and rest breaks, the Wage Orders published by the Industrial Welfare Commission provide: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ."  and  "Every employer shall authorize and permit all employees to take rest periods . . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minute net rest time per four (4) hours or major fraction thereof . . . ."  See e.g. CAL. CODE OF REGS. titl. 8, § 11050, Wage Order 5-2001, §§ 11(A), 12(A).

1     class period."  Compl. ¶ 40; *see also* Compl. ¶ 8(1) (emph. added); and

2     •    "During the meal period liability period defendants have had a consistent

3        policy of <u>failing to provide</u> hourly employees within the State of

4        California, including plaintiffs, meal periods . . . ." Compl. ¶ 18 (emph.

5        added).

6       Even had the Complaint <u>correctly</u> quoted the elements of the statute and Wage

7 Order in question – though it does not[3] – it is precisely the type of formulaic and

8 boilerplate recitation of the elements of a claim "couched as [] factual allegation[s]"[4]

9 that have been rejected by courts following the *Twombly* and *Ashcroft* decisions.  In

10 *Harding v. Time Warner, Inc.*, Civ. No. 09-1212, slip op., 2009 WL 2575898 (S.D.

11 Cal. August 19, 2009), for example, the court held that allegations that defendant

12 failed to "provide uninterrupted Meal Periods," failed "to provide accurate Itemized

13 Wage Statements," and failed to "comply with California Labor Code § 203" did not

14 allege "sufficient 'non-conclusory factual content' to be plausibly suggestive of a

15 claim entitling the plaintiff to relief."  *Id.* at *3-4.  As stated in *Harding,* allegations

16 that a defendant "failed to provide" meal and rest breaks do not satisfy federal

17 pleading standards and must be dismissed.  *Id.*

18       And to make matters worse still, the legal conclusion offered throughout

19 Plaintiff's Complaint – a failure to "provide" meal and rest breaks – is of uncertain

20 meaning.  Though most courts have held that to "provide" as contemplated by the

21 statute is merely to "authorize," some have suggested that and employer must *ensure*

22 that the break is taken.  That legal question is presently pending before the California

23

24           [3] Ironically, even when reciting the legal elements of the statute, Plaintiff gets it

25 wrong.  That plaintiffs "have not been provided meal periods of not less than thirty (30) minutes <u>per five (5) hours worked</u>," is of no consequence – even were facts

26 alleged to support the conclusion.  An entitlement to be "provided" a meal period does not accrue until an employee has worked "<u>more</u> than five (5) hours."  *Compare*

27 Compl. ¶¶ 8(1), 14, 18 *with* Cal. Code of Regs. titl. 8, § 11050, Wage Order 5-2001, § 11(A); Labor Code § 512 (emph. added).

28          [4] *Ashcroft*, 129 S.Ct. at 1949-1950 (*quoting Twombly*, 550 U.S. at 555).

1   Supreme Court.[5]  So, in addition to impermissible recital of a legal conclusion, we do

2   not know <u>which legal interpretation Plaintiff intends by his pleading</u>, and therefore

3   do not know which set of potential facts might be consistent with his legal

4   conclusion, and therefore what unpled facts he means to infer by his (already

5   impermissible) legal conclusion.

### 2.     No Entitlement Alleged

7          Plaintiff also fails to allege facts from which it can be reasonably inferred, to

8   the exclusion of other plausible explanations, that Plaintiff was in fact <u>entitled</u> to

9   meal and rest breaks in the first instance.  Though Plaintiff offers the threadbare legal

10  conclusion that he was "non-exempt" (Compl. ¶ 10), and sometimes replaces that

11  conclusion with another conclusion – that he was an "hourly" employee (Compl. ¶¶

12  1, 8) – Plaintiff offers no allegations to support his legal conclusion.  [Indeed, though

13  not before the Court, Plaintiffs was in fact a shift manager, charged with "providing"

14  the very breaks he now claims were not "provided" to the putative class.]  Because

15  Plaintiff has failed to properly allege that he was entitled to the breaks he claims

16  were not "provided," each of Counts 1 through 5 fail to state a claim for this second,

17  independent reason.

### B.     <u>Apart From The Overarching Deficiencies Of Counts 1 Through 5, Count 3 Fails To Allege A "Willful" Violation Of Law</u>

20         Count 3 seeks to recover waiting time penalties under Labor Code section 203

21  for a "willful" violation to pay all wages due (specifically premium wages for a non-

22  provided meal/rest break) at the time of termination.  In addition to the deficiencies

---

23       [5] *See Brinker Rest. Corp. v. Super. Ct.*, 2008 WL 2806613 (Cal. Ct. App., July
24  22, 2008); *Brinkley v. Pub. Storage*, 2008 WL 4716800 (Cal. Ct. App., Oct. 28,
    2008).  The Appellate Court in *Brinker* held that an employer's obligation to
25  "provide" employees with a meal period means that the employer must make meal
    periods "available," not ensure they are taken, and suggested that, in all but rare
26  cases, meal and rest period claims are not appropriate for classwide adjudication
    because a failure to "provide" must be decided on a case-by-case basis."  Plaintiffs
27  contended there, and now contend to the Supreme Court, that to "provide" imposes
    an obligation on employer to "ensure" that rest breaks are taken, and that meal
28  periods are taken, absent written waivers available for shifts of certain lengths.

