Mark D. Kemple (Bar No. 145219)
Ruth M. Holt (Bar No. 223152)
mkemple@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539

Stanley Weiner (admitted pro hac vice)
sweiner@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 597-0212

Attorneys for Defendant
Wendy's International, Inc.

Douglas Silverstein (Bar No. 181957)
Michael Jacob (Bar No. 229939)
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

Attorneys for Plaintiff Elliott Lewis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELLIOTT LEWIS, an individual, on behalf of himself, and all others similarly situated,

         Plaintiff,

    v.

WENDY'S INTERNATIONAL, INC., a Corporation; and DOES 1-20, inclusive,

         Defendant.

Case No. 09-CV-7193 MMM (JCx)

Assigned for all purposes to
Honorable Margaret M. Morrow

**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND LOCAL RULE 26-1**

Date:    December 21, 2009
Time:    10:00 a.m.
Place:   Roybal - Courtroom 780

LAI-3077057v3

Pursuant to Rule 26(f), Local Rule 26-1 and this Court's Order dated November 5, 2009, the Parties, by and through their undersigned attorneys, file this Joint Report addressing discovery and other pretrial issues.

## I.     REPORT OF THE PARTIES CONFERENCE PURSUANT TO Fed.R.Civ.P. 26(f)(1)

### A.     Counts and Responses

**Plaintiff's Counts**.  Plaintiff, Elliott Lewis, seeks to pursue a class action against Defendant on behalf of all persons employed by Defendant in Defendant's California stores as non-exempt employees at any time during the four years prior to commencement of the lawsuit who (1) "have not been provided a rest period for every four (4) hours or major fraction thereof worked per day when his or her shift exceeded three and one half hours (3 ½ hours)" and was not provided compensation of one (1) hours pay for each day on which such rest period was not provided, (2) "have not been provided a meal period for every five (5) [hours]," and was not provided compensation of one (1) hours pay for each day on which such meal period was not provided, and/or (3) "failed to timely receive all wages owed upon termination or the separation of employment."

The Complaint avers that Defendant violated Labor Code section 226.7 by failing to provide meal and rest period as required by law and therefore owes premium wages for non-provided meal (Count 1) and rest breaks (Count 2), willfully failed to timely pay at termination or separation premium wages due as a result of a failure to provide meal or rest periods discussed above and therefore owes waiting time penalties pursuant to Labor Code section 203 (Count 3), failed to list all hours worked or indicate when meal periods were taken at each location and thereby failed to comply with Labor Code 226 for which Plaintiff claims to be entitled to penalties and injunctive relief (Count 4), for injunctive relief concerning the foregoing pursuant to California's Unfair Business Practices Act, California Business & Professions Code sections 17200, et seq.

1    **Defendant's Responses.**  Defendant's Answer is not yet due and, as briefed in

2    Defendant's Motion to Dismiss and Strike, Defendant contends that none of

3    Plaintiff's Counts states a claim for relief.  (Docket Entry # 7 and 11.)  Defendant

4    also contends that no putative class has been properly alleged.  (*Id.*)  As such, it is

5    difficult to formulate defenses to claims that have yet to be stated.  Speaking

6    generally:

7    Counts 1 & 2 as individual claims.  Defendant contends that the legal

8    obligation to "provide" a meal or rest break is easily satisfied, and satisfied here

9    (Counts 1 and 2).  *See Perez v. Safety-Kleen Sys., Inc*., 253 F.R.D. 508, 515 (N.D.

10   Cal. 2008) (granting summary judgment in favor of employer; "It is undisputed that

11   Safety-Kleen never scheduled any meal breaks for plaintiffs, and that Safety-Kleen

12   never informed plaintiffs of their meal break rights except to place the IWC's Wage

13   Order posters in the branch offices, and to state in the employee handbook that

14   '[y]our manager is responsible for providing you the local procedures regarding

15   break, subject to state and local laws and regulations.'"; "Plaintiffs cite no authority,

16   however, for the proposition that an employer is required to schedule meal breaks

17   for its employees or to inform employees of meal break rights other than to post

18   Wage Order posters.").  As such, there was no failure to provide meal or rest breaks

19   here.  Further, to the extent any employee took a short break, the employee chose to

20   do so on his or her own and/or the violation was *de minimis* and, therefore, not

21   actionable.

