E-FILED: 12/29/2010

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LEWIS, individually and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>WENDY'S INTERNATIONAL, INC., a corporation; and DOES 1 through 20, inclusive<br><br>Defendants. | CASE NO. 09-07193 MMM (JCx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE |

Plaintiff Elliot Lewis commenced this putative class action in Los Angeles Superior Court on August 31, 2009 against Wendy's International, Inc. and certain fictitious defendants. After being served with summons and complaint on September 3, 2009, Wendy's removed the action to this court under 28 U.S.C. § 1332(d) on October 2, 2009.[1] Wendy's now moves to dismiss plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike his class allegations and certain prayers for relief under Rule 12(f).[2] Lewis opposes defendant's

---

[1] See Notice of Removal of Civil Action from State Court, Docket No. 1 (Oct. 2, 2009).

[2] See Defendant Wendy's International Inc.'s Notice of Motion and Motion to Dismiss and Motion to Strike, Docket No. 7 (Oct. 9, 2009); Memorandum of Points and Authorities in Support

motions.[3]

## I. FACTUAL BACKGROUND

Lewis was employed by Wendy's as a non-exempt hourly employee at a restaurant in Beaumont, California.[4] He alleges that for at least the past four years, Wendy's has had a consistent policy of failing to provide hourly workers like him rest or meal periods in violation of California labor statutes.[5] He brings suit on his own behalf and on behalf of similarly situated employees, seeking recovery of unpaid wages under California law as compensation for Wendy's failure to provide the required rest and meal periods.[6]

Lewis seeks to represent three subclasses of individuals currently or formerly employed by Wendy's during the four years preceding the filing of this action: (a) employees who were not "provided a rest period for every four (4) hours or major fraction thereof worked per day when his/her shift exceeded three and one-[half] (3 1/2) hours, and [were] not provided compensation of one (1) hour[']s pay for each day on which such meal period was not provided"; (b) employees who were not "provided a meal period for every five (5) [hours worked], and [were] not provided compensation of one (1) hour[']s pay for each day on which such meal period was not provided"; and (c) employees who did not "timely receive all wages owed upon termination or the separation of their employment."[7]

---

of Defendant Wendy's International Inc.'s Motion to Dismiss and Motion to Strike ("Def.'s Mem."), Docket No. 11 (Oct. 13, 2009). See also Reply in Support of Motion to Dismiss and Motion to Strike ("Def.'s Reply"), Docket No. 18 (Dec. 2, 2009).

[3]Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint; Memorandum of Points and Authorities ("Pl.'s Opp."), Docket No. 17 (Nov. 18, 2009).

[4]Complaint, ¶ 10.

[5]*Id.* ¶¶ 2–3.

[6]*Id.*, ¶¶ 2–4.

[7]*Id.*, ¶ 23.

The complaint pleads five causes of action: (1) failure to provide rest periods as required by California Labor Code § 226.7;[8] (2) failure to provide meal periods as required by Labor Code § 226.7;[9] (3) willful failure to pay wages due discharged or resigning employees in violation of California Labor Code § 203;[10] (4) failure to provide accurate itemized statements of hours worked with the applicable hourly rate (including wages owed for meal periods missed) in violation of California Labor Code § 226;[11] and (5) unfair business practices in violation of California Business and Professions Code § 17200 et seq., California's Unfair Competition Law ("UCL").[12] Lewis seeks unpaid wages, wage continuation for former employees as required by California Labor Code § 203, penalties under California Labor Code § 558, an injunction requiring Wendy's to provide rest and meal periods as required by California Labor Code §§ 512, 226.7 and Industrial Wage Commission ("IWC") Order 7-2001, restitution under California Business and Professions Code § 17200, prejudgment and postjudgment interest, and an award of attorneys' fees and costs.[13]

Wendy's seeks dismissal of each cause of action, asserting that the complaint does not plead sufficient facts to support the claims.[14] It also argues that plaintiff's third cause of action fails sufficiently to allege a willful violation of Labor Code § 203,[15] and that plaintiff's fourth cause of action fails to state a claim for violation of California Labor Code § 226 or adequately

---

[8] *Id.*, ¶¶ 33–37.

[9] *Id.*, ¶¶ 38–42.

[10] *Id.*, ¶¶ 43–47.

[11] *Id.*, ¶¶ 48–51.

[12] *Id.*, ¶¶ 52–59.

[13] *Id.* at 13–14.

