1  Mark D. Kemple (State Bar No. 145219)
2  Ruth M. Holt (State Bar No. 223152)
   mkemple@jonesday.com
3  JONES DAY
   555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:   (213) 489-3939
5  Facsimile:   (213) 243-2539

6  Stanley Weiner, Esq. (admitted pro hac vice)
   sweiner@jonesday.com
7  JONES DAY
   901 Lakeside Avenue
8  Cleveland, Ohio 44114
   Telephone: (216) 586-3939
9  Facsimile: (216) 597-0212

10 Attorneys for Defendant
   Wendy's International, Inc.
11

                    UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13

14

15 ELLIOTT LEWIS, an individual, on          Case No. 09-CV-7193 MMM (JCx)
   behalf of himself, and all others
16 similarly situated,                       Assigned for all purposes to
                                             Honorable Margaret M. Morrow
17              Plaintiff,

18       v.                                  **NOTICE OF MOTION, MOTION
                                             AND MEMORANDUM  IN
19 WENDY'S INTERNATIONAL, INC.,              SUPPORT OF DEFENDANT
   a Corporation; and DOES 1-20,            WENDY'S INTERNATIONAL,
20 inclusive,                                INC.'S MOTION TO
                                             DISMISS/STRIKE SECOND
21              Defendant.                   AMENDED COMPLAINT
                                             WHICH FAILS TO HEED THE
22                                           COURT'S SCHEDULING
                                             ORDER AND FEDERAL RULES
23                                           OF CIVIL PROCEDURE 15 AND
                                             16**
24
                                             [Fed.R.Civ.P., Rules 12(b)(6), 12(f),
25                                           15(a), 16(b)(4)]

26                                           Date:    June 28, 2010
                                             Time:    10:00 a.m.
27                                           Place:   Roybal - Courtroom 780

28

   LAI-3093215v3

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 780 of the United States District Court, Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable Margaret M. Morrow, Defendant Wendy's International, Inc., will and hereby does move the Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), Rule 15(a) and Rule 16(b)(4), for an order dismissing Count 6 of the Plaintiff's Second Amended Complaint, with prejudice.  Count 6, brought pursuant to the California Private Attorneys General Act, California Labor Code § 2699, *et seq.*, is a broad new claim for which Plaintiff has not sought or obtained leave to amend.  Further, Plaintiff's January 19, 2010 deadline for filing a motion to add new claims has long since expired, and no relief from it has been sought (let alone good cause shown).

In addition, Plaintiff has not and cannot allege exhaustion of administrative remedies in connection with this claim.  For this alternative reason as well, Count 6 should be dismissed with prejudice.

Defendant also moves to strike Plaintiff's class definitions and allegations, Paragraphs 35 through 45, pursuant to Federal Rules of Civil Procedure, Rules 12(f) and 16(b)(4), because Plaintiff failed to file a certification motion by the April 12, 2010 deadline.  No leave for relief from this deadline has been sought (let alone good cause shown).  For the same reasons, Defendant moves to strike all references in the Second Amended Complaint to "class action" on the cover of the pleading and in Paragraph 1, to "Class Members" in Paragraphs 16, 17 and Prayers A and B, to "class" in Paragraphs 21, 24, 27, 28, 29, 31, 33, 47, 48, 49, 51, 52, 53, 56 and 57, to "member[s] of the class" in Paragraphs 28, 34, 55, to "others" in Paragraphs 57, 60, 61 and 62, to "others similarly situated" on the cover, page 1 and page 22 of the pleading and in Paragraphs 57 and 70, to "all persons similarly situated, and all interested persons" in Paragraph 67, to "those similarly situated" in Paragraph 72,

1   and to "on behalf of all others similarly situated" in Paragraph 64.

2   Defendant also moves to strike Plaintiff's "representative" allegations,

3   Paragraphs 36, 72 and 77, pursuant to the *Erie* doctrine because they are procedural

4   allegations and are in direct conflict with Rule 23 of the Federal Rules of Civil

5   Procedure.

6   This Motion is made following the conference of counsel which took place on

7   April 23, 2010 pursuant to Central District Local Rule 7-3.  That meet and confer

8   was preceded by a very detailed letter setting forth the basis for this motion.

9   This Motion is based upon this Notice of Motion and Motion, the

10   accompanying Memorandum of Points and Authorities In Support of the Motion, the

11   concurrently filed Declaration of Mark D. Kemple, and such further evidence,

12   authorities, and argument as may be presented in advance of, or during, the hearing

13   on this Motion.

14   Dated:  May 3, 2010                         JONES DAY

15

16                                              By:___/s/ Mark D. Kemple_____
                                                    Mark D. Kemple
17

18                                              Attorneys for Defendant
                                                WENDY'S INTERNATIONAL, INC.

