1  Mark D. Kemple (State Bar No. 145219)
   Ruth M. Holt (State Bar No. 223152)
2  mkemple@jonesday.com
   JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA 90071-2300
   Telephone:    (213) 489-3939
5  Facsimile:    (213) 243-2539

6  Stanley Weiner, Esq. (admitted pro hac vice)
   sweiner@jonesday.com
7  JONES DAY
   901 Lakeside Avenue
8  Cleveland, Ohio 44114
   Telephone: (216) 586-3939
9  Facsimile: (216) 597-0212

10 Attorneys for Defendant
   Wendy's International, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15 ELLIOTT LEWIS, an individual, on          Case No. 09-CV-7193 MMM (JCx)
   behalf of himself, and all others
16 similarly situated,                        Assigned for all purposes to
                                              Honorable Margaret M. Morrow
17               Plaintiff,

18        v.                                  **DECLARATION OF MARK D.
                                              KEMPLE  IN SUPPORT OF
19 WENDY'S INTERNATIONAL, INC.,               DEFENDANT WENDY'S
   a Corporation; and DOES 1-20,             INTERNATIONAL, INC.'S
20 inclusive,                                 MOTION TO DISMISS/STRIKE
                                              SECOND AMENDED
21               Defendant.                   COMPLAINT WHICH FAILS
                                              TO HEED THE COURT'S
22                                            SCHEDULING ORDER AND
                                              FEDERAL RULES OF CIVIL
23                                            PROCEDURE 15 AND 16**

24                                            Date:    June 28, 2010
                                              Time:    10:00 a.m.
25                                            Place:   Roybal - Courtroom 780

26

27

28

KEMPLE DECL. ISO DEF.'S MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

## KEMPLE DECLARATION IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

I, Mark D. Kemple, declare as follows:

1.     The following is based on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.     I am a partner in the law firm Jones Day, counsel of record for Wendy's International, Inc. ("Wendy's") in the above-captioned matter. I am duly licensed to practice law in the State of California. I am a member in good standing of the California Bar.

3.     On December 21, 2009, this Court held a Scheduling Conference in this matter. Attached hereto as Exhibit 1 is a true and correct copy of the official transcript of that proceeding, which was prepared by Mark Schweitzer, CSR, RPR, CRR, Official Court Reporter for the United States District Court.

4.     Attached hereto as Exhibit 2 is a true and correct copy of a letter that I sent to Michael Jacob, Plaintiff's counsel in this matter, on January 7, 2010.

5.     Attached hereto as Exhibit 3 is a true and correct copy of a letter I received from Michael Jacob on January 6, 2010.

6.     Attached hereto as Exhibit 4 is a true and correct copy of an Email exchange I had with Michael Jacob on January 7, 2010.

7.     Attached hereto as Exhibit 5 is a true and correct copy of a letter dated December 24, 2009, that I received from Michael Jacob, the original of which was addressed to the California Labor & Workforce Development Agency. Mr. Jacob confirmed in the meet and confer which preceded this motion that his December 24, 2009 letter is the basis for Plaintiff's claim to have exhausted his administrative remedy; no other letter is claimed to have been sent by Plaintiff in this regard.

/ / / /

/ / / /

/ / / /

1    8.    In the meet and confer with Doug Silverstein, Plaintiff's counsel, and

2  Mr. Jacob, Mr. Silverstein claimed that the statements by the Court on December 21,

3  2009 were non-binding.