1  noted in the preceding sections, Count 3 fails to allege facts suggesting under the

2  pertinent standards that any failure to "provide" meal and rest breaks – a <u>legal</u> term

3  of <u>disputed meaning</u> – was "willful" as required by the statute.[6]  California Code of

4  Regulations, title 8, § 13520, provides that there is no willful failure to pay final

5  wages under Section 203 where there is a "good faith dispute" as to the existence of

6  an obligation to pay.  "[A] good faith dispute that any wages are due will preclude

7  imposition of waiting time penalties under Section 203."  This includes an

8  interpretation "based in law or fact which, if successful, would preclude any recovery

9  on the part of the employee."  *Id*.  That the contention "is ultimately unsuccessful

10  will not preclude a finding that a good faith dispute did exist."  *Id*.

11         Rather than meet this pleading challenge – particularly heightened given the

12  disputed nature of the requirement to "provide" – Plaintiff alleges only that:

13  "defendants' failure to pay wages, as alleged above was willful in the [sic]

14  defendants and each of them knew wages to be due but failed to pay them."  Compl.

15  ¶ 45.  That is nothing but an impermissible legal conclusion.  *See Ashcroft*, 127 S.Ct.

16  at 1951 (allegations that "[defendants] knew of, condoned, and willfully and

17  maliciously agreed to subject [plaintiff] to harsh conditions" were "conclusory and

18  not entitled to be assumed to be true").

19         Uniquely in this case, the impropriety of Plaintiff's legal conclusion is

20  compounded beyond that in *Ashcroft*, because the legal obligation claimed to be

21  "willfully" violated is itself disputed.  Patently, Plaintiff has failed to allege any facts

22  that even begin to establish a "willful" failure to "provide" (itself an ambiguous legal

23  conclusion).  Plaintiff's contention is the equivalent of alleging that "Defendant

24  willfully violated the law."

25         For this reason as well, Count 3 fails to state a claim.

26

27    _____

   [6] Waiting time penalties under Labor Code Section 203 are only available "[i]f an

28  employer <u>willfully</u> fails to pay . . . any wages of an employee who is discharged or
   quits."  Labor Code § 203(a).

C.      **Apart From The Overarching Deficiencies Of Counts 1 Through 5, Count 4 Fails To Allege A Violation Of Section 226 And Fails To Allege Standing To Pursue Any Violation**

Apart from failing to properly plead any failure to "provide" a meal/rest break, Plaintiff's Section 226 claim also fails to plead any legally actionable inaccuracy in his wage statement.  Rather, Plaintiff alleges that Wendy's violated section 226(a) by failing to "furnish to plaintiff accurate itemized statements indicating when, if at all, plaintiff received meal periods."  Compl. ¶ 49.  However, nothing in Section 226(a) requires that the wage statement indicate when, if at all, plaintiff received meal periods.  Simply, no violation is alleged.

Moreover even were a violation alleged, Plaintiffs fails to allege standing[7] to pursue a Section 226(a) claim.  Labor Code section 226 has two enabling provisions – 226(e) (for penalties) and 226(g) (for injunctive relief).  Plaintiff has failed to allege facts necessary to invoke either.  Section 226(e), which authorizes penalties, requires consequential injury from any failure to comply with the actual requirements of Section 226(a).[8]  Plaintiff has alleged no consequential damages from a violation of 226(a).  Likewise, to the extent that Plaintiff seeks injunctive relief under section 226(g) Plaintiff lacks standing because he has affirmatively

_____

[7] "It is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) *overruled on other grounds by Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 124 S.Ct. 2219, 159 L.Ed.2d 84 (2004) (internal quotation marks and citations omitted).  To withstand a motion to dismiss, a plaintiff "must allege facts essential to show jurisdiction.  If [he] fail[s] to make the necessary allegations, [he has] no standing."  *Id.*  Standing "cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear on the record."  *Id.*

[8] Labor Code § 226(e) ("An employee <u>suffering injury</u> as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty ($50) for the initial pay period ….) (emph. added); *Elliot v. Spherion Pac. Work*, 572 F. Supp. 2d 1169, 1180-82 (C.D. Cal. 2008) ("Even if Defendant's use of a slightly-truncated name on its wage statements may be viewed as a technical violation of 226(a)(8), <u>Plaintiff cannot recover for these violations because she did not 'suffer injury' as a result</u>"; granting summary judgment on individual 226 claim where "'[t]here is no evidence whatsoever that Plaintiff here 'suffered injury' of any sort due to Defendant's use of a slightly truncated name on the wage statement it issued to Plaintiff.") (emph. added).

1  alleged that he is a <u>former</u> employee. (Compl. ¶¶ 44, 51.) *See Walsh v. Nev. Dept. of*

2  *Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee "lacked

3  standing to sue for injunctive relief"); *Jackson v. Motel 6 Multipurpose, Inc.*, 130

4  F.3d 999, 1007 (11th Cir. 1997) (former employees cannot show a "real or

5  immediate threat that the plaintiff will be wronged again," and hence have no

6  standing to seek injunctive relief for themselves, much less a class).[9]

7                * * *

8      For all these reasons, Counts 1 through 5 fail to state a claim and should be

9  dismissed.