22   Counts 1 & 2 cannot be pursued as a putative class action.  In all events, and

23   even were the classes properly defined, the substantive violations of law pursued in

24   Counts 1 and 2 are not amenable to class treatment.  As many courts have held, the

25   findings necessary to show that a meal or rest break was dissuaded despite the Wage

26   Order postings and additional authorizations for meal and rest periods, is highly

27   individualized and fact-specific, and is not amenable to class treatment.  Further, as

28

LAI-3077057v3

1    a former manager, who supervised meal and rest breaks until his departure from

2    Wendy's, Plaintiff has a direct conflict with the class he seeks to represent.

3        Count 3 as an individual claim. Concerning Plaintiff's section 203 waiting

4    time penalties count (Count 3), it fails for all the reasons stated above concerning the

5    underlying section 226.7 counts.  Moreover, even were there a failure to provide a

6    meal or rest break, there was at least a good faith dispute concerning whether

7    Wendy's was in compliance with the law, even if individual breaks were not

8    separately re-authorized.  A good faith dispute precludes a finding of "willfulness"

9    which thereby precludes an award of section 203 waiting time penalties.  California

10   Code of Regulations, title 8, § 13520.  A good faith dispute exists under section 203

11   where "at the time the state of the law in that regard was not clear."  *Barnhill v.*

12   *Robert Saunders & Co.*, 125 Cal. App. 3d 1, 8-9 (1981).  Patently, Wendy's

13   complied with *at least* one interpretation of the law.  *See Perez*, *supra*.

14       Count 3 cannot be pursued as a putative class action.  In addition to all the

15   reasons discussed above concerning why the underlying meal and rest break counts

16   (Counts 1 and 2) cannot be pursued on a class wide basis, the section 203 count also

17   fails as a class action because questions of "willful" misconduct are highly

18   individualized and fact specific.

19       Count 4 as an individual claim.  Concerning Plaintiff's section 226 inaccurate

20   wage statement count (Count 4), it also fails for all the reasons stated above

21   concerning the underlying section 226.7 counts (Count 1 and 2).  And like Count 3,

22   it also fails because Plaintiff cannot establish that any failure to pay a premium wage

23   for a non-provided meal or rest breaks was "knowing and intentional," as required

24   by the statute, given the ambiguity in the legal obligation.  It also fails because

25   section 226 does not require that the provision of meal periods be shown on a wage

26   statement, as Plaintiff avers.  It also fails because standing to pursue such a claim

27   requires individual consequential injury from the inaccuracy in the wage statement

28   which Plaintiff has not and cannot claim.  Labor Code § 226(e); *Elliot v. Spherion*

LAI-3077057v3

3

**RULE 26 REPORT**

*Pac. Work*, 572 F. Supp. 2d 1169, 1180-82 (C.D. Cal. 2008).  It also fails because injunctive relief for any violation of section 226(g) is not available to former employees such as Plaintiff. *Walsh v. Nev. Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006).

Count 4 cannot be pursued as a putative class action.  In addition to all the reasons discussed above concerning why the underlying meal and rest break counts (Counts 1 and 2) cannot be pursued on a class wide basis, the section 226 count also fails as a class action because questions of "knowing and intentional" misconduct are highly individualized and fact specific, and the showings necessary to establish the requisite consequential injury necessary to have standing to pursue a pecuniary recovery also are highly individualized and fact specific.

Count 5 as an individual claim and as a putative class action.  Concerning Plaintiff's section 17200 count, which cribs off all the foregoing counts, it fails as both an individual claim, and cannot be pursued as a putative class action, for all the reasons set forth above.  Wendy's further notes that section 203 waiting time penalties (Count 3) cannot be recovered through section 17200 in any event, as section 17200 permits only a restitutionary recovery, and not the recovery of penalties.  *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, at *5 (N.D. Cal. Aug. 29, 2007).

**B.    Changes In Timing, Form or Requirements Under Fed.R.Civ.P. Rule 26(f)(3)(A)**

The Parties believe that certain information may be subject to an appropriate protective order, which is attached hereto as Exhibit A.  The Parties will complete the required initial disclosures by December 21, 2009.

Pursuant to Rule 26(f), Plaintiff believes that the disclosures under Rule 26(a) should include the names, addresses, and telephone numbers for the class members – who are potential witnesses.  This information is needed to make a

LAI-3077057v3

4

**RULE 26 REPORT**

1   proper motion under Rule 23 in this case.  Plaintiff is willing to enter into a Court

2   approved protective order regarding the class member contact information.

3       Payroll records and time records should be addressed in the 26(a) disclosures

4   and arranged without formal discovery.  Most importantly, all payroll and time

5   records, data and information, particularly electronic information, needs to be

6   disclosed to the parties to make sure that the process is understood and that months

7   are not wasted trying to obtain information on the format and nature of the payroll

8   information.   The first area of discovery should be the turnover of the payroll and

9   time keeping data and how it is best made useful without undue delay.  This should

10  be conducted immediately to determine what issues exist or are likely to arise.

11      Defendant's respond to Plaintiff's statements above, purporting to redefine

12  Defendant's Rule 26 disclosure obligation, as follows and notes that the first time

13  that Plaintiff suggested a change to Defendant's Rule 26 disclosure obligations was

14  by email to Defendant's counsel sent one day before this report as due, Sunday,

15  December 13, 2009.  First, the contact information of all putative class member

16  simply does not fall within Defendant's Rule 26 disclosure obligation.  Second,

17  Plaintiff has not propounded discovery in this regard (or in any regard).  Third, if

18  and when he does, his discovery request will be addressed in turn,[1] and well-settled

19  law places an exacting burden[2] on a plaintiff seeking to obtain such private

20  

21  _____

[1] Defendant notes that an employer has an affirmative obligation to resist
disclosure of its current and former employees' private information.  *See Board of
Trustees v. Superior Court*, 119 Cal. App. 3d 516, 525-26 (1981) ("the custodian [of
private information] has the right, in fact the duty, to resist attempts at unauthorized
disclosure."); *Willis v. Superior Court*, 112 Cal. App. 3d 277, 296 (1980) ("it is incumbent
upon the litigant-holder of information to assert the right on behalf of the nonparty who
has a protectible right of privacy."); *Nakagawa v. Regents of University of California*,
2008 WL 1808902 (N.D. Cal. 2008) ("federal courts recognize a person's interest in
preserving the confidentiality of sensitive information contained in his personnel file.'").