[14] Def.'s Mem. at 4–7.

[15] *Id.* at 7–9.

allege plaintiff's standing to pursue a claim under that statute.[16]  As an alternative to dismissal, Wendy's asks the court to strike plaintiff's prayer for penalties under § 558, punitive damages for § 203 violations, and injunctive relief.[17]  Finally, Wendy's asks the court to strike plaintiff's class allegations.[18]

## II.  DISCUSSION

### A.   Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or legal conclusions cast in the form of factual allegations.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553–56 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); see also *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right

---

[16]*Id.* at 9–10.

[17]*Id.* at 10–12.

[18]*Id.* at 12–24.

4

to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

**B.    Whether Plaintiff's First and Second Causes of Action Should be Dismissed**

Plaintiff's first and second causes of action allege that Wendy's failed to give employees the rest and meal periods required by the California Labor Code. Relying heavily on the Supreme Court's recent decisions in *Iqbal* and *Twombly*, Wendy's argues that these claims contain only legal labels and conclusions, and parrot the language of the relevant statutes without alleging facts showing that they were violated.[19] Specifically, Wendy's asserts that Lewis does not plead that he was entitled to rest or meal breaks, or that, if he was, it failed to provide them.

In relevant part, California Labor Code § 226.7 states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." CAL. LAB. CODE § 226.7(a).[20] IWC Order 4-2001 states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."[21] CAL.CODE REGS., tit. 8,

---

[19]*Id.* at 4–7.

[20]The penalty section states: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." (CAL. LAB. CODE § 226.7(b).)

[21]"However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours." CAL.CODE REGS., tit. 8, § 11040(12)(A).

5

§ 11040(12)(A). The IWC Order also states: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."[22] CAL. CODE REGS., tit. 8, § 11040(11)(A).

The complaint alleges that Wendy's "had a consistent policy of failing to provide hourly employees within the State of California, including plaintiff, rest periods of as least ten (10) minutes per four (4) worked . . . ."[23] It also asserts that hourly "employees have not been provided rest periods for work periods of four (4) hours or major fractions thereof and were not compensated one hour[']s wage in lieu thereof."[24] Lewis similarly alleges that Wendy's denied hourly employees such as him required meal periods because it had a policy of not providing California employees with "meal periods of at least thirty (30) minutes per (5) hours worked" and failed "to pay such employees one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided."[25]

Focusing on the repeated allegation that defendant "failed to provide" required breaks, Wendy's argues that the phrase is conclusory and insufficient to support plaintiff's claims.[26] At

---

[22] The order continues: "An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." CAL. CODE REGS., tit. 8, § 11040(11)(A).

[23] Complaint, ¶ 2.

[24] *Id.*, ¶ 13.

[25] *Id.*, ¶ 3. See also *id.*, ¶ 3 ("Defendant also hires hourly employees who work in Wendy's locations who have not been provided meal periods of not less than thirty (30) minutes per (5) hours worked and were not compensated one hours wage in lieu thereof.")

[26] Def.'s Mem. at 5–6. Wendy's asserts that the allegations in the complaint merely quote the portion of California Labor Code § 226.7 stating that "[i]f an employer *fails to provide* an

oral argument, Wendy's asserted that the lack of factual specificity in the complaint makes it impossible to determine whether plaintiff contends that the company failed to offer rest and meal periods to its employees altogether – i.e., whether, as a matter of policy, it did not afford employees meal or rest breaks[27] – or whether he asserts that the company merely failed to ensure that employees took meal and rest periods to which they were entitled. Absent clarification of the nature of the claim, Wendy's argued, it will be impossible to determine the legal validity of plaintiff's class allegations, e.g., to determine whether the members of the class are ascertainable and whether plaintiff's claims are typical of those of other class members.[28]

Wendy's relies primarily on *Brinker Restaurant Corp. v. Superior Court*, 165 Cal.App.4th 25, 2008 WL 2806613 (July 22, 2008) (Depub.).[29] In *Brinker*, a California appellate court held that the trial court erred in certifying a rest and meal period class. The action involved "a class of restaurant workers, many of whom relied on tips for their wages and who m[ight] not have wanted to take a break in the middle of a lucrative shift." *Martin v. FedEx Ground Package System, Inc.*, No. C 06-6883 VRW, 2008 WL 5478576, *10 (N.D. Cal. Dec. 31, 2008)

---

employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." (CAL. LAB. CODE § 226.7(b) (emphasis added))

[27]The court's tentative ruling on the motion interpreted the complaint as alleging that Wendy's had a company-wide policy of not affording employees the opportunity to take required meal and rest breaks. At oral argument, however, plaintiff's counsel offered several conflicting statements regarding the nature of the claim, some of which appeared to extend to scenarios in which supervisors did not ensure that employees took the required breaks. Counsel would not confirm that the court's interpretation was the correct one and that the claim was limited in the manner the court had presumed.