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.   PLAINTIFF'S (A) CLASS ALLEGATIONS AND (B) NEW PAGA CLAIM ARE IN DIRECT VIOLATION OF THIS COURT'S ORDERS AND THE FEDERAL RULES OF CIVIL PROCEDURE, AND SHOULD BE DISMISSED AND/OR STRICKEN ............................ 1

A.   The  Court's Scheduling Order ............................................... 1

B.   Mindful Of the Scheduling Order, In January 2010 Plaintiff Consciously Elects Not To Seek To Add The Same PAGA Claim  It Now Purports To Add Unilaterally ...................................... 2

C.   Having Passed On The PAGA Claim, Plaintiff Re-Files the Same Deficient Complaint (the FAC), Which Is Again Dismissed ........................................................................ 5

D.   After the Second Dismissal, Plaintiff Files Its Second Amended Complaint, Late .................................................................. 5

E.   The PAGA Claim Unilaterally Added To The SAC By Plaintiff In April 2010 Violates The Court's Scheduling Order And Rule 15 ........................................................................... 6

F.   The Class Allegations Of The SAC Also Defy This Court's Scheduling Order ....................................................................... 7

II.  PLAINTIFF DOES NOT, AND CAN NOT, ALLEGE PAGA EXHAUSTION .......................................................................... 7

III. PLAINTIFF'S PAGA NON-CLASS REPRESENTATIVE ALLEGATIONS SHOULD BE STRICKEN. ............................................ 10

IV.  CONCLUSION ....................................................................... 15

1

Cases

2

*Arias v. Super. Ct.,*
  46 Cal. 4th 969 (2009) ...................................................................9, 12, 14

3

4

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) ............................................................................13

5

*Bato v. Lab. Corp. of America Holdings,*
  No. 09-cv-04671, Docket No. 44, Order (Morrow, J.)
  (C.D. Cal. Feb. 8, 2010)...................................................2, 4, 6, 9, 13

6

7

*Caliber Bodyworks, Inc. v. Super. Ct.,*
  134 Cal. App. 4th 365 (2005)..................................................................8

8

*Clark v. Allstate Ins. Co.,*
  106 F. Supp. 2d 1016 (N.D. Cal. 2009) ...................................11, 12, 13

9

10

*Clark v. State Farm Mutual Automobile Ins. Co.,*
  231 F.R.D. 405 (C.D. Cal. 2005) ...........................................................13

11

*Coleman v. Quaker Oats Co.,*
  232 F.3d 1271 (9th Cir. 2000).................................................................2

12

13

*De Simas v. Big Lots Stores, Inc.,*
  No. C 06-6614 SI, 2007 WL 686638, *4 (N.D. Cal. Mar. 2, 2007) ......4

14

*EEOC v. Gen. Tel. Co.,*
  599 F.2d 322 (9th Cir. 1979)..................................................................12

15

16

*Erie Railroad Co. v. Tompkin,*
  304 U.S. 64 (1938) .......................................................................6, 11, 14

17

*Gasperini v. Center for Humanities, Inc.,*
  518 U.S. 415 (1996) ...........................................................................11, 14

18

19

*Hanna v. Plumer,*
  380 U.S. 460 (1965)...............................................................6, 11, 12, 13

20

*Jackson v. East Bay Hosp.,*
  980 F. Supp. 1341 (N.D. Cal. 1997) .....................................................13

21

22

*Metabolife International Inc. v. Wornick,*
  264 F.3d 832 (9th Cir. 2001)............................................................11, 13

23

*Robinson v. Managed Accounts Receivables Corp.,*
  654 F. Supp. 2d 1051 (C.D. Cal. 2009) .................................................13

24

25

*Smith v. Superior Court,*
  10 Cal. App. 4th 1033 (1992)..................................................................13

26

27

28

*Snead v. Metropolitan Property & Casualty Ins. Co.,*
   237 F.3d 1080 (9th Cir. 2001)........................................................................11, 14

*Thomas v. Home Depot USA Inc,*
   527 F. Supp. 2d 1003 (N.D. Cal 2007) ...............................................................8, 9

*Waisbein v. UBS Fin. Servs.,*
   2008 WL 753896, *1 (N.D. Cal. Mar. 19, 2008)......................................................8

*Zivkovic v. Southern California Edison Co.,*
   302 F.3d 1080 (9th Cir. 2002)....................................................................................6

## Statutes

California Code of Civil Procedure. § 3294 ...........................................................13

California Labor Code § 2699.3 ....................................................................*passim*

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

3    **I.   PLAINTIFF'S (A) CLASS ALLEGATIONS AND (B) NEW PAGA CLAIM ARE IN DIRECT VIOLATION OF THIS COURT'S ORDERS AND THE FEDERAL RULES OF CIVIL PROCEDURE, AND SHOULD BE DISMISSED AND/OR STRICKEN.**

4

5         **A.   <u>The  Court's Scheduling Order.</u>**

6         Pursuant to this Court's Order dated November 5, 2009 (Docket # 13), this

7    Court held a Scheduling Conference on December 21, 2009.  At the end of that

8    Conference, it made its Rule 16 Scheduling Order.  The Court ordered that April 12,

9    2010, was the deadline to file any motion for class certification:

10             [T]he schedule for filing a class certification motion will be as

11             follows.  <u>And I will not extend these dates.  So be advised and</u>

12             <u>do what you need to do within this schedule.</u>  [¶]  The class

13             certification motion must be filed by April 12.