4    I declare under penalty of perjury under the laws of the United States that the

5  foregoing is true and correct, and that this Declaration was executed in Los Angeles,

6  California on May 3, 2010.

7

8                              /s/ Mark D. Kemple

9                              Mark D. Kemple

10

11

12  LAI-3093833v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3              ---

4    **HONORABLE MARGARET M. MORROW, JUDGE PRESIDING**

5

6              ---

ELLIOTT LEWIS, ET AL.,          :

7                               :

         PLAINTIFF,             :

8                               :

    VS.                         :   NO. CV 09-7193-MMM

9                               :

WENDY'S INTERNATIONAL, INC.,    :

10   ET AL.,                     :

                               :

11        DEFENDANT.             :

12

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16             LOS ANGELES, CALIFORNIA

17          MONDAY, DECEMBER 21, 2009

18

19

20

21

22             MARK SCHWEITZER, CSR, RPR, CRR
               OFFICIAL COURT REPORTER
23             UNITED STATES DISTRICT COURT
               181-H ROYBAL FEDERAL BUILDING
24             255 EAST TEMPLE STREET
               LOS ANGELES, CALIFORNIA 90012
25             (213) 663-3494

2

```
1    Appearances of Counsel:

2


3    For the Plaintiff:

4            Kesluk & Silverstein
             By Michael G. Jacob, AAL
5            9255 Sunset Blvd.
             Ste. 411
6            Los Angeles, CA 90069

7

8

9

10

11   For the Defendant:

12           Jones Day
             By Mark D. Kemple, AAL
13           555 South Flower Street
             Los Angeles, CA 90071
14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                          I N D E X

2

3        MATTER:   Defendant's motion to dismiss class action

4                  complaint and to strike; Scheduling conference.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **Los Angeles, California; Monday, December 21, 2009**

2                        10:17 A.M.

3        WHEREUPON THE CASE HAVING BEEN CALLED AND

4        APPEARANCES GIVEN, THE FOLLOWING PROCEEDINGS

5        WERE HELD:

6        THE COURT:  We have the matter on calendar for a

7   hearing on the defendant's motion to dismiss the complaint and

8   also motion to strike as well as a scheduling conference.  The

9   Court prepared a tentative ruling regarding the motion.  Did

10  you want to be heard, Mr. Kemple?

11       MR. KEMPLE:  Yes, thank you, your Honor.  First,

12  thank you for taking the time that you obviously took in

13  reviewing our papers and preparing this very detailed

14  tentative ruling.  And I don't intend to try and go through

15  everything that I lost, but there were a few things that I did

16  want to discuss hopefully.  I appreciate the fact that the

17  Court recognizes that plaintiff has pled a somewhat unique

18  case in that it's relying on a company-wide policy on these

19  meal and rest break claims.  Our issue here is that we still

20  don't understand what defendants contend the policy to be.  Is

21  it a policy that --

22       THE COURT:  You are the defendants.

23       MR. KEMPLE:  Excuse me, the plaintiffs.

24       THE COURT:  Okay.

25       MR. KEMPLE:  Is it a policy that -- as we believed,

5

1    we think the law is fairly unclear in this area, and certainly

2    that is the suggestion by the California courts of appeal, and

3    now the California Supreme Court.  And the question is is it a

4    violation of law to fail to ensure that an employee takes a

5    break, whether or not they want to waive the break, or is it a

6    violation of law if you provide it, and the employee simply --

7    and then you authorize the break, but an individual manager,

8    for example, coerces in some fashion.

9            So there are two different standards up before the

10   California Supreme Court, and nobody knows what they are going

11   to do.  And the issue that we have is that we don't know which

12   of these legal -- which set of facts the plaintiff is

13   proceeding under, and given that we don't know what this

14   policy is that we're claiming that we have that violates the

15   law.

16           And when you turn that over to the class side.  And

17   I understand the Court's cited the cases that indicate that

18   it's rare that you address class allegations at the pleading

19   phase.  But the problem we have here is we can't ascertain who