10  **IV.   MOTION TO STRIKE IMPROPER PRAYERS FOR RELIEF**

11      **A.   Because There Is No Private Right Of Action For Section 558**

12          **Penalties, Plaintiff's Request For Relief Thereunder Should Be**

13          **Stricken/Dismissed**

14      Counts 1 and 2, for meal and rest breaks, allege that Plaintiff is entitled to

15  recover "penalties provided for by Labor Code § 558." Compl. ¶¶ 37, 42; Prayer ¶

16  D.  However, Section 558 confers no private right of action for such penalties.

17      California's law is clear:

18          Adoption of a regulatory statute does not automatically

19          create a private right to sue for damages resulting from

20          violations of the statute. Such a private right of action

21          exists only if the language of the statute or its legislative

22          history clearly indicates the Legislature *intended* to create

23          such a right to sue for damages.. If the Legislature intends

24          to create a private cause of action, [courts] generally

25      [9] *See also Tumulty v. Fedex Ground Pkg. Sys., Inc.*, C04-1425P, 2005 WL

26  1979104, at *7 (W.D. Wash., Aug. 16, 2005) (plaintiffs who were no longer employed by defendant had no standing to seek injunctive relief in a case alleging they were denied pay for meal and rest breaks and overtime); *City of Los Angeles v.

27  Lyons*, 461 U.S. 95, 102 (1983) ("past exposure to illegal conduct" does not establish standing to seek injunctive relief "if unaccompanied by any continuing, present

28  adverse effects").

1             assume it will do so "directly, in clear, understandable,

2             unmistakable terms…."

3 *Vikco Ins. Servs., Inc.  v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62-63 (1999)

4 (citation omitted).  Consistent therewith, when the Legislature intended to create a

5 right of action in the Labor Code, it did so plainly and expressly.  *See, e.g*., Labor

6 Code §§ 203, 226(e), 226(g),  1194, 1194.2.

7            Section 558, however, creates no private right of action.  It provides in

8 relevant part:

9             If . . . the Labor Commissioner determines that a person

10             has paid or caused to be paid a wage for overtime work in

11             violation of this chapter, or any provision regulating hours

12             and days of work in any order of the Industrial Welfare

13             Commission, <u>the Labor Commissioner may issue a</u>

14             <u>citation.  The procedures for issuing, contesting, and</u>

15             <u>enforcing judgments for citations or civil penalties issued</u>

16             <u>by the Labor Commissioner for a violation of this chapter</u>

17             <u>shall be the same as those set out in Section 1197.1.</u>[10]

18 Labor Code § 558(b) (emph. added).  The penalties listed in part (a) of Section 558

19 are clearly the domain of the Labor Commissioner, not individual employees.

20 Indeed, all of Chapter 1 of Division 2, Part 2 of the Labor Code – which contains

21 Section 558 – pertains to the standard hours of work for California employees and

22 the authority of the Industrial Welfare Commission.  It nowhere provides for any

23 private causes of action.  *See generally*, Labor Code §§ 500 *et seq.*

24        Had the Legislature intended to allow for direct, private enforcement of these

25 penalties, the Legislature would have done so in similarly clear language.  It did not.

26 Accordingly, all references to Section 558 penalties should be stricken from the

27

28 [10] Labor Code Section 1197.1 lays out the procedures to be followed by the Labor Commissioner for issuing citations for minimum wage violations.

1  Complaint.

2  **B.  Because Punitive Damages Are Not Available For § 203 Violations,**
3  **Plaintiff's Request For Relief Thereunder Should Be**
4  **Stricken/Dismissed**

5  Plaintiff asserts an entitlement to punitive damages on the basis of the (already

6  inadequately pled) claim for waiting time penalties under Section 203.  Compl. ¶ 47.

7  Even if the Complaint stated a claim for waiting time penalties (and it does not),

8  punitive damages would not be recoverable under Section 203.

9  Where a right is created by statute and the statute does not expressly permit

10  punitive damages, punitive damages are not available.  *Czechowski v. Tandy Corp.*,

11  731 F. Supp. 406, 410 (N.D. Cal. 1990); *Turnbull & Turnbull v. ARA Transp., Inc.*,

12  219 Cal. App. 3d 811, 826-27 (1990).  In *Czechowski*, the Northern District

13  specifically considered whether punitive damages are available under Labor Code

14  Section 203 and concluded that they are not.  *Czechowski*, 731 F. Supp. at 410.

15  Because Section 203 provides for the award of statutory penalties when an employer

16  "willfully fails to pay" wages due upon termination, the "Legislature's provision of

17  such statutory penalties precludes an award of punitive damages. "  *Id.*

18  The punitive damages allegation should be stricken from the Complaint.

19  **C.  Because Plaintiff Is A Former Employee, His Request For**
20  **Injunctive Relief Should Be Stricken/Dismissed**

21  Finally, Plaintiff seeks injunctive relief.  *E.g.*, Compl. ¶¶ 54, 59; Prayer ¶ F.

22  Yet Plaintiff alleges that he is "no longer employed" by Defendant.  Compl. ¶ 44.  As

23  such, Plaintiff does not have standing to pursue prospective injunctive relief on

24  behalf of himself or a class.  See Section III.C., *supra*.  Accordingly, all references to

25  injunctive relief should be stricken.