[2] Under California law, discovery within the realm of the right to privacy "cannot
be justified solely on the ground that it may lead to relevant information." *Britt v. Superior
Court*, 20 Cal. 3d 844, 856 (1978). "Even when discovery of private information is found
directly relevant to the issues of ongoing litigation, it will not be automatically allowed;
there must then be a 'careful balancing' of the 'compelling public need' for discovery
against the 'fundamental right of privacy'." *Lantz v. Superior Court*, 28 Cal. App. 4th
1839, 1854 (1994) (citations omitted).  Federal law is in accord.  *See e.g., Cook v. Yellow
Freight Sys., Inc.*, 132 F.R.D. 548, 550-51 (E.D. Cal. 1990) (balancing targeted
individual's right of privacy against public's need for discovery in employment

22  

23  

24  

25  

26  

27  

28  

LAI-3077057v3

**RULE 26 REPORT**

1   information of third parties prior to certification of a class embracing them.[3]  And

2   here, Plaintiff's suggestion that he is entitled to the contact information of myriad

3   third parties (made without either a request or a showing) is particularly suspect

4   given the nature of his claims.  Plaintiff purports to pursue his class claims based on

5   an alleged "consistent policy" of failing to provide meal and rest breaks.  FAC ¶ 18.

6          Moreover, even upon a proper request and showing consistent with a

7   particular claim (Plaintiff has not attempted either), Courts strongly disfavor

8   compelling the production of putative class members' contact information prior to

9   class certification because it results in "court-initiated notice to potential clients

10  which would be inappropriate."  *Krzesniak v. Cendant Corp.*, 2007 WL 756905, *1

11  (N.D. Cal. 2007).  *See also In re Air Disaster Near Honolulu Hawaii*, 792 F. Supp.

12  1541, 1551 (N.D. Cal. 1990) ("court-initiated notice to potential claimants may

13  represent an extraordinary and untoward expansion of federal judicial power,

14  inconsistent with fundamental constitutional principles. Because of this concern,

15  the [court] is not inclined to initiate notice to potential claimants except where the

16  Supreme Court or the Ninth Circuit has expressly authorized such notice and it is

17  _____

    (continued…)

18  discrimination case; "[T]he initiation of a lawsuit, does not, by itself, grant plaintiffs the
19  right to rummage unnecessarily and unchecked through the private affairs of anyone they
    choose. A balance must be struck.") (overruled on other grounds).

20          [3] *See Krzesniak v. Cendant Corp.*, 2007 WL 756905, *1 (N.D. Cal. 2007) (denying
    a request for putative class members' contact information in a wage and hour case on the
21  grounds that Plaintiff had adequate information to move for class certification); *Palmer v.
    Stassinos*, 2005 WL 3868003, *4 (N.D. Cal. 2005) (refusing to force disclosure of
22  putative class members' contact information on the ground that plaintiffs' motion for class
    certification did not depend on the putative class members' identities); *Mantolete v.
    Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985) ("[T]he Plaintiff bears the burden of
23  advancing a prima facie showing that… the discovery is likely to produce substantiation
    of the class allegations."); *Kamm v. California City Development Co.*, 509 F.2d 205, 210
24  (9th Cir. 1975) ("In determining whether to grant discovery the court must consider its
    need, the time required, and the probability of discovery resolving any factual issue
    necessary for the determination." ); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)
25  (it is imperative that pre-certification discovery be limited to evidence that is "necessary
    or helpful" to the certification decision); *Stephens v. Erosion Containment Mgmt., Inc.*,
26  2008 WL 2157095, *1 (M.D. Fla. 2008) (finding that putative claimant contact
    information of alleged similarly situated individuals should not be produced reasoning
27  that this type of discovery is suitable only after conditional certification is made);
    *Crawford v. Dotham City Bd. Of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003)(denying a
    motion to seek leave to conduct discovery of putative claimants' contact information prior
28  to an order conditionally granting class certification).

demonstrably necessary.").[4]  In short, Defendant will respond to Plaintiff's discovery request if and when made.

      C.    **Discovery Topics and Schedule / Trial and Related Deadlines (Fed. R. Civ. P. Rule 26(f)(3)(B); Court's November 5 Order))**

<u>Discovery Stages</u>.  Defendant believes that until the Court makes a determination as to whether this case shall proceed as a class action, discovery should be limited to issues related to class certification and liability and should exclude discovery related exclusively to damages.  (See also Defendant's discussion in Section B, above.)  Once the Court determines whether this action will proceed on a class basis, remaining discovery may proceed.   Plaintiff does not believe that there should be any staged discovery and further notes that in wage and hour class actions, the discovery going to class certification and liability is often damages discovery as well.