[28]See also Def.'s Mem. at 6–7.

[29]See *Scottsdale Ins. Co. v. OU Interests, Inc.*, No. C 05-313 VRW, 2005 WL 2893865, *3 (N.D. Cal. Nov. 2, 2005) ("Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority," citing *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value")).

1  (discussing *Brinker*). The *Brinker* court observed that "while employers cannot impede, discourage or dissuade employees from taking rest periods, they need only provide, not ensure, [that] rest periods are taken." *Brinker*, 2008 WL 2806613 at *1. As a result, it concluded that the action was inappropriate for class disposition, because "an individual inquiry into whether an employee had chosen to skip a break or an employer had prevented him from taking a break would be required." *Martin*, 2008 WL 5478576 at *10 (discussing *Brinker*).

As *Brinker* makes clear, the Labor Code requires that employers *provide* – i.e., make available – meal and rest periods even if employees elect not to take them. California courts have approved the certification of a class in cases where employees have alleged that their employer prevented them from taking rest and meal breaks. See, e.g., *Dalton v. Lee Publications, Inc.*, No. 08cv1072 BTM (NLS), 2009 WL 57113, *3 (S.D. Cal. Jan. 8, 2009) ("Courts have allowed actions to proceed where plaintiffs' meal and rest break claims focused on an employer's failure to provide, authorize, or permit breaks commonly to a class of employees," citing *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 962-63 (2005) (holding that an employer failed to provide required meal and rest periods to a class of truck drivers where it instructed the drivers that they had a right to breaks, but failed to include a code covering the breaks in the computer system tracking drivers' activities, and pressured drivers to make more than one trip per day); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 573 (C.D. Cal. 2008) (finding commonality where plaintiffs presented anecdotal, direct factual, and statistical evidence from which the court could infer a corporate policy of not offering an additional meal period when employees worked shifts of more than ten hours); and *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 445 (N.D. Cal. 2008) (finding commonality where plaintiffs claimed that "Defendant had a policy of not providing *or discouraging* breaks" (emphasis added)); see also *Franco v. Athens Disposal Co., Inc.*, 171 Cal.App.4th 1277, 1298 (2009) (holding that class treatment would be more practical than individual actions for former employees' claims that an employer denied meal and rest breaks and failed to pay additional compensation for missed breaks because the employer "allegedly engaged in a systematic course of illegal payroll practices and policies in violation of the Labor Code and subjected all of its hourly employees to the same unlawful conduct"); *Ghazaryan v.*

8

*Diva Limousine, Ltd.*, 169 Cal.App.4th 1524, 1527-28 (2008) (reversing the trial court's denial of a motion to certify a class of limousine drivers that alleged failure to pay drivers for on-call time between assignments); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 122 (2008) (noting that the trial court had certified a settlement class of employees who alleged, *inter alia*, that their employer had failed to provide meal and rest breaks).[30]

Plaintiff alleges broadly that Wendy's failure to provide rest and meal periods was due to a company policy. At oral argument, however, plaintiff's counsel retreated from this allegation. He stated: "I'm not saying there is an express policy[,] . . . but it's a policy and practice." He continued: "It is not expressly 'we don't let people take meal breaks,' but [it is] . . . the manner in which an administrator creates a policy that doesn't allow employees the opportunity . . . [that] results in a policy of people not being afforded the meal period in accordance with the law." It is not possible to discern from these statements whether Lewis alleges that Wendy's has a company-wide practice of discouraging, dissuading or preventing all employees from taking meal and rest periods, whether he alleges instead that individual supervisors or administrators make it difficult for employees to avail themselves of rest and meal periods, or whether he alleges that supervisors do not ensure that employees take breaks to which they are entitled. To the extent Lewis alleges a company-wide practice, he fails to plead the nature of the practice or facts indicating that it is company-wide. Nor does he allege the manner in which the practice was applied to him or the period of time during which he was subjected to it.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.PROC. 8(a)(2); see *Iqbal*, 129 S.Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," citing *Twombly*, 550 U.S. at 555); *Moss*, 572 F.3d at 969 ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

---

[30]Defendant notes that the issue of an employer's obligation to provide breaks as opposed to ensuring that breaks are taken is currently before the California Supreme Court. See *Brinkley v. Public Storage*, 87 Cal.Rptr.3d 674 (Cal. 2009).