14   Ex. 1, Reporter's Transcript of Proceedings, December 21, 2009 Scheduling

15   Conference ("Scheduling Order"), attached to Decl. of Mark D. Kemple ("Kemple

16   Decl.") at 14:23-15:3 (emphasis added).[1]  In addition, the Court ordered that:

17             The deadline for filing of motions or stipulations seeking to

18             amend pleadings to add new parties, <u>new claims</u>, or new

19             defenses will be January 19.

20             Any amendments that are <u>required</u> by the Court's ruling on

21             the motion to dismiss will be governed by a separate date, and

22             that will be the date in the order.  This is for any general

23             <u>additional amendments</u> that either party wishes to make.

24   Ex. 1 at 14:8-22 (emphasis added).

25        A few days later, the Court granted Defendant's 12(b)(6) motion, with explicit

26

27   _____

        [1] Wendy's requests that the Court take judicial notice of this official transcript
28   of proceedings in this action, and of all documents that are referenced as docket
     entries herein.

1  instructions to Plaintiff concerning how to plead his claims.  (Docket # 20.)

2        **B.**     **<u>Mindful Of the Scheduling Order, In January 2010 Plaintiff</u>**

3             **<u>Consciously Elects Not To Seek To Add The Same PAGA Claim</u>**

4             **<u>It Now Purports To Add Unilaterally.</u>**

5        As Plaintiff considered the content his First Amended Complaint ("FAC") in

6  January 2010, Plaintiff toyed with the idea of trying to add the broad PAGA claim –

7  the same claim he now seeks to add months later.  In January 2010, the parties had a

8  detailed meet and confer concerning that claim.  As defense counsel noted then,

9  Plaintiff's bid to add this new PAGA claim without leave of Court violated not only

10  Rule 15, but the Court's Rule 16 Scheduling Order issued weeks earlier:

11        As you know, Plaintiff is beyond his ability to amend of right.

12        Indeed, after the Court set the FRCP Rule 16 deadlines on

13        December 21, an amendment is permitted only for "good

14        cause."[2]  Further still, the Court ordered on December 21,

15        2009, that if any party wished to amend beyond any leave

16        granted by her Order on Defendant's Motion to Dismiss, that

17        party must file a motion to amend to add such claims by no

18        later than January 19, 2010.  In short, you may amend your

19        pleading beyond the confines of the leave previously requested

20        and received, only after meeting and conferring, a motion and

21        an order.

22  Kemple Decl., Ex. 2 (Jan. 7, 2010 Letter from M. Kemple to M. Jacob).

23

24

25        [2] Once a scheduling order issues, no later amendment of the pleadings is permitted unless the Court first modifies the scheduling order on a showing of "good cause" to allow Plaintiff to file a motion to amend.  Fed. R. Civ. P. 16(b).  *See e.g.,*

26  *Bato v. Lab. Corp. of America Holdings*, No. 09-cv-04671, Docket No. 44, Order at 11 (Morrow, J.) (C.D. Cal. Feb. 8, 2010) *citing* Fed. R. Civ. Proc. 16(b); *Coleman v.*

27  *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).  No such motion has been made

28  by Plaintiff.

In response, Plaintiff made no claim <u>then</u> (as he does now[3]) that the Court had not set forth its Rule 16 Scheduling Order on December 21, 2009, including a January 19 deadline for motions for leave to amend to add new claims.  Quite the contrary.  Throughout January 2010, the parties:

- openly discussed the requirements of the Court's Rule 16 Scheduling Order;
- exchanged their Rule 26 disclosures by January 11, 2010, exactly as ordered by the Court in its Rule 16 Scheduling Order; and
- filed their Local Rule 16-15 Settlement Procedure Selection on January 25, 2010, exactly as ordered by the Court in its Rule 16 Scheduling Order (Docket # 24).

The parties even confirmed that the reason they were doing these things, on these dates, was <u>because</u> the Court's December 21 Scheduling Order required them to do so.  *E.g.*:

> <u>Counsel for Defendant</u>: "Michael, As you'll recall, the Court ordered the initial exchange of information to occur on January 11, 2010.  I propose that we comply by exchanging them when we meet this coming Monday.  Concur?"
>
> <u>Counsel for Plaintiff</u>:  "<u>Agreed</u>."

Kemple Decl., Ex. 4 (Jan. 7, 2010 Email from M. Kemple to M. Jacob).

Rather than argue that no Scheduling Order was issued by the Court, Plaintiff argued that California Labor Code § 2699.3 (a)(2)(C ) trumped the Court's Scheduling Order and trumped FRCP Rule 15.  Specifically, Plaintiff argued that:

> PAGA [California Labor Code § 2699.3 (a)(2)(C )] permits amendment as a matter of right.  Accordingly, at the present

---

[3] Now, however, during the meet and confer that immediately preceded this Motion, Plaintiffs claimed for the first time that no Scheduling Order was made by the Court on December 21, and that the Court's statements in this regard were merely advisory.