20   would even be in this class.  The class is defined by the

21   violation of law that will be found at a trial in this action.

22           So who was not provided a meal and rest break just

23   begs the ultimate legal question in the case.  And there's a

24   lot of case law that says that that's never a proper

25   definition for a class.  So I understand the commonality,

6

1   typicality representative perhaps should await class

2   certification under a body of case law, but there seems to be

3   a fundamental sort of threshold issue on the class definition

4   that we don't know who would be in this class in any event,

5   that gets the cart before the horse.

6          So my points on the provide standard being uncertain

7   here go to all the causes of action.  There's just one other

8   cause of action that I wanted to focus on specifically.  And

9   that is the 226 cause of action.  226 is the inaccurate wage

10  statement statute.  And it lists out a number of items that

11  have to be accurately reported.  The problem we have here is

12  that the only allegation in the complaint is that we failed to

13  indicate when, if at all, plaintiffs received meal periods.

14  And as the Court points out, well, that's not required under

15  the statute.  So that's the allegation of the pleading.  It

16  clearly is deficient, I think as the Court has pointed out.

17         They are now saying that, well, you failed to list

18  the total hours worked.  They do this in opposition.  The

19  problem with that is if you miss a meal period, the hours are

20  reported.  You are not off the clock.  So there's no

21  under-reporting of hours here.  And no over-reporting of hours

22  even based on the allegations, even if they change their legal

23  theory that the issue is failure to under or over-report the

24  number of hours.  Missing a meal or rest break, you are still

25  on the clock.  So the hours show up.  So I just don't see any

7

1    violation of 226.  And of course, rest breaks are always on

2    the clock.  So you're on the clock.

3           If anything, the allegation is that we're having

4    them clock in for a longer period of time than they should

5    because they should be getting meal and rest break claims, but

6    there's no allegation that the hours shown on the time sheets

7    or on the wage statements is more or less than the hours

8    worked.  But we're already outside the pleading because the

9    pleading allegation is we failed to indicate if and when the

10   plaintiff received the meal periods, which is not required by

11   the statute.

12          So I respectfully suggest that that claim, even

13   before we get to the whole injury question, there's a split in

14   the case law between Elliott and the cases the Court cited,

15   and I know the Court has looked at that and made her decision,

16   but even before you get to that, the basic violation is not

17   pled on these facts.

18          So I believe all the claims should be re-pled to

19   clear up what they mean by provide.  We know there's a dispute

20   in the law, and all they offer is failed to provide.  That

21   could mean two very different things under two different legal

22   rubrics or analyses.  That runs to all the claims.  And

23   particularly the class.  Because we just -- even if the Court

24   allowed the plaintiff to go forward at this point, we don't

25   know who this class is.  People who were not provided meal and

8

1   rest breaks, we'll never know who that is until the end of the

2   day.  And then on 226 I made my point.  There's a fundamental

3   failure to plead.

4           Thank you, your Honor.

5           MR. JACOB:  Your Honor, I've already informed

6   counsel that we're submitting on the tentative, your Honor.

7   And we can file an amended pleading in 10 days.  And I wanted

8   to note to the Court that we will be filing the Labor Code 269

9   PAGA letter to amend to allege the 558's, your Honor.

10          THE COURT:  Why don't you respond to his arguments?

11          MR. JACOB:  With regard to the arguments as to the

12   two standards with regards to the provide regarding meal

13   periods, your Honor, we believe that we will be -- we will be

14   able to meet both standards.  I think the complaint as pled

15   does indicate that they did have a policy, and I'll limit my

16   arguments to the facts of the complaint by indicating that