26  **V.  MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS**

27  A class action is "an exception to the usual rule that litigation is conducted by

28  and on behalf of the individual named parties only." *Gen. Tel. Co. of S.W. v. Falcon*,

1   457 U.S. 147, 155 (1982) (citation omitted).  It is an exception that requires "<u>precise</u>

2   <u>pleading</u>" of Rule 23's requirements.  *Id.* at 160 (emph. added).  Absent "reasonable

3   specificity" the trial court "cannot define the class, cannot determine whether the

4   representation is adequate, and the employer does not know how to defend." *Id.* at

5   161.

6          Where, as here, the "the issues are plain enough from the pleadings to

7   determine whether the interests of the absent parties are fairly encompassed within

8   the named plaintiff's claim," the matter can and should be resolved on the pleadings.

9   *Falcon*, 457 U.S. at 160 (emph. added).  *See also Twombly*, 550 U.S. at 558 (a "basic

10  deficiency should . . . be exposed at the point of minimum expenditure of time and

11  money by the parties and the court") (citations omitted). [11]

12       **A.**     **Because The Class Definitions Are Improper, The Class**

13               **Allegations Should Be Stricken**

14          Subclass "a" is defined as "[a]ll persons who . . . have not been <u>provided</u> a rest

15  period . . . .").  Compl. ¶ 23 (emph. added).  Subclass "b" is defined as "[a]ll persons

16  who . . . have not been <u>provided</u> a meal period . . . ." *Id.* (emph. added).  Subclass

17  "c" is derivative of subclasses "a" and "b", and membership in it also directly turns

18  _____

19  [11] *See also Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004)
    (where "the issues are plain enough from the pleadings to determine whether the
20  interests of the absent parties are fairly encompassed within the named plaintiff's
    claims," class allegations should be disposed of by pleading challenge and without
21  need to wait for a motion for class certification; *quoting Falcon*, 457 U.S. at 160 and
    granting motion to strike class allegations); *Glewwe v. Eastman Kodak Co.*, No. 05-
22  CV-6462T, 2006 WL 1455476, at *2-4 (W.D.N.Y. May 25, 2006) (granting motion
    to dismiss state wage law class claims before certification motion; "courts may
23  decide the issue of certification based on a review of the complaint prior to a party's
    motion to certify the proposed class"); *Lumpkin v. E.I. Du Pont de Nemours & Co.*,
24  161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (granting motion to strike class allegations
    prior to certification motion); *Bessett v. Avco Fin. Serv., Inc.*, 279 B.R. 442, 450
25  (D.R.I. 2002) (court may properly dismiss/strike class allegations prior to class
    certification where plaintiff fails "to properly allege facts sufficient to make out a
26  class" under Rule 23 and reviewing motion to strike class allegations under Rule
    12(b)(6) standards); *Stewart v. Winter*, 669 F.2d 328, 331-32 (5th Cir. 1982) (district
27  court may dismiss class allegations prior to any extensive class-related discovery
    taking place); *Mauro v. Gen. Motors Corp.*, Civ. No. S-07-892, 2008 WL 2775004,
28  at *5 (E.D. Cal., July 15, 2008) (dismissing certain class allegations because the
    "substantive allegations are deficient and/or the class is too broad").

1  on whether the person was "provided" a meal or rest break.  *Id*.[12]

2       Defining the class is of critical importance because it

3       identifies the persons (1) entitled to relief, (2) bound by a

4       final judgment, and (3) entitled under Rule 23(c)(2) to the

5       "best notice practicable" in a Rule 23(b)(3) action.  The

6       definition must be precise, objective, and presently

7       ascertainable.

8  Manual for Complex Litig., Fourth § 21.222.  Each of Plaintiff's class definitions fail

9  this test.  They are not ascertainable (they are both vague and rely on a finding on the

10  merits) and are overbroad.  Accordingly, the class allegations should be stricken.

11      **1.**    **The Class Definitions Turn On A Legally Ambiguous Phrase**

12         **– "To Provide"**

13      As discussed above, the California Supreme Court recently granted review of

14  two appellate court decisions that interpreted the meaning of the word "provide" in

15  the context of Labor Code and Wage Order meal and rest break requirements.[13]  Yet

16  each of Plaintiff's proposed sub-classes articulate membership in the class based on

17  whether – in fact – the employer "<u>provided</u>" a meal or rest break.  As such, one

18  cannot determine who was not "provided" meal and rest breaks until that legal

19  standard is resolved (or Plaintiffs' usage of the term clarified).