<u>Deadlines</u>.  The parties propose a trial date of February 7, 2011, with a pretrial conference on January 24, 2011.  The parties propose a deadline of November 15, 2010 to hear dispositive motions.  The parties propose October 25, 2010 as the deadline for serving opening expert witness disclosures.  The parties propose a non-expert discovery cut-off of October 4, 2010, and an expert discovery cut-off of December 13, 2010.  The parties estimate that trial of this matter as an individual claim will require approximately 3 days, and that trial of this matter as a class action would require approximately 30 days.

     Plaintiff requests that the Court waive the requirements of Local Rule 23-3 requiring that a class certification motion be brought within 90 days so that the parties may meaningfully exchange information regarding the class.

---

[4] *See also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (district court abused its discretion in approving discovery notices to class members, for the possibility of using such contact to "coerce defendants into settlement" outweighed any discovery needs); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (denying disclosure because contacting class members threatens to "stir up" litigation); *Hoffman v. United Telecom, Inc.*, 111 F.R.D. 332, 335-37 (D. Kan. 1986) (denying EEOC notice because it takes "little imagination" to see that such contact "may pose a substantial threat" to the employer's operations and "working relationships of [its] employees.").

Defendant responds as follows.  The first time that Plaintiff suggested in any way that he did not intend to comply with the mandatory requirements of Rule 23-3 was by email to Defendant's counsel sent one day before this report as due, Sunday, December 13, 2009.  No motion or other request for relief has been filed.  Plaintiff's Rule 23-3 deadline is December 31, 2009.[5]  Then and now, Plaintiff offers <u>absolutely no good cause</u> for its offhanded suggestion to this Court that it be relieved from compliance with this deadline set by this Court's published Rules.

As the Ninth Circuit Court of Appeal has held consistent with every other Circuit to address the issue, failure to comply with a Local Rule requiring the filing of a class certification motion within a specified period alone defeats putative class claims.[6]  This and other District and Circuit courts routinely and <u>strictly enforce</u> this deadline.  For example, Judge Wright recently ruled as follows on a properly notice motion made on July 7, 2009, for relief from September 5, 2009 deadline under Rule 23-3:

> After reviewing the parties' submissions and the case file, the court finds that Plaintiff has not established good cause to extend the deadline for him to file a motion for class certification.  Plaintiff contends that he needs additional time to prepare his motion for class certification so that he can conduct

[5] This action was timely removed on October 2, 2009.  [Docket Entry # 1.]  Where a state class action lawsuit is removed to federal court, the 90-day period runs from the date of removal.  *E.g., Joseph N. Main P.C. v. Elec. Data Sys. Corp.,* 168 F.R.D. 573, 577 (N.D. Tex. 1996); *McGuire v. Gulf Stream Coach, Inc.,* No. 06-5659, 2007 U.S.Dist.LEXIS 29367 (E.D.La. April 20, 2007); *Lauer v. Chamale Cove,* No. CIV.A. 06-1423, 2007 WL 203974 at *1 (E.D.La. Jan. 24, 2007).  Though Plaintiff does not suggest otherwise, the filing of an amended pleading does not "re-set" this deadline.  *Jones v. Hartford Ins. Co. of the Mid-West,* 243 F.R.D. 694 (N.D. Fla. 2006), ("[t]he rule commands that the motion ... must be filed within ninety days after filing a complaint, not after filing a subsequent amended complaint"; specifically citing Central District of California Local Rule 23-3 as one that does not "permit the filing of an amended complaint to toll the ninety-day period of time in which to file a motion for class certification"); *Howard v. Gutierrez,* 474 F.Supp.2d 41, 54 (D.D.C. 2007) (same); *Joseph N. Main,* 168 F.R.D. at 576 (same).

[6] *Immigrant Assistance Project of the Los Angeles County Federal of Labor v. Immigration and Naturalization Service,* 306 F.3d 842, 849 n. 4 (9th Cir. 2002) ("As an independent ground for denial of plaintiffs' Motion for Provisional Class Certification, the District Court determined that the Motion was untimely in violation of Local Rules 23(f)(3).")

discovery.  However, as of July 24, 2009, Plaintiff still had not propounded any discovery, even though the Rule 26(f) early meeting of counsel occurred on July 2, 2009.

(Denying motion.)[7]  Many other decisions of this and other Courts are in accord.[8]

As explained by the D.C. Circuit Court of Appeal: "strict enforcement of Local Rule 1-13(b) [90-day period] implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly."[9]  Courts have rejected as an excuse for non-compliance that:

(1)     motions challenging the pleadings are pending[10];

(2)     "research into the facts which will determine the extent of the alleged class is extremely difficult and is still underway"[11];

(3)     discovery remains outstanding (though we note that in the four months that this case has been pending, Plaintiff has propounded no discovery whatsoever).[12]

---

[7] *Kwesi Jones v. Farmers Group, Inc.*, Case No. CV 09-4027, Docket No. 17 (C.D. Cal., August 24, 2009, J. Wright).