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*). A claim is adequate under Rule 8 if it provides fair notice of the nature of the claim and the facts underlying it. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), abrogated on other grounds by *Twombly*, 550 U.S. 544 (2007). Plaintiff has failed to meet this standard, as he has not clearly alleged the factual basis of his claim that Wendy's violated portions of the Labor Code. If the company had a clear policy of denying rest and meal periods to its employees, then alleging the existence of that policy would suffice to support plaintiff's claims. Plaintiff made clear at oral argument, however, that his claims do not rest on such a policy. As a result, plaintiff must allege the nature of the company practices that prevented, discouraged or dissuaded employees from taking the meal and rest periods to which they were entitled. Absent such allegations, the complaint does not give defendant adequate notice regarding the nature of the claims to which it must respond or sufficiently state the facts on which the claims are based. See *Grid Systems Corp.*, 771 F.Supp. at 1037 ("Effective pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer"). For all of these reasons, the court grants defendant's motion to dismiss plaintiff's first and second causes of action with leave to amend.[31]

---

[31] Because plaintiff has not pled sufficient facts supporting his claim that Wendy's violated the Labor Code, the court need not address Wendy's alternate argument that Lewis has not adequately pled he was entitled to meal and rest periods. It notes, however, that as drafted, IWC Order 4-200 applies to virtually all employees of a company with limited exceptions. See CAL. CODE REGS., tit. 8, § 11040(1)(A) ("[t]his order shall apply to all persons employed in professional, technical, clerical, mechanical, and similar occupations whether paid on a time, piece rate, commission, or other basis, except . . ."). Lewis's allegation that he was an hourly employee indicates that he was paid "on a time basis." His allegation that he was a non-exempt employee indicates that he is covered by IWC Order 4-200. Defendant cites no authority for the proposition that a plaintiff is required to plead further facts to show that he does not fall within one of the exceptions to the statute. Indeed, such a rule would run afoul of the general principle that plaintiffs are not required to anticipate defenses in their complaint. Gomez v. Toledo, 446 U.S. 635, 640 (1980) ("[T]he burden of pleading [a defense] rests with the defendant"); *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993) ("The government is not required to plead on the subject of an anticipated affirmative defense"); *Jacobson v. Schwarzenegger*, 357

**C.     Whether Plaintiff's Third Cause of Action Should be Dismissed**

Lewis's third claim asserts that Wendy's is liable for continuation wages to former employees under California Labor Code § 203 because it willfully failed to compensate them for missed meal and rest breaks at the end of their employment.[32] California Labor Code § 201 states that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." CAL. LAB. CODE § 201(a). Section 202 provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." CAL. LAB. CODE § 202(a). Under § 203, an employer who willfully fails timely to pay the wages of a discharged or quitting employee is required to pay continuation wages as a penalty. CAL. LAB. CODE § 203(a).[33]

Citing the deficiencies in Lewis's first two causes of action, Wendy's contends that his third claim must also be dismissed as it depends on adequate pleading of violation of Labor Code requirements that employees be given meal and rest breaks.[34] Because Lewis failed sufficiently to plead that Wendy's violated Labor Code requirements concerning meal and rest periods, his

---

F.Supp.2d 1198, 1217 (C.D. Cal. 2004) ("Federal pleading rules generally do not require a plaintiff to anticipate and plead around an affirmative defense").

[32]Complaint, ¶¶ 43–47.

[33]That provision reads, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." CAL. LAB. CODE § 203(a).

[34]Def.'s Mem. at 7–8.

claim under § 203 fails as well.[35] Consequently, the court grants Wendy's motion to dismiss plaintiff's third cause of action with leave to amend.