1        time, we do not believe that Plaintiff's ability to amend is

2        limited as you contend in your letter.

3  Kemple Decl., Ex. 3 (Jan. 6, 2010 Letter from M. Jacob to M. Kemple).  Defense

4  counsel responded that:

5        Your assertion that a state statute [California Labor Code §

6        2699.3 (a)(2)(C )] (regarding amendment of a state pleading)

7        trumps all the foregoing procedures of the Federal Court,

8        including FRCP Rule 15, the Court's Meet and Confer

9        requirements, and the Court's Scheduling Order, runs directly

10        afoul of the *Erie* Doctrine (and common sense).  Federal Court

11        procedure applies here.  Accordingly, if you would like to

12        allege new claims other than a Section 558 PAGA claim, you

13        are required to comply with the Court's procedures, orders and

14        deadlines.  You have not done so.

15  Kemple Decl., Ex. 2.  This Court has since confirmed that reasoning.  As it held in

16  *Bato v. Lab. Corp. of America Holdings*, No. 09-cv-04671, Docket No. 44, Order at

17  10-11 (Morrow, J.) (C.D. Cal. Feb. 8, 2010):

18        [Labor Code] § 2699.3 (a)(2)(C) … is a "procedural provision

19        … that directly conflicts with the Federal Rules of Civil

20        Procedure governing amendment," and that, under the

21        Supremacy Clause, U.S. Const. art. VI, cl. 2, and *Hanna v.*

22        *Plumer*, 380 U.S. 460 (1965), the Federal Rules that govern

23        amendment of pleadings in federal court apply, not the state

24        provision.

25  *Id. citing De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638, *4

26  (N.D. Cal. Mar. 2, 2007).

27       Accordingly, Plaintiff abandoned its bid to move for leave to amend to add

28  that claim, and allowed the deadline for such amendments to lapse.  It filed it First

1  Amended Complaint ("FAC") without a PAGA claim.  (Docket # 23.)

2      **C.      Having Passed On The PAGA Claim, Plaintiff Re-Files the Same**

3              **Deficient Complaint (the FAC), Which Is Again Dismissed.**

4          Like his original pleading, Plaintiff's FAC was deficient.  In fact, it totally

5  failed to heed this Court's *explicit instructions* set forth in its earlier 12(b)(6) ruling

6  as to how to plead his claim.

7          On top of this, Plaintiff then rebuffed Defendant's meet and confer efforts to

8  cajole Plaintiff into properly stating his claims.  Rather, and despite the fact that its

9  deadlines were approaching, Plaintiff inexplicably opposed Defendant's second

10 motion to dismiss made on the same grounds as its earlier motion to dismiss.

11 (Docket # 26.)  Throughout this time period, Plaintiff declined to amend his

12 pleading to bring it in conformity with the Court's plain instruction, stood firm, and

13 awaited a decision from the Court on its still vacuous allegations.

14         That decision came, again finding Plaintiff's allegations to be wholly

15 deficient. (Docket # 30.)  In connection therewith, the Court granted Plaintiff until

16 April 13, 2010, to amend to attempt to restate these claims.  *Id*.

17     **D.      After the Second Dismissal, Plaintiff Files Its Second Amended**

18             **Complaint, Late.**

19         And Plaintiff delayed still further:

20     ●      The April 12, 2010 class certification deadline came and went.

21             No new pleading was filed prior thereto, and no motion for class

22             certification was filed.

23     ●      The April 13, 2010 deadline to attempt to re-allege the prior

24             complaint came and went, without proper filing and service of an

25             amended pleading. [4]

26 Finally, on April 14, 2010, Plaintiff filed a Second Amended Complaint ("SAC").

27 _____

28     [4]  This was the second time that Plaintiff failed to comply with General Order
   08-02, and had his pleading stricken.  (*See* Docket ## 22 and 32.)

LAI-3093215v3
                                                        DEF.'S MOTION TO DISMISS/STRIKE
                            - 5 -                        09-CV-7193 MMM (JCx)

**E.**    **The PAGA Claim Unilaterally Added To The SAC By Plaintiff In April 2010 Violates The Court's Scheduling Order And Rule 15.**

Apart from being a day late (again), Plaintiff's SAC purported to add, unilaterally, the same broad new PAGA claim discussed way back in January, and which Plaintiff elected then (when its deadlines had not yet run) not to seek to add. Plaintiff purported to do so unilaterally (1) without a motion to change the Scheduling Order (on a required showing of good cause[5]), and (2) without, thereafter, a motion for leave to amend under Rule 15 if the Scheduling Order were changed.  Plaintiff again simply added this claim with a citation to California Labor Code § 2699.3 (a)(2)(C) which, he claims, gives him leave to amend "of right" in Federal Court.  *See* SAC at 20 n.1.