17   they did have a policy of failing to provide meal periods

18   within --

19          THE COURT:  Does that mean that they didn't let

20   people take them?  Is the policy we don't let our people take

21   rest breaks and meal breaks?

22          MR. JACOB:  Responding to that, your Honor, I would

23   say it's not expressly we don't let our people take meal

24   breaks, but I believe the manner in which it is administrated

25   creates a policy that doesn't allow the employees the

9

1   opportunity, and also specifically in this case I believe

2   there's also meal period waivers which the way that they were

3   enforced resulted in a policy of people not being afforded the

4   meal period in accordance with the law.

5           THE COURT:  I don't actually think you responded to

6   my question.  I've got a tentative here that says you pled

7   there's a company policy that people didn't get meal breaks.

8   And I don't think that's what you're telling me.

9           MR. JACOB:  I think with regards to the --

10          THE COURT:  So if that's not what you're telling me,

11  why shouldn't have you to re-plead it?

12          MR. JACOB:  I'm not saying that there is -- there's

13  no express policy, your Honor, but it's a policy and practice.

14          THE COURT:  That the company doesn't give its

15  employees meal breaks?

16          MR. JACOB:  Yes, your Honor.

17          THE COURT:  And rest periods?

18          MR. JACOB:  Yes, your Honor.

19          THE COURT:  Not that the company doesn't ensure that

20  they take them.

21          MR. JACOB:  And that the company's manner in which

22  they schedule the employee dissuades and impedes the employees

23  from taking those breaks.

24          THE COURT:  Okay.

25          MR. JACOB:  And with regards to 226, your Honor, the

10

1   resulting fact that the hours are incorrect on the statements

2   results in the 226 penalty which we think we properly pled.

3          THE COURT:  Meaning that they don't reflect the

4   extra hour you get if you don't get a meal period or a rest

5   period.

6          MR. JACOB:  Correct.

7          THE COURT:  Okay.

8          MR. KEMPLE:  Your Honor, there's no extra hour

9   worked for the premium wage.  So the notion that if you missed

10  a 10-minute break, your wage statement is supposed to reflect

11  an additional hour worked is completely inaccurate under the

12  law.  You're supposed to receive a premium wage, but the hours

13  worked are accurately recorded.  And then you get a premium

14  for the hours worked.

15         THE COURT:  Isn't that supposed to be reflected on

16  the wage statement, too?

17         MR. KEMPLE:  That's a different issue.

18         THE COURT:  Yes or no.

19         MR. KEMPLE:  Yes, the additional wage should be

20  shown.

21         THE COURT:  Thank you.

22         MR. KEMPLE:  On the provide standard, your Honor --

23         THE COURT:  So see, here's the thing, Mr. Kemple.  I

24  mean I love these motions where they are filed to educate me

25  about the positions of the parties and all of that kind of

1    thing, and that's what I feel like is going on here.  That

2    gee, he's not really a nonexempt employee, and gee, there are

3    all these other issues about whether or not he can prove a

4    company policy.  But you know, we know what the 226 claim is

5    about.  We know that it's a claim that you didn't write down

6    allegedly the meal periods and the rest periods that weren't

7    given.  So why should we go through another whole situation

8    of, you know, granting a motion to dismiss, having him say

9    that, when we all know what it's about?

10                MR. KEMPLE:  Because the point I'm making, and it's

11   a very valid point, your Honor, and I'm not being

12   obstreperous, and I'm not merely trying to educate the Court.

13   I'm sure the Court doesn't need an education.  The 226 claim

14   is not about hours worked.  It gets into this premium wage

15   issue, and this then brings it back to this provide issue.

16   Look, counsel was asked a very direct question.  What are you

17   alleging here?  And we heard both company policy and the way

18   it's administered in the trenches, and we heard both the

19   ensure standard and we heard the coerce standard.  And --

20                THE COURT:  Well, the one thing I didn't hear was

21   the ensure standard.  I heard some other things.  But I didn't

22   hear that.