20      **2.**    **Ascertainment Of Each Class Requires Determinations On**

21         **The Merits**

22      Further, regardless of the definition of "provide" that is ultimately adopted by

23  the Supreme Court, Plaintiff defines membership in its classes by reference to the

24  <u>merits</u> of the claim – whether the employer "provided" the meal and rest breaks.  It is

25  well-established (as set forth in footnote 14, below), and axiomatic, that a class

26     [12] Sub-class "c" includes "[a]ll persons who . . . failed to timely receive all wages owed upon termination . . . ."  However, the only wages purportedly owed, are those

27  wages due because of Wendy's alleged "failure to provide" meal and rest breaks.  *See* Compl. ¶¶ 20, 43-46.

28     [13] *See* footnote 4, *supra*.

1  definition that requires the court to reach the merits of the claim in order to

2  determine who belongs to the class is wholly unworkable and impermissible,

3  because it places the cart (a finding on the merits) before the horse (ascertaining who

4  is a party to the action).[14]

5         For this reason too, the class allegations should be stricken.

6              **3.    Each of These Classes Is Overbroad**

7         The Supreme Court has held that imprecision in class pleadings poses

8  potential unfairness to class members, particularly where the pleading's "framing of

9  the class is <u>overbroad</u>."  *Falcon*, 457 U.S. at 161 (emph. added).  An overbroad class

10  definition ropes in (to the litigation and any settlement of it) persons with no stake in

11  the underlying claims.

12         Plaintiff's class definitions are overbroad because they include persons who

13  have no claim in this action.  This occurs in two ways.  First, although Plaintiff

14  alleges that Wendy's failed to timely pay wages due at <u>termination</u> pursuant to Labor

15  Code Section 203 (Compl. ¶ 20, 43-46), all three of the proposed subclasses include

16  <u>current</u> employees who cannot have a claim under this statute.  Compl. ¶ 23.

17         Second, each class is defined to include persons employed by Wendy's in the

18  past "four (4) years."  *Id.*  However, with the exception of their Section 203 claim,

19  Plaintiff's claim for Labor Code penalties – such as Labor Code section 226, the

20  claim apparently pursued by sub-class "c'" – is subject to a <u>1-year</u> limitations period.

21  Cal. Civ. Proc Code § 340.  Similarly, Plaintiff's Section 203 claim, along with his

22  meal/rest wage claims, are subject to a <u>3-year</u> limitations period.[15]  As such, these

23  ───────────────
        [14] *See, e.g., Mad Rhino, Inc. et al. v. Best Buy Co., Inc.*, Case No. 2:03-cv-05604-
24  GPS, 2008 U.S. Dist. Lexis 8619, at *11 (C.D. Cal., Jan. 14, 2008) ("Rule 23
   requires that a class be 'presently ascertainable' and cannot be defined such that it is
25  only determinable at the conclusion of all proceedings."); *Situ v. Leavitt*, 240 F.R.D.
   551, 558 (N.D. Cal. 2007) (holding class definition "improper because it would be
26  impossible to determine whether [an individual] was a member of the class without
   reaching the merits of Plaintiffs' claims"); *In re Paxil Lit.*, 212 F.R.D. 539, 545-46
27  (C.D. Cal. 2003) (denying certification where class was defined "in a manner making
   the actual composition only determinable at the conclusion of all proceedings").

28         [15] Section 203 states that a claim made thereunder borrows the statute of
   limitations of the underlying Labor Code wage claim.  Labor Code wage claims,

1   classes, defined to go back four years, are overbroad for this reason as well.

2          Because these class definitions rope in  (to this litigation and any compromise

3   of it) persons with no stake in the underlying claim, they are impermissibly

4   overbroad and should be stricken.  *Falcon*, 457 U.S. at 161.

5          **B.      Because The Complaint Does Not Allege A Class that Plausibly**

6                    **Satisfies the  Remaining Requirements of Rule 23(a), The Class**

7                    **Allegations Should Be Stricken**

8          A plaintiff seeking to pursue a class action must satisfy each of each of the

9   four requirements of Rule 23(a), and at least one of the requirements of Rule 23(b).

10  *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir. 2001).

11         Even assuming the truth of Plaintiff's class allegations, the Complaint does not

12  plausibly allege a class that satisfies Rule 23(a) or 23(b) under applicable standards,

13  let alone <u>both</u>.  In this regard, the trial court must conduct a "rigorous analysis" to

14  determine whether Rule 23 is satisfied.  *Falcon*, 457 U.S. at 161.[16]

15                 **1.      Rule 23(a) Commonality Is Not Properly Pled – Whether the**

16                          **Law is "Violated" Is Not A Permissible Common Fact/Issue**

17         Rule 23(a)'s requirements of numerosity, commonality, typicality, and

18  adequacy of representation "serve as guideposts for determining whether under the

19  particular circumstances maintenance of a class action is economical and whether the

20  named plaintiff's claim and the class claims are so interrelated that the interests of the

21  class members will be fairly and adequately protected in their absence."  *Falcon*, 457

22  U.S. at 157 n.13.  Rule 23(a) commonality requires, at a minimum, that all members

23  of the proposed class share at least one common issue of law or fact.