[8] In addition to all other cases cited in this discussion, see *Batson v. Powell,* 912 F.Supp. 565, 570 (D.D.C. 1996) (denying class on ground that certification motion was filed 20 days after 90-day period; "the 90-day limit of Local Rule 203(b) has been strictly enforced in this Circuit."); *Joshlin v. Gannett River States Pub'g Corp.*, 152 F.R.D. 577, 578-79 (E.D. Ark. 1993) (denying motion for class certification on basis that motion was untimely under local rule; court "strictly" construes the 90-day time limit; non-service of complaint no excuse).  Though not used as authority, we have also collected 20 additional rulings from the Central District denying such request.  *E.g., Stern v. Experian Info. Solutions, Inc.*, Case No. CV 06-2249 PA (SHX), Docket No. 5:07-cv-00697-JF, docket entry 18 (C.D. Cal. 2006, J. Anderson) (striking *sua sponte* all class allegations 94 days into litigation based on Local Rule 23-3).

[9] *Black Panther Party v. Smith,* 661 F.2d 1243, 1279 (D.C. Cir. 1981), *vacated by mem. on other grounds sub nom. Moore v. Black Panther Party,* 458 U.S. 1118 (1982).

[10] *Howard, supra,* 474 F.Supp.2d at 56 ("Plaintiffs blame the Department, noting that DOC requested and received five motions for an extension of time to respond to the initial complaint.  The Department's actions did not relieve plaintiffs from the need to comply with the local rules [regarding seeking class certification within 90 days]."); *Coffin v. Sec'y of Health, Ed. & Welfare,* 400 F.Supp. 953, 957 n. 19 (D.C. D.C. 1975) (pending motions by defendant and other procedural aspects of case could not have "hindered plaintiff's compliance with the Local Rule" requiring class certification motion be filed within 90 days of filing of a complaint).

[11] *Smith,* 661 F.2d at 1279.

[12] As held in *Cottone v. Blum,* 571 F.Supp. 437, 440 (W.D.N.Y. 1983): "Plaintiff's attorney avers that he did not move for class action certification within the sixty-day

Here, and apart from the fact that they would not be excuses in any event, in the almost four months that this action has been pending Plaintiff has engaged in <u>no discovery whatsoever</u>, and it was Defendant, <u>not</u> Plaintiff, that demanded the Rule 26 conference (conducted by Plaintiff on the last permissible date, November 30, 2009).  Moreover, Plaintiff alleges that his claims is premised on a "<u>consistent policy</u>" to deny meal and rest breaks.  As such, it is hard to fathom why Plaintiff could move for class certification now on his claim and without extensive discovery, based on the "consistent policy" to which he points as the basis for his class claims.[13]

In short, Plaintiff's off-hand suggestion does not establish good cause, and Defendant will respond to any motion by Plaintiff in this regard when made.

**D.    Disclosure or Production of Electronic or Computer-Based Media (Fed. R. Civ. P. 26(f)(3)(C))**

**1.    Generally**

The Parties may request production of electronic or computer-based media ("Electronic Stored Information" or "ESI").  Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party.

**2.    Scope and Cost Required**

Depending on the scope of the requests, the anticipated cost and time required for disclosure or production of ESI may be beyond what is reasonably available and

---

(continued…)

period because he had mistakenly assumed that such motion would not have to be filed until after September 30th, the date upon which the answers to the interrogatories were due.  This Court is unaware of any rule which provides for the moving for class action certification only after interrogatories or other discovery requests have been complied with."  *See also Weiss v. Int'l Bhd. of Elec. Workers,* 729 F.Supp. 144, 148 (D.D.C. 1990) ("[Plaintiff] argues that she cannot move for class certification until after she has adequate time for discovery.  However the 90-day limit of the local rule has been strictly enforced in this Circuit.  Plaintiff has not offered any compelling reason why the local rule should not be followed in this case; striking class allegations and denying motion to stay deadline).

[13]  *Compare  Smith,* 661 F.2d at 1279 (denying request for relief from deadline; "ongoing research need not have precluded a timely motion for class certification.  At least as a preliminary matter, the definition of the proposed class that was provided in the complaint would have been sufficient for purposes of a motion for class certification.").

1   accessible to the Parties in the ordinary course of business.  In such cases, the Parties

2   agree to negotiate as to the cost and burden associated with discovery of ESI.

3                    **3.       Timetable for Production of ESI**

4        In the event that either party contends that that the production time for ESI

5   will take more than 30 days from its request, the parties shall meet and confer with a

6   view to agreeing to production of the requested materials within a reasonable time.