### D.  Whether Plaintiff's Fourth Cause of Action Should be Dismissed

Lewis's fourth cause of action alleges that Wendy's violated § 226 by "intentionally fail[ing] to furnish to plaintiff, upon each payment of wages, accurate itemized statements of actual total hours worked, as well as the applicable hourly rates. . . . Moreover, defendants failed to furnish to plaintiff accurate itemized statements indicating when, if at all, plaintiff received meal periods."[36] Lewis alleges that he was damaged by these failures because they "led Plaintiff and others to believe that they were not entitled to be paid for violations of meal and rest period laws . . . ."[37] Wendy's first contends that the claim fails because § 226 does not require that wage statements indicate whether or when plaintiff received meal periods. Wendy's also asserts that Lewis does not have standing to seek penalties under § 226(e) or injunctive relief under § 226(g).

---

[35] The court is unpersuaded by defendant's further argument that plaintiff has not pled sufficient facts to allege willfulness. Contrary to defendant's assertion, pleading "willfulness" under § 203 does not require the same level of specificity as pleading a discriminatory state of mind. See *Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 7 (1981) ("[T]o be at fault within the meaning of [§ 203], the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due"). "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due." 8 CAL. CODE REGS., tit. 8, § 13520; see also *Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal.App.4th 765, 781 (2002) ("The term 'willful' within the meaning of section 203, means the employer intentionally failed or refused to perform an act which was required to be done"). Lewis alleges that Wendy's failure to pay wages compensating for missed rest and meal periods was willful in that it "knew wages to be due but failed to pay them." Further, Lewis alleges that Wendy's failure to compensate employees for missed breaks was pursuant to a company policy. Because these allegations assert that Wendy's intentionally failed to pay the wages, they plead facts that satisfy the statutory definition and are sufficient. See *Barnhill*, 125 Cal.App.3d at 7–8 (holding that under § 203 "'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done," citing *Davis v. Morris*, 37 Cal.App.2d 269, 274 (1940)); see also *Pugel v. Stanley*, 221 Fed. Appx. 683, 687 n. 5 (9th Cir. Feb. 26, 2007) (Unpub. Disp.).

[36] Complaint, ¶ 49.

[37] *Id.*, ¶ 51.

12

Section 226(a) states that at the time of the payment of wages, an employer must provide "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . , (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number . . . , (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." CAL. LAB. CODE § 226(a).

The statute does not require that the itemized wage statement indicate rest or meal periods provided to an employee. In addition to alleging that the wage statement failed to itemize meal and rest periods, Lewis asserts that Wendy's failed to provide an accurate statement of total hours worked and the applicable hourly rates of pay. The balance of the complaint appears to make clear the nature of Lewis's claim in this regard – i.e., that Wendy's did not pay employees the additional hour of wages to which they were entitled under § 226(b) given the company's failure to provide employees with rest and meal periods. Plaintiff's § 226 claim does not directly allege that the statements were incorrect because they did not reflect penalty hours paid due to missed meal and rest periods, however. Additionally, at oral argument, plaintiff's counsel did not assert that the wage statements were inaccurate because they failed to reflect payment of an additional hour of wages for each missed meal and rest period. He asserted only that they did not include the penalty hour in the total hours worked. As a result, he maintained, "*the hours are incorrect on the statements[, which] results in the 226 penalty.*"[38] In response, Wendy's counsel correctly noted that "there is no extra hour worked for the premium paid," as meal and rest periods are already included in the hours worked figure.

While the court must accept plaintiff's factual allegations as true and draw all reasonable

---

[38] Emphasis added.

13

inferences in his favor, it is not possible to infer from Lewis's allegations as presently stated the fact that he alleges the wage statements he received were inaccurate because they did not reflect the payment of one hour's wages for missed meal and rest periods. See *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (noting that in "review of all Rule 12(b)(6) motions, [courts] accept[ ] as true all facts alleged in the complaint, and draw[ ] all reasonable inferences in favor of the plaintiff," citing *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008)). Because the statute does not require that wage statements list meal or rest periods, and because that is the omission on which plaintiff bases his claim, he has failed to identify or plead a violation of § 226. Similarly, because meal and rest periods are already included in hours worked, plaintiff's allegation that the wage statements inaccurately reflected total hours worked fails to allege a violation of the statute. See *Moss*, 572 F.3d at 969 ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*). Lewis has thus failed to state a claim under Labor Code § 226, and the court grants defendant's motion to dismiss plaintiff's fourth cause of action with leave to amend.[39]