As discussed above – and as Plaintiff knows – this is wholly in correct.  State procedural rules do not trump the Federal Rules of Civil Procedure in an action removed to state court.  *Hanna v. Plumer*, 380 U.S. 460, 463-74 (1965); *Bato, supra*, Order at 10-11; *see also Erie Railroad Co. v. Tompkin*, 304 U.S. 64 (1938).  Even assuming PAGA's procedural requirements applied in federal court (they do not), Plaintiff's PAGA amendment still would untimely.[6]  Accordingly, the PAGA claim

---

[5] Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 609.   To establish "good cause" to modify a Scheduling Order, a plaintiff must show that he was (1) diligent in assisting the Court to establish a workable scheduling order, (2) acted diligently to meet whatever schedule was imposed, and (3) made a prompt request for modification once it became apparent that compliance was not possible. *Id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607-608 (E.D. Cal. 1999); *Coleman*, 232 F.3d at 1294.  The focus of "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Matrix Motor Co. v. Toyota Jidosha Kabushiki Haisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).  *See also Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (diligence was not demonstrated where the moving party did not seek to modify the scheduling order until four months after the scheduling order was issued).  Again, no such motion has been made by Plaintiff.  Nor could Plaintiff possibly bear this burden in any event.

[6] The PAGA statute provides:  "[A] plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."  Labor Code § 2699(a)(2)(C).  Plaintiff's PAGA letter is dated December 24, 2009.  Kemple Decl., Ex. 5 (PAGA

1 should be dismissed or stricken in its entirety.  It violates the Court's Scheduling

2 Order, as well as Federal Rule of Civil Procedure 15.

3    **F.    The Class Allegations Of The SAC Also Defy This Court's**

4          **Scheduling Order.**

5    In addition, the April 14 SAC contains class allegations despite the fact that

6 the time to <u>move to certify any class in this action expired on April 12, 2010</u>.  No

7 such motion was made. As such, the SAC is in plain violation of this Court's Orders

8 and the Federal Rules of Civil Procedure.  Accordingly, the class allegations should

9 be stricken in their entirety.  They violate the Court's Scheduling Order, for which

10 no modification had been requested, let alone based on a showing of good cause.

11 **II.   PLAINTIFF DOES NOT, AND CAN NOT, ALLEGE PAGA**

12       **EXHAUSTION.**

13    Plaintiff's unauthorized PAGA claim also wholly fails to plead that proper

14 notice was given to the Labor Commissioner as is required when bringing any

15 PAGA claim.  Nor could it.  The December 24 PAGA letter on which Plaintiff

16 attempts to rely asserts, in pertinent <u>total</u>, that "Defendant impeded, discouraged and

17 prevented Plaintiff and other California non-exempt employees from taking meal

18 and rest breaks in accordance with the law," and that "Defendant's policies and

19 company wide practices also prevented Plaintiff . . . from taking meal and rest

20 breaks."  Kemple Decl., Ex. 5 (PAGA Letter).  This, of course, is significantly <u>less</u>

21 than was alleged in Plaintiff's defective pleadings in this action, which this Court

22 concluded did "not give defendant adequate notice regarding the nature of the claims

23 to which it must respond or sufficiently state the facts on which the claims are

24 based."  *See* Order Granting Defendant's Motion to Dismiss ("Order") (Docket # 20)

25 _____

26 (continued…)

27 Letter).  Plaintiff's right to sue matured on January 26, 2010 (Labor Code §
2699(a)(2)(A)), and the 60 day period set forth in the statute expired on March 27,
2010.  Labor Code § 2699(a)(2)(C).  Because the SAC was not filed until April 14,
28 2010, Plaintiff's amendment would be untimely even if California procedure applied.

1   at 10.

2       Any pleading "seeking civil penalties recoverable by the State … for

3   violations of any Labor Code provision specified in Section 2699.5 must now plead

4   compliance with section 2699.3, subdivision (a)'s administrative procedures."

5   *Caliber Bodyworks, Inc. v. Super. Ct.*, 134 Cal. App. 4th 365, 382-83 (2005) *citing*

6   Cal. Lab. Code § 2699.3 ("civil action by an aggrieved employee pursuant to …

7   Section 2699 alleging a violation of any provisions listed in 2699.5 *shall* commence

8   *only* after the following requirements have been met").

9       The purpose of  PAGA's notice requirement is to allow the LWDA to act first

10   on claims it deems worthy of pursuing.  The Legislature enacted these exhaustion

11   requirements to "improve[] PAGA by allowing the [LWDA] to act first on more

12   'serious' violations."  *Caliber*, 134 Cal. App. 4th at 375.  The Legislature further

13   declared that it was "in the public interest" to ensure that "state labor law

14   enforcement agencies' enforcement actions have primacy over any private

15   enforcement actions pursuant to this Act."  *Id.* at n. 6.  PAGA bears out these

16   purposes by, among other things, requiring private individuals to provide notice to

17   the LWDA before bringing suit, giving the LWDA the initial right to prosecute, and

18   cutting off a private cause of action in cases where the LWDA cites an employer for

19   violations.  Labor Code § 2699(a), (f)-(h); *Caliber*, 134 Cal. App. 4th at 374-77.