23                MR. KEMPLE:  Okay.

24                THE COURT:  And that seems to be your big issue,

25   which is, you know, did we not let them take them, or did we

12

1    not force them to take them?

2          MR. KEMPLE:  But your Honor, if it's not the ensure

3    standard, that's the only clean standard.  If they are

4    stepping away from that in terms of pleading and they are

5    saying well, it depends upon each individual's circumstance --

6          THE COURT:  Well, he didn't -- I mean he's alleging

7    more than that.  He's alleging that basically there was a

8    company wide practice of not allowing people to take these

9    breaks.

10         MR. KEMPLE:  But I thought I also heard that it

11   depended on the way it was administered.  So sometimes they

12   got them and sometimes they didn't.  Well, then you get into

13   okay, it's not merely pleading a company wide standard of not

14   ensuring.  Now you get into that minutia.  But there's not a

15   single circumstance alleged where so and so worked X hours,

16   the manager authorized the person, the person wanted to take

17   it, and the person was coerced not to take it.

18         On the pleading basis, that is exactly what the

19   Court's tentative looked at it differently, and I understand

20   the Court's ruling that okay, if they interprets it to mean

21   the ensure standard was a company-wide policy that nobody gets

22   meal and rest breaks, you've put the company on notice as to

23   what's at issue.  But if it's a different standard, sort of an

24   in the trenches, the circumstances didn't permit, and people

25   were dissuaded and such, that's a very, very different

1    standard, and we don't have any allegations in that regard.

2            And what Twombly says is that the keys to discovery

3    are not opened in federal court by simplifying a cause of

4    action, a statute you want to pursue.  You have to put forward

5    a basis, and that's exactly what's missing here.

6            Again, I think the Court's tentative, I understood

7    it when you say this is unusual.  This is a unique company

8    policy to not give any breaks.  You've been told nobody gets

9    breaks.  So you know what you are defending against.  It's

10   this policy.  But that just went out the window.  And now

11   we're into a different issue, which is exactly why we pointed

12   out the ambiguity of provide.  And there are no facts alleged,

13   and how do you go forward on a class-wide basis.

14           Particularly, and switching gears here to the motion

15   to strike, this case is particularly different because we

16   don't know who could be in the class.  The class is defined to

17   be people who at the end of the day will be found not to have

18   been provided breaks.  Who gets notice until we get a judgment

19   in this case?

20           THE COURT:  You know, that's a great argument at the

21   class certification stage.  It's in fact one of the

22   defendant's, using that globally, favorite arguments, that the

23   class isn't ascertainable, and we don't know who is in the

24   class, and how can we give notice to it.  And if this is a

25   situation in which there's not a company-wide practice or

 1    policy, then yeah, that's going to be a big problem for the

 2    plaintiff, but there's no way I'm going to decide that on a

 3    motion to dismiss.  And I have your argument, and I'll take it

 4    under advisement.  Okay?

 5              MR. KEMPLE:  Thank you.

 6              THE COURT:  Let's proceed to the scheduling

 7    conference.

 8              The Court is going to set the following dates in

 9    this case.

10              Initial disclosures have not been made here; is that

11    correct?

12              MR. KEMPLE:  Today.

13              THE COURT:  By January 11, counsel, if you'd make

14    those initial disclosures.

15              The deadline for the filing of motions or

16    stipulations seeking to amend pleadings to add new parties,

17    new claims, or new defenses will be January 19.

18              Any amendments that are required by the Court's

19    ruling on the motion to dismiss will be governed by a separate

20    date, and that will be the date in the order.  This is for any

21    general additional amendments that either party wishes to

22    make.

23              The fact discovery cut-off date -- well, the

24    schedule for filing a class certification motion will be as