24  _____
    (continued…)

25  such as claims for non-"provision" of meal and rest breaks, are subject to a three-

26  year limitations period.  Cal. Civ. Proc Code § 338(a).  *See also Murphy v. Kenneth
    Cole Prods., Inc*., 40 Cal. 4th 1094,  1099, 1114 (2007) (Labor Code section 226.7

27  claims subject to Section 338's three-year statute of limitations).

28  [16] As discussed above, the pleadings standards set forth in *Twombly* and *Ashcroft*
    govern this motion to strike.  *See e.g.*, footnote 1, *supra*.

1    Yet here, with respect to each claim, Plaintiff alleges only that the question of

2  law or fact common to all members is whether Defendant "<u>violated</u>" the statute

3  referenced in that claim.  For example, Plaintiff alleges that "common questions of

4  law and fact include:"

5         "[w]hether defendant <u>violated</u> Labor Code §§ 226.7 and

6         512, the applicable IWC Wage Orders, by failing to

7         provide daily rest periods . . . ."; and

8         "[w]hether defendant <u>violated</u> §§ 201-203 of the Labor

9         Code by failing to pay compensation for denied

10        compensation due and owing at the time that any Class

11        member's employment with defendants terminated or

12        ended."

13 Compl. ¶¶ 28(1), (3) (emph. added).

14    In short, Plaintiff alleges that the "common" questions at issue are whether a

15 judgment should be entered against the Defendant on each claim.  Were this all that

16 is required to satisfy Rule 8 and Rule 23(b)(3), <u>every</u> action could be maintained as a

17 class action because every action involves the defendant's alleged liability on a

18 particular claim.  Patently, Plaintiff has not alleged satisfaction of Rule 23(a)'s

19 commonality requirement.

20         **2.    Rule 23(a) Typicality and Adequacy Are Not Properly Pled**

21    FRCP Rule 23(a) requires that "the claims or defenses of the representative

22 parties are typical of the claims or defenses of the class," and that "the representative

23 parties will fairly and adequately protect the interests of the class."  To satisfy the

24 typicality requirement, the class representative must "possess the same interest and

25 suffer the same injury as the class members."  *Falcon*, 457 U.S. at 156 (citation and

26 quotation marks omitted).  Further, to meet the adequacy requirement, "the named

27 representatives…must not have...conflicting interests with the unnamed members of

28 the class." *Lerwill v. Inflight Motion Pictures Inc*., 582 F.2d 507, 512 (9th Cir. 1978).

1    Here, Plaintiff alleges only that he "worked" at a <u>single</u> location (Beaumont).

2  Compl. ¶ 10.  Having alleged that he is a former employee who lacks standing to

3  seek the injunctive relief sought by the pleading on behalf of a putative class,[17]

4  Plaintiff fails to allege the length of his employment, let alone that it is of sufficient

5  length to permit him to adequately represent a class spanning four-years of meal and

6  rest breaks practices, across the entire State of California.  He also fails to allege that

7  he is even eligible to be "provided" meal and rest breaks, and that he is not a shift

8  manager actually charged with giving the breaks at the one store at which he worked

9  such that he would have a direct conflict of interest with the class he now seeks to

10  represent.[18]  [In fact, Plaintiff Lewis <u>was</u> a shift manager, and <u>was</u> charged with

11  providing the very breaks he claims were not provided, and in fact has a <u>direct</u>

12  conflict with the putative class.]  Put simply, Plaintiff offers <u>nothing</u> to support his

13  threadbare recital of Rule 23's requirement that he be an "adequate" class

14  representative.  Compl. ¶ 30.  In total, Plaintiffs alleges <u>only</u> that he worked at a

15  single location for a moment or more.  A more barebones pleading cannot be

16  imagined.  To conclude that this pleads an adequate representative is to conclude that

17  <u>any</u> allegation establishes adequacy.  Patently, Plaintiff has failed to plead that he is

18  adequate representative for these classes on this claims.

[17] *Compare Lanzarone v. Guardsmark Holdings, Inc.*, Civ. No. 06-1136 RPLAX, 2006 WL 4393465, at *3 (C.D. Cal. 2006) (holding that "certification cannot be granted under Rule 23(b)(2) because Plaintiff, a former employee, lacks standing to pursue injunctive relief"); *Mueller v. CBS, Inc.* 200 F.R.D. 227, 241 (W.D. Pa. 2001) (denying certification; declining to modify class to include current employees where all named plaintiffs were former employees and thus could not satisfy typicality; "class representative unable to seek injunctive relief would presumably have no incentive to represent vigorously class members who could assert such claims."); *Brown v. County of Cook*, 549 F. Supp. 2d 1026, 1031-32 (N.D Ill. 2008) (holding former employee lacked Article III standing to seek injunctive relief on behalf of class).

[18] *See, e.g., Wagner v. Taylor*, 836 F.2d 578, 595 (D.C. Cir. 1987) (observing that "supervisory employees are often inappropriate representatives of nonsupervisory employees because the structure of the workplace tends to cultivate distinctly different interests between the two groups" and affirming denial of class certification); *Hines v. Widnall*, 334 F.3d 1253, 1258 (11th Cir. 2003) (affirming denial of certification for lack of typicality where the interests of non-supervisors and supervisors were "not co-extensive").