7                    **4.       Form of Production of ESI**

8        ESI shall, to the extent possible, be produced in an accessible standard format

9   and on a standard media (e.g., hard drive, floppy disk, CD-ROM, JAZ cartridge, ZIP

10  disk, tapes or otherwise).  No party will be obligated to change or convert ESI to a

11  new or different electronic format to make the information compatible with the

12  requesting party's preferences, computer system, or any other computer system.  If

13  any ESI is not readable, the producing party may elect to produce such information

14  in hard copy format.

15       Any responsive documents shall be produced in hard copy, .pdf or .tif format.

16  The Parties reserve the right to request that documents be produced in an alternative

17  electronic format and the responding party shall comply with any request, if

18  reasonable, in a timely fashion.  In the event the responding party challenges the

19  reasonableness of the alternative electronic format, or the costs involved with such

20  request, the Parties agree to meet and confer to attempt to resolve the dispute prior to

21  raising the issue with the Court.

22       **E.     Claims of Privilege (Fed. R. Civ. P. 26(f)(3)(D))**

23       Pursuant to Fed. R. Civ. P. 26(f)(4), Defendant states that it currently does not

24  have any, and is not aware of any, issue relating to a claim of privilege or protection

25  as it would pertain to trial preparation materials.

26       In accordance with Rule 26(b)(5)(B), the Parties agree that disclosure of

27  information protected by any privilege in this litigation shall not constitute a waiver

28  of any otherwise valid claim of privilege, and failure to assert a privilege in this

1   litigation as to one document or communication shall not be deemed to constitute a

2   waiver of the privilege as to any other document or communication allegedly so

3   protected, even involving the same subject matter.  The Parties agree that any

4   inadvertent inclusion of any privileged or work product material in a production in

5   this action shall not result in the waiver of any associated privilege or protective

6   doctrine nor result in a subject matter waiver of any kind.  If any such material is

7   inadvertently produced, the recipient of the document agrees that, upon request from

8   the producing party, it will promptly return all copies of the document in its

9   possession, delete any versions of the documents on any database it maintains, and

10   make no use of the information contained in the document, provided, however, that

11   the party returning such document shall thereafter have the right to apply to the

12   Court for an order that such document was not protected (prior to the inadvertent

13   disclosure) from disclosure by any privilege or doctrine.  The Parties request that the

14   Court enter the proposed protective order attached hereto as Exhibit A.

15        **F.**     **Whether Changes Should Be Made In Limitations On Discovery**
16                      **Under The Federal and Local Rules (Fed. R. Civ. P. 26(f)(3)(E))**

17        The Parties do not believe that any changes should be made to the limitations

18   on discovery under the Federal and Local Rules.  However, the Parties reserve the

19   right to apply to the Court for relief from such limitations upon a showing of good

20   cause.

21        **G.**     **Other Orders That Should Be Entered By The Court Under**
22                      **Fed.R.Civ.P. 26(c) or 16(b) and (c) (Fed. R. Civ. P. 26(f)(3)(F))**

23        As discussed above, the Parties agree that discovery in this case shall be

24   governed by a protective order, and request that the Court sign and enter the

25   proposed protective order attached as Exhibit A.

26        **H.**     **Manual for Complex Litigation (Court's November 5 Order)**

27        The Parties currently cite no portion of the Manual for Complex Litigation,

28   Fourth (2004) (the "Manual") as appropriate for this case.  The Parties will continue

LAI-3077057v3

**RULE 26 REPORT**

1  to meet and confer on this issue and will advise the Court of those sections of the

2  Manual that they believe are applicable.

3  **I.      Efforts To Settle or Resolve The Matter (Court's November 5**
         **Order)**

4

5       The Parties agree that settlement discussions at this stage of the lawsuit are

6  premature.  However, after the initial disclosures are made and preliminary

7  discovery conducted, both Parties are amenable to conducting settlement

8  discussions.  No settlement discussions have occurred in this action to date.

9  **J.      Likelihood of Appearance of Other Parties (Court's November 5**
         **Order)**

10

11      Other than Plaintiff's desire to certify claims to proceed on the claims on

12 behalf of a class of persons, the Parties do not anticipate adding additional parties to

13 this action at this time.  However, Plaintiff reserves the right to seek leave to add

14 additional named plaintiffs on or before January 25, 2010.

15 **K.      Dispositive Motions (Court's November 5 Order)**

16      The Parties may file motions for summary judgment/partial summary

17 judgment, or motions for an order specifying facts without substantial controversy

18 ("dispositive motions").  The proposed deadline for same is discussed in section C,

19 above.

20 **L.      Unusual Legal Issues (Court's November 5 Order)**

21      The parties do not anticipate that this action will raise any unusual legal

22 issues.

23 ///

24 ///

25 ///

26

27

28

**M.     Proposals Regarding Severance, Bifurcation or Other Ordering of Proof (Court's November 5 Order)**

Defendant requests that, to the extent that any questions relating to the amount of punitive damages to be awarded, if any, be bifurcated at trial until after a finding of liability for same is reached.