---

[39] Because Lewis failed to state a claim under § 226, the court need not address defendant's further argument that plaintiff lacks standing to assert a § 226 claim. The court notes, however, that it is unpersuaded by this argument. Section 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period. . . ." CAL. LAB. CODE § 226(e). Lewis alleges that he and other employees suffered injury as a result of Wendy's failure to provide accurate itemized statements and that he and "others believed[ed] that they were not entitled to be paid for violations of meal and rest period laws." Plaintiff's alleged confusion concerning the wages he was owed due to a purported violation of § 226(a) is a sufficient injury to support standing. See *Cervantez v. Celestica Corp.*, 618 F.Supp.2d 1208, 1220 (C.D. Cal. 2009) (finding that plaintiffs met their initial burden of stating a claim under § 226 when they alleged that their wage statements did not incorporate all time spent at the job and "prevented them from knowing the actual number of hours they worked and the actual amount of money they are owed"); *Lynne Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042, 1051 (C.D. Cal. 2006) (finding injury under § 226(e) where allegedly inaccurate wage statements resulted in employee confusion concerning the amounts they were owed).

### E. Whether Plaintiff's Fifth Cause of Action Should be Dismissed

Lewis's fifth cause of action alleges that Wendy's committed unfair business practices in violation of Business & Professions Code § 17200 by failing to compensate non-exempt employees for rest and meal periods that were not provided.[40] Citing the deficiencies of Lewis's first two claims, Wendy's contends that his fifth claim must also be dismissed.[41] Given that Lewis has not adequately pled a violation by Wendy's of the rest and meal period statutes, he has not sufficiently alleged a violation of § 17200. Accordingly, the court grants defendant's motion to dismiss plaintiff's fifth cause of action with leave to amend.

### III. CONCLUSION

For the reasons stated, the court grants defendant's motion to dismiss plaintiff's claims with leave to amend, as it appears possible that plaintiff can allege sufficient facts to state valid causes of action. See *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("'[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts,'" quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); see also *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Because the court has dismissed plaintiff's claims, it denies defendant's motion to strike plaintiff's class allegations,[42] prayer for penalties under § 558,[43] prayer for punitive damages based on

---

[40] Complaint, ¶¶ 52–59.

[41] Def.'s Mem. at 7–8.

[42] As it noted during oral argument, however, the court finds that the viability of Lewis's class allegations (i.e., whether it is appropriate to certify a class) is more properly addressed in the context of a motion for class certification than it is on a motion to dismiss. See, e.g., *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, 614-16 (N.D. Cal. 2007) ("the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Moreno v. Baca*, No. CV007149ABC (CWx), 2000 WL 33356835, *2 (C.D. Cal. 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class

violations of § 203,[44] and prayer for injunctive relief as moot.[45]

---

certification had been filed); *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, *4 (D. N.J. 2006) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); see also 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 1785.3 (3d 2005) (noting that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery)

[43]The court notes, however, that plaintiff's claim for penalties under § 558 is not properly alleged. Section 558 provides that "[a]ny employer . . . who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty." CAL. LAB. CODE § 558(a). Section 558(b) authorizes the Labor Commissioner to issue a citation to an employer for violating any provision of §§ 500-558 or for violating any IWC wage order regulating hours and days of work. *Id.*, § 558(b). While § 558 does not provide a direct private right of action, see *Ruiz v. Paladin Group, Inc.*, No. CV 03-6018-GHK (RZx), 2003 WL 22992077, *1–3 (C.D. Cal. Sept. 29, 2003), plaintiffs can seek to recover civil penalties under § 558 through the Labor Code Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq*. See *Kamar v. Radioshack Corp.*, No. CV 07-2252 AHM (AJWx), 2008 WL 2229166, *13–14 (C.D. Cal. May 15, 2008) (citing *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 374-75 (2005)).

To do so, however, Lewis must first exhaust the administrative remedies detailed in that statute. See CAL. LAB. CODE § 2699.3(a) (outlining four prerequisites to an employee's initiation of a civil action under PAGA, including that the "aggrieved employee or representative [must] give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation," and that the "agency [must] notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the [employee's] notice" to it). Lewis does not invoke PAGA as the mechanism through which he seeks civil penalties, nor allege that he has exhausted the administrative prerequisites to bringing such a suit. Indeed, in his opposition, Lewis states that he intends to contact the agency in the near future to begin the process of seeking penalties under § 2699.3. Because Lewis has not satisfied the requirements for bringing suit under PAGA, he cannot seek penalties under § 558. See *Kamar*, 2008 WL 2229166 at *15 ("Here, Plaintiffs seek to recover the penalties authorized by section 558 for wage order violations. No agency has taken action to enforce this penalty provision, and these Plaintiffs are barred from enforcing it for lack of administrative exhaustion"). Thus, plaintiff should not include a prayer for this form of relief in any amended complaint unless he can and does allege that he has satisfied the requirements of PAGA.