20       Accordingly, all courts to have addressed this issue have held that a litigant

21   who fails to plead satisfaction of these two exhaustion requirements fails to state a

22   PAGA claim for relief.  *Caliber*, 134 Cal. App. 4th at 381-384; *Thomas v. Home*

23   *Depot USA Inc*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal 2007) (after exhausting the

24   requirements of Labor Code § 2699.3(a), a party bringing a PAGA action must

25   plead compliance with the pre-filing notice and exhaustion requirements); *Waisbein*

26   *v. UBS Fin. Servs.,* 2008 WL 753896, *1 (N.D. Cal. Mar. 19, 2008) (same).

27       To meet this exhaustion requirement, a Plaintiff must plead and show that:

28       ●     he has exhausted administrative requirements by providing notice to the

1  |  LWDA of "specific provisions of the code alleged to have been
2  |  violated, **including the facts and theories to support the alleged**
3  |  **violation**" pursuant to Labor Code § 2699.3(a)(1) (emphasis added);
4  |  and

5  |  ●     he has allowed the agency an opportunity to investigate pursuant to
6  |  Labor Code § 2699.3(a)(2).

7  | *Bato*, *supra*, Order at 10 *quoting* Cal. Labor Code § 2699.3.   "[A]fter exhausting
8  | administrative remedies, [the employee] bringing a civil action must plead
9  | compliance with the pre-filing notice and exhaustion requirements." *Id. quoting*
10 | *Thomas*, 527 F. Supp. 2d at 1007.

11 | As this Court has previously observed, "to allow plaintiffs to circumvent
12 | compliance with § 2699.3 would 'vitiate the Legislature's express intent that the
13 | LWDA have the initial right to investigate and cite an employer for Labor Code
14 | violations.'"   *Bato*, *supra*, Order at 10 *quoting Caliber*, 134 Cal. App. 4th at 384; *see*
15 | *also Arias v. Super. Ct.*, 46 Cal. 4th 969, 981 (2009) ("[PAGA] requires the
16 | employee to give written notice of the alleged Labor Code violation to both the
17 | employer and the [LWDA] and the notice must describe the facts and theories
18 | supporting the violation.")

19 | Plaintiff fails to adequately plead compliance with PAGA's pre-filing notice
20 | and exhaustion requirements.  Although the SAC alleges that Plaintiff filed a PAGA
21 | notice, and that the LWDA has decided not to investigate the allegations asserted in
22 | the notice, the SAC does not allege the content of Plaintiff's PAGA "notice."  SAC ¶
23 | 74.  Nor does the SAC attach a copy of Plaintiff's PAGA letter for the Court's
24 | review.[7]

25 | Even if Plaintiff's December 24 PAGA letter were attached to Plaintiff's SAC,
26 | it is non-compliant with the statute because it fails to provide adequate notice to the

---

[7] *See* Kemple Decl., Ex. 5, (PAGA Letter); Ex. 2  (Jan. 7, 2010 Letter from M. Kemple to M. Jacob identifying deficiencies in Plaintiff's PAGA letter).

1  LWDA, of the "facts and theories to support the alleged violation[s]."  Labor Code

2  § 2699.3(a)(1).  Indeed, Plaintiff's PAGA allegations are even less specific than the

3  allegations contained in Plaintiff's original Complaint, which this Court concluded

4  did "not give defendant adequate notice regarding the nature of the claims to which

5  it must respond or sufficiently state the facts on which the claims are based."  Order

6  (Docket # 20) at 10.

7       For example, the PAGA letter merely asserts that "Defendant impeded,

8  discouraged and prevented Plaintiff and other California non-exempt employees

9  from taking meal and rest breaks in accordance with the law" and that "Defendant's

10  policies and company wide practices also prevented Plaintiff . . . from taking meal

11  and rest breaks."  Kemple Decl., Ex. 5.  This is far less than the allegations this

12  Court already found not provide notice of the claims to the party defendant – let

13  alone to the uninvolved the Labor Commissioner.  Compare Order (Docket # 20) at

14  10 (pleadings in this action did "not give defendant adequate notice regarding the

15  nature of the claims to which it must respond or sufficiently state the facts on which

16  the claims are based").

17       For this reason as well, Plaintiff's PAGA claim should be dismissed with

18  prejudice.  Not only does the SAC's inclusion of this new claim violate Rule 16 and

19  this Court's Scheduling Order, the SAC has not pled – and cannot plead – PAGA

20  exhaustion.