25    follows.  And I will not extend these dates.  So be advised

1    and do what you need to do within this schedule.

2            The class certification notion must be filed by

3    April 12.

4            Any opposition must be filed by May 10.  And the

5    hearing on that motion will be June 21 at 10:00 A.M.

6            The overall fact discovery cut-off date in the case

7    will be August 6.

8            Any experts must be disclosed and their reports

9    exchanged on that same day, August 6.

10           Any rebuttal experts must be disclosed and their

11   reports exchanged on August 20.

12           The expert discovery cut-off date in the case will

13   be September 3.

14           The motion hearing cut-off date will be September 27

15   at 10:00 A.M.

16           We'll hold a pretrial conference on October 25 at

17   9:00 A.M.

18           And the trial date in the case will be November 16

19   at 8:30 A.M.

20           I'd like to hold a further telephonic status

21   conference with counsel on July 15 at 5:15 P.M.  And I'd like

22   plaintiff to initiate that call with counsel and the Court on

23   the line.

24           The Court would like the parties to file their local

25   Rule 16-14 election by January 25.

16

1          And the deadline for the completion of a settlement

2    proceeding in this case will be August 23.

3          MR. JACOB:  Your Honor, I missed one date.  I

4    apologize.  The motion cutoff was September?

5          THE COURT:  September 27 at 10:00 A.M.  That's a

6    motion hearing cut-off date.  Okay.  All right, counsel.

7    Thank you very much.

8

9          (Proceeding concluded at 10:37 A.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

17

1

2

3

4

5

6

7                    C E R T I F I C A T E

8

9

10          I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14              Certified on January 15, 2010.

15

16

17          _____

**MARK SCHWEITZER, CSR, RPR, CRR**
18          Official Court Reporter
            License No. 10514
19

20

21

22

23

24

25

# EXHIBIT 2

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071-2300
TELEPHONE: 213-489-3939 • FACSIMILE: 213-243-2539

Direct Number:  (213) 243-2195
mkemple@jonesday.com

JP597448                          January 7, 2010

<u>Via Facsimile to 310 273-6137 and email</u>

Michael G. Jacob, Esq.
Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069

            Re:    *Lewis v. Wendy's*

Dear Michael:

      Pursuant to the Court's December 29, 2009 Order granting Wendy's Motion to Dismiss in its entirety, your amended pleading, if any, is due on January 19, 2010. In your Opposition to that Motion, and at the hearing of it, you requested, and the Court granted, leave to attempt to state one new claim – a Section 558 PAGA claim in lieu of the direct 558 claim you attempted to state (and was subsequently dismissed by the Court).

      Your PAGA notice, however, dated December 24, 2009, however, suggested that you seek to add a plethora of new PAGA claims to your pleading, apart from Section 558. Accordingly, by email dated January 5, I wrote to you stating that: "Though your letter identifies a number of statutes on which you'd now like to pursue PAGA penalties, you requested and received leave to amend to attempt to state a PAGA claim concerning just one – Section 558. Please confirm that any amended pleading filed by Plaintiff will not seek to plead claims other than that for which Plaintiff requested and obtained leave. Thanks, and best regards, Mark."

      By letter dated January 6, you responded: "With regards to your January 5, 2010 email about limiting the PAGA claims to Labor Code § 558, PAGA permits amendment as a matter of right. Accordingly, at the present time, we do not believe that Plaintiff's ability to amend is limited as you contend in your letter."

      Your construct violates numerous Rules and Orders of the Court. As you know, Plaintiff is beyond his ability to amend of right. Indeed, after the Court the Court set the FRCP Rule 16 deadlines on December 21, an amendment is permitted only for "good cause." Further still, the Court ordered on December 21, 2009, that if any party wished to amend *beyond* any leave granted by her Order on Defendant's Motion to Dismiss, that party must file a motion to amend to add such claims by no later than January 19, 2010. In short, you may amend your pleading beyond the confines of the leave previously requested and received, only after meeting and conferring, a motion and an order. Your assertion that a state statute (regarding amendment of a state pleading) trumps all the foregoing procedures of the Federal Court, including FRCP Rule