* * *

Because Plaintiff has not pled satisfaction of all elements of Rule 23(a), his class allegations should be stricken for this additional reason as well.

**C.      Because The Complaint Does Not Allege A Class That Plausibly Satisfies the Requirements of Rule 23(b), The Class Allegations Should Be Stricken**

**1.      As Former Employee, Plaintiff Cannot Rely On Rule 23(b)(2)[19]**

A class may be certified under Rule 23(b)(2) only where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  The Supreme Court has suggested that class actions seeking monetary damages *cannot* be certified under Rule 23(b)(1) or (2).  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845-46 (1999); *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994) (there is "at least a substantial possibility" that actions seeking monetary damages are only certifiable under Rule 23(b)(3)).  While the Ninth Circuit has not adopted a *per se* rule prohibiting Rule 23(b)(2) certification when plaintiffs seek monetary damages, class certification under Rule 23(b)(2) is improper here.

Certification under Rule 23(b)(2) is appropriate <u>only</u> where the primary goal is declaratory or injunctive relief; it is inappropriate when the plaintiff's "essential goal" in the litigation is to obtain monetary damages.  *Molski v. Gleich*, 318 F.3d 937, 947,

---

[19] In the unlikely event that Plaintiff were to seek certification under Rule 23(b)(1), that bid would fail (even assuming Rule 23(a) were satisfied).  The Ninth Circuit has adopted "an extremely conservative view" of this Rule, and will grant certification only when "rulings in separate actions would subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment." *Mateo v. M/S Kiso*, 805 F.Supp. 761, 772 (N.D. Cal. 1991); *see also Zinser*, 253 F.3d at 1194-95. Here, there is no risk of inconsistent judgments with which Defendant could not simultaneously comply.  Plaintiff's damage claim raises "no possibility of judgments posing inconsistent standards." *Mateo*, 805 F. Supp. at 772.  Similarly, Plaintiff's claim for injunctive relief fails in the first instance because, as discussed above, Plaintiff lacks standing to pursue such relief.

950 (9th Cir. 2003) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860 (9th Cir. 2001)); *see also Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 611 (W.D. Wash. 2001) (denying class certification where "the bottom line is money").[20]

Given that Plaintiff is a former employee, "an injunction as to [Defendants' alleged] behavior to current employees cannot be Plaintiffs' primary concern. Rather, a damages award is their main interest." *Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 250 (C.D. Cal. 2006). Indeed, "courts routinely deny class certification under Rule 23(b)(2) where the named plaintiff is a former employee and therefore will not benefit from the requested injunctive relief." *Kurihara v. Best Buy Co., Inc.*, No. C 06-01884, 2007 WL 2501698, at *8 (N.D. Cal. Aug. 30, 2007); *Elkins v. Am. Showa Inc.*, 219 F.R.D. 414, 427 (S.D. Ohio 2002) ("The fact that the class includes former employees and the majority of the named plaintiffs are themselves former employees who cannot obtain a remedy in the form of injunctive relief indicates that plaintiffs' claims are primarily for monetary damages.")

In addition, the claims set forth in Plaintiff's pleading demonstrates that Plaintiff's request for monetary relief predominates over his request for injunctive relief. Plaintiff seeks compensation on behalf of the class for alleged missed meal and rest breaks, monetary penalties for alleged inaccurate wage statements, and waiting time penalties for failure to timely pay wages upon termination. This too precludes Rule 23(b)(2) certification.[21]

---

[20] Further, to the extent that Rule 23(b)(2) permits damages at all, it allows only "incidental" damages where both the entitlement to, and the amount of, damages flow automatically from liability to each class member and do not require separate hearings. *Molski*, 318 F.3d at 949.

[21] *See Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 729 (9th Cir. 2007) ("based on type of relief requested by [plaintiff] in his Second Amended Complaint, [plaintiff] was seeking primarily monetary damages, which defeats class certification under Rule 23(b)(2)."); *see also Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 239 (C.D. Cal. 2007) (rejecting Rule 23(b)(2) certification where request for an order enjoining defendant from providing improper compensation was actually a request for monetary relief); *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 228-229 (S.D.N.Y. 2003) (rejecting Rule 23(b)(2) certification of class making "state statutory wage claims", noting that "these claims seek money damages for the most part").

1    For each of these reasons, Plaintiff has failed to plead satisfaction of the

2 requirements of Rule 23(b)(2).

3              **2.      Rule 23(b)(3) Predominance Is Not Properly Pled**

4    To certify a class under Rule 23(b)(3), the plaintiff must allege that "the

5 questions of law or fact common to the members of the class predominate over any

6 questions affecting only individual members, and that a class action is superior to

7 other available methods for the fair and efficient adjudication of the controversy."

8 Fed. R. Civ. P. 23(b)(3). The Complaint's class allegations, on their face, do not

9 satisfy either requirement.

10    Rule 23(b)(3)'s commonality requirement is "far more demanding" and "much

11 stricter than Rule 23(a)'s commonality and typicality requirements." *Amchem*

12 *Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (first quote); *Morgan v. Markerdowne*

13 *Corp.*, 201 F.R.D. 341, 346 (D. N.J. 2001) (second quote).  "If the main issues in a

14 case require the separate adjudication of each class member's individual claim or

15 defense, a Rule 23(b)(3) action would be inappropriate...." *Zinser*, 253 F.3d at 1193.