Dated: December 14, 2009

KESLUK &SILVERSTEIN, P.C.                    JONES DAY
Douglas N. Silverstein                       Mark D. Kemple
Michael G. Jacob

By:_____/s/_____              By:_____/s/_____
       Attorneys for Plaintiff                     Attorneys for Defendant

LAI-3077057v3

14

**RULE 26 REPORT**

1

## EXHIBIT A

2

3   Mark D. Kemple (Bar No. 145219)
    Ruth M. Holt (Bar No. 223152)
4   mkemple@jonesday.com
    JONES DAY
5   555 South Flower Street
    Fiftieth Floor
6   Los Angeles, CA  90071-2300
7   Telephone:   (213) 489-3939
    Facsimile:   (213) 243-2539
8

9   Stanley Weiner (admitted pro hac vice)
    sweiner@jonesday.com
10  JONES DAY
    901 Lakeside Avenue
11  Cleveland, Ohio 44114
    Telephone: (216) 586-3939
12  Facsimile: (216) 597-0212
13

14  Attorneys for Defendant
    Wendy's International, Inc.
15

Douglas Silverstein (Bar No. 181957)
Michael Jacob (Bar No. 229939)
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
KESLUK &SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles CA 90069
Tel: (213) 273-3180
Fax: (310) 273-6137

Attorneys for Plaintiff Elliott Lewis

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

20  ELLIOTT LEWIS, an individual, on
    behalf of himself, and all others
21  similarly situated,

22              Plaintiff,

23        v.

24  WENDY'S INTERNATIONAL, INC.,
    a Corporation; and DOES 1-20,
25  inclusive,

26

27              Defendant.

28

Case No. 09-CV-7193 MMM (JCx)

Assigned for all purposes to
Honorable Margaret M. Morrow

**STIPULATION AND
[PROPOSED] PROTECTIVE
ORDER**

LAI-3077057v3

1    Plaintiff and Defendant stipulate to the entry of an agreed protective order,

2    for the reasons set forth below.

3         1.    The parties represent that certain discovery materials to be exchanged

4    in this case, including documents, interrogatory answers, deposition testimony and

5    other discovery, will contain confidential non-public information of a personal,

6    financial, and/or commercial nature which may constitute a trade secret or

7    proprietary information.  The parties do not wish unreasonably to impede or burden

8    the discovery process but, at the same time, recognize an obligation to take

9    reasonable steps to safeguard legitimate privacy concerns.  The parties intend this

10   Stipulation and Order to address these concerns.

11        2.    The parties understand that, pursuant to California law, third parties

12   may have a privacy interest in certain personal information and that such

13   information relating to current and former Wendy's employees has been requested

14   in discovery by Plaintiffs.  The parties enter into this Protective Order mandating

15   that if any private information, including contact information, of putative class

16   members and other current and former employees of Wendy's is produced, it shall

17   be produced under this Protective Order.  These steps are reasonable and ensure

18   that no privacy interests suffer serious invasion in nature, scope or impact.

19        3.    Upon entry of an Order by this Court, this Protective Order that shall

20   govern the production and disclosure of all information designated as

21   "CONFIDENTIAL" pursuant to ¶7 through the discovery and all pretrial processes.

22   This Protective Order is not intended to govern at trial or appeal.  The parties will

23   cooperate in establishing procedures acceptable to the Court with respect to the

24   protection of information designated as "CONFIDENTIAL" pursuant to this

25   Protective Order both at trial and upon any appeal of this case.

26        4.    For purposes of this Protective Order, "Discovery Materials" shall

27   include documents produced pursuant to the voluntary disclosure requirements of

28   Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to

LAI-3077057v3

**RULE 26 REPORT**

Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5.    This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6.    Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 8, 11 & 13 below.

7.    Any party may designate any Discovery Materials it deems to be confidential, including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL."

8.    Except as provided in paragraphs 11 and 13, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a)    Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b)    "CONFIDENTIAL" designated Discovery Materials shall only disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named

LAI-3077057v3

individual parties, which includes employees of any company,

assisting in the defense of the action; (3) consultants, in accordance

with the terms specified below in paragraph no. 8(e).  There shall be

no other permissible dissemination of CONFIDENTIAL Discovery

Materials.

(c)     No copies, extracts or summaries of any document

designated "CONFIDENTIAL" shall be made except by or on behalf

of Counsel of Record; and such copies, extracts or summaries shall

also be designated and treated as "CONFIDENTIAL" Discovery

Materials and shall not be delivered or exhibited to any persons except

as provided in this Protective Order.

(d)     Counsel of Record may allow access to Discovery

Material designated "CONFIDENTIAL" to their retained consultants,

provided that any such consultant who is to receive such material shall

be provided with a copy of this Protective Order and shall execute an

undertaking in the form annexed hereto as Exhibit 1.  Consultants shall

be specifically advised that the portion of their written work product,

which contains or discloses the substance of Discovery Material

designated as "CONFIDENTIAL" is subject to all the provisions of

this Protective Order.  Counsel of Record disclosing such material to

consultants shall be responsible for obtaining the executed

undertakings in advance of such disclosure and also shall retain the

original executed copy of said undertakings.  No "CONFIDENTIAL"

Discovery Material may be disclosed to a Consultant prior to

execution of the form attached as Exhibit 1.