[44]The court notes, however, that punitive damages are not available under § 203. "Under California law, 'when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed.'"

16

*Green v. Party City Corp.*, No. CV-01-09681 CAS (EX), 2002 WL 553219, *4 (C.D. Cal. Apr. 9, 2002) (quoting 3 B.E. Witkin, CALIFORNIA PROCEDURE § 7 (4th ed. 1996) and citing *Stevenson v. Superior Court*, 16 Cal.4th 880, 900 (1997) ("Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided . . ."). Because the statute already provides for penalties to employees, courts have found that punitive damages are not available for violations of Labor Code § 203. Section 203 "provides for the award of statutory penalties when an employer 'willfully fails to pay' wages due upon termination [and] [t]he Legislature's provision of such statutory penalties precludes an award of punitive damages." *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990) (citations omitted). See also *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d at 620-21 ("[A]s the California Supreme Court noted in *Murphy v. Kenneth Cole Productions, Inc.*, Labor Code sections 203 and 226 do in fact impose 'penalties' explicitly labeled as such. 40 Cal.4th 1094, 1108-09 [ ] (2007). As the Labor Code provides for compensatory damages *in addition* to statutory penalties, it is difficult to fathom how such penalties are not meant to 'punish' employers who willfully violate the provisions of the Labor Code" (citing *Czechowski*)). Thus, plaintiff should not include this prayer for relief in any amended complaint.

[45]The court notes, however, that as a former employee, Lewis is not entitled to seek injunctive relief. To have standing under Article III of the United States Constitution, a plaintiff must (1) have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the alleged conduct; and (3) it must be likely, as opposed to merely speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

"In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury" to have standing. *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (citing *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1100 (9th Cir. 2000)). Because Lewis is no longer an employee of Wendy's, he cannot show that he faces a real or immediate threat of failing to receive rest or meal periods. See *Milligan v. American Airlines, Inc.*, 327 Fed. Appx. 694, 696 (9th Cir. Apr. 30, 2009) (Unpub. Disp.) ("Milligan is not an American employee. She therefore cannot show that she faces a 'real or immediate threat of irreparable injury' by American's employment practices").

Citing *Johnson v. GMRI, Inc.*, No. CV F 07-0283 LJO DLB, 2007 WL 2462101, (E.D. Cal. Aug. 27, 2007), Lewis argues that this aspect of his prayer for relief should not be struck "because Plaintiff may rely on unnamed putative class members for standing as to issues involving injunctive relief." This proposition, however, runs counter to both Supreme Court and Ninth Circuit precedent. See *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[t]hat a suit may be a class action . . . adds nothing to the question of standing"); *Hodgers-Durin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("[S]ystemwide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class"); *Milligan*, 327 Fed. Appx. at 696 ("Ninth Circuit and United States Supreme Court case law directly rebut Milligan's argument that she need not be a current American employee to seek injunctive relief, because she brings a class action claim, under which she asserts 'former employees [may] provide superior representation.' . . . Milligan is not an American employee. She therefore cannot show that she faces a 'real or

Plaintiff may file an amended complaint within twenty days of the date of this order.

DATED: December 29, 2009

                                           */s/ Margaret M. Morrow*
                                         MARGARET M. MORROW
                                         UNITED STATES DISTRICT JUDGE

---

immediate threat of irreparable injury' by American's employment practices. The fact that Milligan brought a class-action claim does not alter this analysis"). The *Johnson* court seemed to have reached a contrary result on public policy grounds, expressing concern that class members who were current employees would suffer retaliation for asserting their rights. 2007 WL 2462101 at *5 ("This Court agrees with plaintiffs that public policy purposes dissuade striking injunctive relief at this early stage. . . . The circumstances here raise at least an inference that current employees may be resistant to champion the claims of potential class members"). No apparent circumstances suggest that there are compelling public policy grounds for declining to strike Lewis's injunctive relief prayer. This is particularly true since under clear Supreme Court and Ninth Circuit precedent, Lewis lacks standing to seek an injunction. Accordingly, plaintiff may not include this prayer for relief in any amended complaint.

18