## III.  PLAINTIFF'S PAGA NON-CLASS REPRESENTATIVE ALLEGATIONS SHOULD BE STRICKEN.

22       Apart from all the foregoing, Plaintiff's new allegations concerning a

23  "representative" action under PAGA (SAC ¶¶ 36, 72, 77) should be stricken from

24  the SAC as a matter of federal procedure.  Plaintiff's obvious and belated attempt to

25  end-run this Court's class certification deadline fails as it seeks to rely on a state

26  procedural rule with no application in federal court.  Such reliance fails for precisely

27  the same reasons that Plaintiff's reliance on Labor Code § 2699.3(a)(2)(C) fails.

28

Pursuant to *Erie Railroad Co. v. Tompkin,* 304 U.S. 64, 78 (1938), *Hanna v. Plumer*, 380 U.S. 460 (1965) and their progeny (the "*Erie* Doctrine"), the elective non-class <u>procedural rule</u> set forth in PAGA (a plaintiff is free to pursue such claims in state court either as a class action or a non-class representative action[8]), is inapplicable in federal court.  A plaintiff seeking PAGA remedies for supposed violations suffered by others must obtain class certification under Rule 23, and thereby bring such persons before the Court.  And the time for class certification (even on claims properly before the Court) has passed.

It is well-established that federal courts sitting in diversity must apply the state substantive law and federal procedural law.  *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426-27 (1996); *Snead v. Metropolitan Property & Casualty Ins. Co.*, 237 F.3d 1080, 1090-91 (9th Cir. 2001); *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (N.D. Cal. 2009).

Although the classification of a dispute as "substantive" or "procedural" for purposes of *Erie* analysis is sometimes a trying endeavor, the present situation is simply not such a challenge.  As the Supreme Court recognized in *Hanna*:

> When a situation is covered by one of the Federal Rules, the question facing the court *is a far cry from the relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule*, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor Constitutional restrictions.

*Hanna,* 380 U.S. at 471 (emphasis added); *see also Metabolife International Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001) (procedural state laws are not used in federal court if to do so would result in a "direct collision" with a Federal Rule of

---

[8] *See Arias*, 46 Cal. 4th at 981-988 and n.5.

1  Civil Procedure); *accord Clark*, 106 F. Supp. 2d at 1018.  As the Supreme Court

2  reasoned:

3              to hold that a Federal Rule of Civil Procedure must cease to

4              function whenever it alters the mode of enforcing state-created

5              rights would be to disembowel either the Constitution's grant of

6              power over federal procedure or Congress' attempt to exercise

7              that power in the Enabling Act.

8  *Hanna,* 380 U.S. at 473-74.

9      Here, there is a direct conflict between a non-class "representative" PAGA

10  claim and Rule 23.  As a matter of state procedure, a Plaintiff *may* pursue a PAGA

11  claim in a representative capacity without first meeting state class action

12  requirements.  *See Arias*, 46 Cal. 4th at 981-88 and n.5; Cal. Labor Code § 2699 *et*

13  *seq.*  In fact, nothing in PAGA or in the California Supreme Court's decision in *Arias*

14  interpreting PAGA limits non-class "representative" actions to those involving

15  "common issues" or by other criteria that would render them capable of mass

16  resolution as required by Rule 23.  *Id.*  Whereas, as a matter of **federal** procedure

17  plaintiffs must meet the class action prerequisites set forth in Rule 23 if they intend

18  to pursue a claim in a representative capacity on behalf of similarly aggrieved

19  individuals.  *See* Fed. R. Civ. P. 23 ("members of a class may sue or be sued as

20  representative parties on behalf of all members only if… [they meet the prerequisites

21  of Rule 23])".  A Plaintiff is simply not provided a procedural choice under Rule 23.

22  *See e.g. EEOC v. Gen. Tel. Co.*, 599 F.2d 322, 328-31 (9th Cir. 1979) (unless

23  explicitly exempted by statute claims brought in a representative capacity on behalf

24  of similarly situated employees must comply with Rule 23).

25      Although Wendy's is not aware of any case disposing of this precise issue, this

26  Court's prior decision in *Bato* comes very close to it and certainly applies reasoning

27  that would dictate the same result.

28      Labor Code § 2699.3 (a)(2)(C) ... is a "procedural provision ...

1       that directly conflicts with the Federal Rules of Civil Procedure

2       governing amendment," and that, under the Supremacy Clause,

3       U.S. Const. art. VI, cl. 2, and *Hanna v. Plumer*, 380 U.S. 460

4       (1965), the Federal Rules that govern amendment of pleadings

5       in federal court apply, not the state provision.

6 *Bato*, *supra*, Order at 10-11.

7       Further, the decisions of other federal courts on closely related questions,

8 particularly in the context of pleading a claim for punitive damages, are instructive.