LAI-3081432v1

JONES DAY

Michael G. Jacob, Esq.
January 7, 2010
Page 2

15, the Court's Meet and Confer requirements, and the Court's Scheduling Order, runs directly afoul of the *Erie* Doctrine (and common sense). Federal Court procedure applies here. Accordingly, if you would like to allege new claims other than a Section 558 PAGA claim, you are required to comply with the Court's procedures, orders and deadlines. You have not done so.

In addition, and even as to a PAGA Section 558 claim, your PAGA is wholly non-compliant. Before a plaintiff may file such claims, she/he must plead that she/he has exhausted administrative requirements by providing notice to the LWDA of "specific provisions of the code alleged to have been violated, including the facts and theories to support the alleged violation". Labor Code § 2699.3(a) (emphasis added). The purpose of this notice is to allow the California Labor Workforce Development Agency ("LWDA") to act first on claims it deems worthy of pursuing. The Legislature put these exhaustion requirements in place to "improve[] [PAGA] by allowing the [LWDA] to act first on more 'serious' violations." *Caliber Bodyworks, Inc. v. Super. Ct.*, 134 Cal. App. 4th 365, 375 (2005). The Legislature further declared that it was "in the public interest" to ensure that "state labor law enforcement agencies' enforcement actions have primacy over any private enforcement actions pursuant to this Act." *Id.* at n. 6. PAGA bears out these purposes by, among other things, requiring private individuals to provide notice to the LWDA before bringing suit, giving the LWDA the initial right to prosecute, and cutting off a private cause of action in cases where the LWDA cites an employer for violations. Labor Code § 2699(a), (f)-(h); *Caliber*, 134 Cal. App. 4th at 374.

Your "notice" plainly fails to provide the LWDA the required notice. Indeed, it contains even less than the prior pleading that the Court found to be deficient because, in the Court's words, it "does not give defendant adequate notice regarding the nature of the claims to which it must respond or sufficiently state the facts on which the claims are based." Docket Entry 20, at 10:10-12 (emphasis added). Patently, you have not set forth the "specific provisions of the code alleged to have been violated, including the facts and theories to support the alleged violation". Plaintiff must also plead inaction by the LWDA, and inaction by the employer within the requisite time periods. As all courts to have addressed this issue have held – including the Court in the instant action – a litigant who fails to plead satisfaction of these exhaustion requirements fails to state a PAGA claim for relief. Docket Entry 20, at n. 43; *Caliber*, 134 Cal. App. 4th at 381-384; *Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal 2007); *Waisbein v. USB Fin. Servs.*, 2008 U.S. Dist. LEXIS 21727 *2-*3 (N.D. Cal. 2008).

I urge you to reconsider your course, and am happy to discuss same.

Very truly yours,

Mark D. Kemple

LAI-3081432v1

**EXHIBIT 3**



BRIAN S. KESLUK
DOUGLAS N. SILVERSTEIN
MICHAEL G. JACOB
DAVID A. COHN
BENJAMIN J. ZICHERMAN

LAW OFFICES OF

**KESLUK & SILVERSTEIN**

9255 SUNSET BLVD., SUITE 411
LOS ANGELES, CA 90069
TELEPHONE (310) 273-3180
FACSIMILE (310) 273-6137
www.californialaborlawattorney.com

Michael G. Jacob, Esq.
mjacob@californialaborlawattorney.com

January 6, 2010

***Via Email & Facsimile (213-243-2539)***

Mark Kemple
Jones Day
555 South Flower Street
50th Floor
Los Angeles, CA 90071

     **Re:**   **<u>Lewis v. Wendy's</u>**

Dear Mark:

We are in receipt of your letter of yesterday's date. To avoid unnecessary motion practice, we preliminarily note that we will be happy to work with you to arrange a mutually convenient date for the deposition. In this regard, we are amenable to continuing the deposition to a date in which you are available on or soon after February 3, 2010 (30 days from service of the deposition notice).

While you requested that we arrange a meet and confer sometime this week, my schedule is tight this week, as I have a major filing on Monday, am in deposition all day tomorrow, and am out of town over the weekend. Accordingly, we would like to have an opportunity to substantively review your letter and ask that you provide some convenient times to permit us to schedule a further meet and confer discussion to occur sometime next week.