16    As discussed in connection with Rule 23(a), Plaintiff has not <u>begun</u> to plead

17 that common issue of fact/law exist, let alone that they predominate.  Whether a

18 judgment should be entered against the Defendant on each claim is not a "common"

19 issue of law or fact.

20    Moreover, though the question of what it means to "provide" a meal or rest

21 break is presently pending before the California Supreme Court, overwhelming

22 authority holds that such questions are highly fact-specific, highly individualized,

23 and <u>not amenable to class treatment</u>.  These include:

24    ●   *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 584, 586 (C.D. Cal.

25         2008) (determination whether the defendant made meal periods available

26         requires "substantial individualized fact findings"; individual questions

27         predominate in claim that employer failed to provide 30-minute meal

28         periods);

- *Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 533-34 (S.D. Cal. 2008) ("This interpretation of the [meal break] statute forecloses class-wide adjudication of claims in this case"; liability could not be "established without individual trials for each class member to determine why each class member did not clock out [for meal or rest breaks] on any particular day.");

- *Watson-Smith v. Spherion Pac. Workforce, LLC*, 2008 WL 5221084, at *3 (N.D. Cal., Dec. 12, 2008) (holding class definition overbroad where "[t]hey cover all employees who did not take a meal break, regardless of the reason," and denying motion to amend class definition as "futile");

- *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 646-47 (N.D. Cal. 2008) ("whether defendants failed to provide a class member with a meal break on a particular day is an individualized question that can only be resolved with individual trials");

- *Lanzarone*, 2006 WL 4393465, at *1, *6 (meal and rest period claims inherently present individualized questions).[22]

Patently, Plaintiff has not pled satisfaction of Rule 23 (b)(3).

### 3.    Rule 23(b)(3) Superiority Is Not Properly Pled

For the same reason, Plaintiff has not pled that conducting a statewide class action is the superior method to resolve this dispute.  The Ninth Circuit has

---

[22] We note that the legal standard that has led these courts to conclude that such claims are not amenable to class certification, also has been adopted by California's Department of Labor Standards Enforcement ("DLSE").  *See* DLSE Memo dated Oct. 23, 2008 re Court Rulings on Meal Periods.  Indeed, this is the same standard articulated by the California Supreme Court in its most recent pronouncement on this topic, found in *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007). There, in describing the meal period provisions of Labor Code Section 226.7 and the IWC Wage Orders, a unanimous court explained that "employees are entitled to an unpaid 30-minute, duty free meal period after working for five hours .... An employee forced to forgo his or her meal period ... loses a benefit to which the law entitles him or her."  *Id.* at 1104.  "Indeed, in characterizing violations of California meal period obligations in *Murphy*, the California Supreme Court repeatedly described it as an obligation not to force employees to work through breaks." *Brown*, 249 F.R.D. at 585 (quoting *Murphy*, 40 Cal. 4th at 1102, 1104).

1   recognized that when the complexities of class action treatment outweigh the

2   benefits of considering common issues in one trial, class action treatment is not the

3   "superior" method of adjudication. *Zinser*, 253 F.3d at 1192.  In particular, "if each

4   class member has to litigate numerous and substantial separate issues to establish his

5   or her right to recover individually, a class action is not 'superior.'" *Id.*

6          As shown above, establishing liability will require individual evidence as to

7   each class member concerning liability resulting in hundreds, if not thousands, of

8   mini trials.  Class treatment is not a superior means of adjudicating this controversy.

9   As the *Brown* court found:

10               [B]ecause class treatment would nonetheless require

11               individual class members to establish the reason for their

12               missed breaks, class members would face many of the

13               same difficulties in motivation and expenditure of

14               resources that they would encounter in separate actions.

15               In addition to this, they would face the inevitable delay

16               imposed by waiting for the resolution of thousands of

17               individual factual claims in the class action.

18   *Brown*, 249 F.R.D. at 587-88.

19          Because Plaintiff has failed to properly allege that individual issues do not

20   predominate – and all authority and the nature of the claims show otherwise – class

21   treatment is not alleged to be superior means under the pertinent pleading standards.

22                                         * * *

23          Because Plaintiff has not pled satisfaction of Rule 23(b), his class allegations

24   should be stricken for this additional reason as well.

25

26

27   ///

28   ///

LAI-3054841v1                                23                        MEMO ISO DEF.'S MOTION TO
                                                                          DISMISS/STRIKE

1  **VI.   <u>CONCLUSION</u>**

2          For the foregoing reasons, Wendy's respectfully requests that Plaintiff's

3  Complaint be dismissed in its entirety for its failure to state a claim, and that the

4  Court strike the improper prayers for relief and the class allegations in their entirety.

5  Dated:  October 9, 2009                    JONES DAY

6

7                                             By:   /s/ Mark D. Kemple
                                                    Mark D. Kemple
8
                                             Attorneys for Defendant
9                                            WENDY'S INTERNATIONAL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28