(e)     During depositions, Counsel of Record may question any

witness about any Discovery Material designated "CONFIDENTIAL."

However, where the witness or deponent testifies about such

designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record.  Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order.  Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f)     In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials shall be filed under seal in accordance with this Court's Civil Local Rule 79-5.  Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

9.     In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance

LAI-3077057v3

of the initial inspection.  For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL."  Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph seven, above.

10.    At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information subject to the protective order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter.  Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information.  If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information.  If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived.  Each party and the Court Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its

1 possession, custody or control, and the portions designated in such notice shall

2 thereafter be treated in accordance with the Protective Order.

3       11.    Should one or more Counsel of Record wish to disclose any

4 "CONFIDENTIAL" Discovery Materials produced by another party to a person not

5 authorized by this Protective Order to review such "CONFIDENTIAL" Discovery

6 Materials, said counsel shall first provide Counsel of Record for the producing

7 party with a clear, complete and concise statement of the reason for the proposed

8 disclosure by written notice at least ten (10) business days prior to the proposed

9 disclosure.  The requesting Counsel of Record may include the name, address and

10 business or professional affiliation and title (e.g., officer, director, etc.) of such

11 person in the written notice.  If Counsel of Record for the producing party objects

12 in writing to the disclosure within said ten (10) business day period, then the party

13 requesting consent shall not proceed with the proposed disclosure, the parties shall

14 engage in good faith efforts to resolve the matter informally and, if those efforts

15 should fail, the party designating the material as "CONFIDENTIAL" may seek

16 relief from the Court as provided in paragraph 13 below.

17       12.    The disclosure of any Discovery Materials pursuant to the terms of this

18 Protective Order is not intended to be and shall not be construed as a waiver of any

19 right or a relinquishment of any confidentiality claim as to said Discovery Materials

20 or as a waiver of any claim that the information disclosed is a trade secret or is

21 proprietary.

22       13.    If any dispute arises concerning whether information designated as

23 "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL"

24 information for purposes of this Protective Order, the party who objects to the

25 designation of the information as "CONFIDENTIAL" shall give written notice of

26 the objection.  The parties shall then attempt to resolve the dispute informally and

27 in good faith.  If the parties do not resolve the dispute informally, the party who

28 designated the information as "CONFIDENTIAL" shall have ten (10) business days

from either (a) the written notice from the objecting party made pursuant to this paragraph, or (b) the written objection to disclosure from the producing party made pursuant to paragraph 11 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue.  If the motion is not filed within this time, then the "CONFIDENTIAL" designation shall be deemed waived.  If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.  Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL."  If such motion is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

14.    Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

(a)    Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials.  Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material.  Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

(b)    The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such

Discovery Materials that were filed under seal pursuant to this

Protective Order.  As to those documents or things containing such

information which cannot be so returned, they shall continue to be kept

under seal and shall not be examined by any person without a prior

Court order, after due notice to Counsel of Record, or the written

stipulation of each of Counsel of Record.

15.     Nothing contained in this Protective Order shall result in a waiver of

rights, nor shall any of its terms preclude a party from seeking and obtaining, upon

an appropriate showing, additional protection with respect to personal, financial,

commercial, confidential, trade secret or other proprietary documents, information

or any other discovery material or trade secrets, including, but not limited to,

restrictions on disclosure.  Nothing contained herein relieves any party of its

obligation to respond to discovery properly initiated pursuant to the Discovery

Order.

16.     Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to

the following treatment of any privileged or work product materials inadvertently

disclosed in this action.  The parties agree that disclosure of information protected

by any privilege in this litigation shall not constitute a waiver of any otherwise

valid claim of privilege, and failure to assert a privilege in this litigation as to one

document or communication shall not be deemed to constitute a waiver of the

privilege as to any other document or communication allegedly so protected, even

involving the same subject matter.  The parties agree that any inadvertent inclusion

of any privileged or work product material in a production in this action shall not

result in the waiver of any associated privilege or protective doctrine nor result in a

subject matter waiver of any kind.  If any such material is inadvertently produced,

the recipient of the document agrees that, upon request from the producing party, it

will promptly return all copies of the document in its possession, delete any

versions of the documents on any database it maintains, and make no use of the

LAI-3077057v3

information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine.  The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

17.    The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

18.    Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

19.    This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order.  Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

It is so stipulated.

Dated: December 14, 2009          KESLUK &SILVERSTEIN, P.C.
                                  Douglas N. Silverstein
                                  Michael G. Jacob

                                  By:_____/s/_____
                                       Attorneys for Plaintiff

Dated: December 14, 2009          JONES DAY
                                  Mark D. Kemple

                                  By:_____/s/_____
                                       Mark D. Kemple
                                       Attorneys for Defendant

LAI-3077057v3

1

## ORDER

2        The parties having stipulated to the foregoing and good cause appearing, IT

3    IS SO ORDERED.

4

5    Dated: December __, 2009

6                                        _____

7                                             Margaret M. Morrow
                                         United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-3077057v3