9 Under California law, punitive damages claims are subject to a heightened pleading

10 standard.  *See* Cal. Code Civ. P. § 3294; *Smith v. Superior Court*, 10 Cal. App. 4th

11 1033, 1041-42 (1992).  Whereas, in the Ninth Circuit (prior to the Supreme Court's

12 recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)), a conclusory

13 pleading was sufficient.  *Clark*, 106 F. Supp. 2d at 1018-19; *Robinson v. Managed*

14 *Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1066 (C.D. Cal. 2009).  District

15 courts applying *Erie* to the above scenario have repeatedly found a direct conflict

16 and held that, while state substantive law governs a Plaintiff's claims for punitive

17 damages under California Civil Code section 3294, Federal Rules of Civil Procedure

18 govern the punitive damages claim procedurally with respect to the adequacy of the

19 pleadings.  *See e.g. Clark v. State Farm Mutual Automobile Ins. Co.*, 231 F.R.D.

20 405, 406-07 (C.D. Cal. 2005); *Jackson v. East Bay Hosp.*, 980 F. Supp. 1341, 1353-

21 54 (N.D. Cal. 1997); *see also Metabolife*, 264 F.3d at 845-46 (holding that the

22 discovery limitations provided for in California's anti-SLAPP statutes, sections

23 425.16(f) and (g), directly conflict with the discovery allowing aspects of Federal

24 Rule of Civil Procedure 56).

25       Similarly, because a direct conflict exists between the state procedure under

26 PAGA and Rule 23, the Court must apply Rule 23.  As such, Plaintiff's

27 "representative" claim must meet the class action prerequisites set forth in Rule 23.

28 Because the time to file a motion for class certification has passed, Plaintiff's

1  allegations respecting the prosecution of a "representative" action should be stricken

2  from the complaint.

3      Even absent a "direct conflict" between PAGA and Rule 23, the general

4  principles of *Erie* dictate that the class action requirements set forth in Rule 23 apply.

5  In order to assist the Court in determining whether a state rule is substantive or

6  procedural the Supreme Court has propounded an "outcome determinative test".

7  *Gasperini*, 518 U.S. at 427; *Snead*, 237 F.3d at 1090.  Under this test, the question is:

8          does [the federal rule] significantly affect the result of the

9          litigation for a federal court to disregard a law of the state that

10         would be controlling in an action upon the same claim by the

11         same parties in State court?

12  *Id.*  Whether such disregard would affect the outcome of an action "must be guided

13  by the 'twin aims of the *Erie* rule:  discouragement of forum shopping and avoidance

14  of inequitable administration of the laws.'" *Gasperini*, 518 U.S. at 428 *quoting*

15  *Hanna*, 380 U.S. at 468.  The Court should not apply this test so as to "produce a

16  decision favoring the application of the state rule unless one of these aims will be

17  furthered."  *Snead*, 237 F.3d at 1090.

18      Here, applying the class action prerequisites of Rule 23 would not be

19  "outcome determinative" on its face.  As a matter of state procedure, a plaintiff is

20  *free to choose* to bring a PAGA claim either as class action or as a non class

21  representative claim, but cannot be *compelled* to bring it as a class action.  *See Arias*,

22  46 Cal. 4th at 981 n. 5.  If a plaintiff is able to choose to pursue a PAGA claim as

23  *either* a class action *or* a non-class representative action, how can it be said that the

24  non-class procedural option is a "substantive" right?  Additionally, if a litigant is free

25  to choose between bringing a PAGA claim as a class action or a non-class

26  representative action there is little, if any, risk that the failure to permit a Plaintiff

27  this same procedural process in federal court would lead to forum shopping or

28  inequitable administration of laws.

1    Finally, federal courts have an overriding interest in ensuring that PAGA

2  claims comply with Rule 23:  namely judicial economy and due process.  If a litigant

3  is permitted to pursue a non-class representative PAGA action in federal court

4  without the scrutiny of class certification under Rule 23, the court will be inundated

5  with issues related to who is a similarly situated "aggrieved employee" under PAGA

6  and the mini trials related to each employee's individualized situation.  *See e.g.* Cal.

7  Labor Code § 2699(a) and (c).  Moreover, these individuals will not have the right or

8  opportunity to participate or even obtain notice of a pending non-class representative

9  PAGA claim.

10    PAGA's optional state law non-class representative procedure is not

11  applicable, and is trumped by Federal Rule of Civil Procedure 23 pursuant to the

12  *Erie* Doctrine.  Plaintiff has not sought class certification of any of his existing

13  claims, let alone his improperly added PAGA claim.  And the time to do so has

14  expired.  Accordingly, Plaintiff's non-class "representative" allegations must be

15  stricken from the SAC.

16  **IV.    CONCLUSION**

17    For all the foregoing reasons, Plaintiff's new PAGA claim, Count 6, should be

18  dismissed, with prejudice.  Plaintiff's class allegations, definitions, and all references

19  thereto, should be stricken from the SAC, without leave to amend.   Finally,

20  Plaintiff's non-class "representative" allegations, should be stricken without leave to

21  amend.

22

23  Dated:  May 3, 2010                              JONES DAY

24

25                                              By:___/s/ Mark D. Kemple_____

26                                                    Mark D. Kemple

27                                              Attorneys for Defendant
                                               WENDY'S INTERNATIONAL, INC.

28