With regards to your January 5, 2010 email about limiting the PAGA claims to Labor Code § 558, PAGA permits amendment as a matter of right. Accordingly, at the present time, we do not believe that Plaintiff's ability to amend is limited as you contend in your letter.

**KESLUK & SILVERSTEIN**

If you have any questions or concerns regarding the foregoing, do not hesitate to contact me.  Thank you for your courtesy and professionalism.

Very truly yours,

KESLUK & SILVERSTEIN

Michael Jacob, Esq.

cc:     Douglas N. Silverstein, Esq.
        Alan Burton Newman, Esq.

# EXHIBIT 4

----- Forwarded by Mark D. Kemple/JonesDay on 03/23/2010 02:44 PM -----

| | |
|---|---|
| From: | "Michael Jacob" <mjacob@californialaborlawattorney.com> |
| To: | "Mark D. Kemple" <mkemple@JonesDay.com> |
| Cc: | "Douglas Silverstein" <dsilverstein@californialaborlawattorney.com>, "Edward Antonino" <eantonino@californialaborlawattorney.com> |
| Date: | 01/07/2010 12:27 PM |
| Subject: | RE: Lewis v. Wendy's |

Agreed.

**From:** Mark D. Kemple [mailto:mkemple@JonesDay.com]
**Sent:** Thursday, January 07, 2010 11:19 AM
**To:** Michael Jacob
**Cc:** Douglas Silverstein; Edward Antonino
**Subject:** Re: Lewis v. Wendy's

Michael, As you'll recall, the Court ordered the initial exchange of information to occur on January 11, 2010.  I propose that we comply by exchanging them when we meet this coming Monday.  Concur?



**Mark D. Kemple**
Partner

**Jones Day**
555 South Flower Street
50th Floor
Los Angeles, CA 90071

213.243.2195  **Direct**
213.243.2539  **Fax**
949.294.2837  **Mobile**
mkemple@jonesday.com

=========
This e-mail (including any attachments) may contain information that is private, confidential, or protected

# EXHIBIT 5



BRIAN S. KESLUK
DOUGLAS N. SILVERSTEIN
MICHAEL G. JACOB
DAVID A. COHN
BENJAMIN J. ZICHERMAN

LAW OFFICES OF

KESLUK & SILVERSTEIN

9255 SUNSET BLVD., SUITE 411
LOS ANGELES, CA 90069
TELEPHONE (310) 273-3180
FACSIMILE (310) 273-6137
www.californialaborlawattorney.com

Michael G. Jacob, Esq.
mjacob@californialaborlawattorney.com

December 24, 2009

*Via Certified Mail with Return Receipt Requested*

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:   **Labor Code Sec. 2699 Notice**
      **Elliott Lewis vs. Wendy's International**

Dear Sir or Madame:

Pursuant to Labor Code Sec. 2699.3(a)(1), Elliott Lewis on behalf of himself and all similarly situated employees, hereby gives written notice of the intent to file a Labor Code Sec. 2699 claim against Wendy's International, Inc. This notice is being provided to both the California Labor & Workforce Development Agency and Wendy's International, via certified mail.

Plaintiff Elliott Lewis became employed by Defendant Wendy's International on or about September 11, 2000 in the city of Ontario, CA. Plaintiff worked as a crew member and shift manager for Defendant at various locations until on or about March 6, 2009. While employed with Defendant, Plaintiff performed capably and professionally. During the relevant time period, Defendant impeded, discouraged and prevented Plaintiff and other California non-exempt employees from taking meal and rest breaks in accordance with the law.  Defendant's policies and company wide practices also prevented Plaintiff and similarly situated non-exempt employees in California from taking meal and rest breaks.

Despite Plaintiff and the class working through meal and rest periods in violation of California, Defendant failed to compensate Plaintiff other California non-exempt employees with meal and rest period premiums as required by law.   Defendant also failed to provide Plaintiff accurate itemized statements in violation of California Labor Code § 226.

**KESLUK & SILVERSTEIN**

Calif. Labor & Workforce Development Agency
December 24, 2009
Page 2 of 2

The specific provisions of the Labor Code that the Defendant has violated, include, but are not limited to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, and 1194.

I look forward to receiving your response to this letter pursuant to Labor Code Sec. 2699.3(a)(2)(A).  Thank you and please do not hesitate to call with any questions.

Very truly yours,

KESLUK & SILVERSTEIN

MICHAEL G. JACOB
Attorney at Law

Cc:     Attorney of Record for Defendant Wendy's International, Inc.
        Mark D. Kemple, Esq.
        JONES DAY
        555 South Flower Street, Fifteenth Floor
        Los Angeles, CA 90071-2300