1  Mark D. Kemple (State Bar No. 145219)
2  Ruth M. Holt (State Bar No. 223152)
   mkemple@jonesday.com
3  JONES DAY
   555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:    (213) 489-3939
5  Facsimile:    (213) 243-2539

6  Stanley Weiner, Esq. (admitted pro hac vice)
   sweiner@jonesday.com
7  JONES DAY
   901 Lakeside Avenue
8  Cleveland, Ohio 44114
   Telephone: (216) 586-3939
9  Facsimile: (216) 597-0212

10  Attorneys for Defendant
    Wendy's International, Inc.

11

                    UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13

14

15  ELLIOTT LEWIS, an individual, on        Case No. 09-CV-7193 MMM (JCx)
    behalf of himself, and all others
16  similarly situated,                     Assigned for all purposes to
                                            Honorable Margaret M. Morrow
17                     Plaintiff,
                                            **REPLY IN SUPPORT OF**
18            v.                            **MOTION TO DISMISS SECOND**
                                            **AMENDED COMPLAINT**
19  WENDY'S INTERNATIONAL, INC.,
    a Corporation; and DOES 1-20,           Date:    June 26, 2010*
20  inclusive,                              Time:    10:00 a.m.
                                            Place:   Roybal - Courtroom 780
21                     Defendant.
                                                 [*The parties have stipulated to
22                                               continue this hearing date to
                                                 Sept. 20, 2010 per Docket 44]
23

24

25

26

27

28

                                              DEF.'S REPLY ISO MOTION TO
                                                    DISMISS/STRIKE
                          LAI-3098271v2        09-CV-7193 MMM (JCx)

I.      PLAINTIFF CONCEDES THAT HIS PAGA CLAIM SHOULD BE
        DISMISSED ........................................................................................... 1

II.     THE CLASS CONTENTIONS SHOULD BE
        STRICKEN/DISMISSED ...................................................................... 1

III.    PLAINTIFF'S IMPROPER REQUEST IN AN OPPOSITION THAT
        THE COURT CHANGE THE RULE 16 SCHEDULING ORDER
        SUA SPONTE, SHOULD BE IGNORED OR DENIED .......................... 2

        A.      Whether Good Cause Exists To Modify The Rule 16 Order
                Should Be Addressed In The Context Of Plaintiff's Pending
                Motion For That Relief ............................................................... 2

        B.      No Good Cause Supports Plaintiff's Request For Sua Sponte
                Modification of the Rule 16 Order .............................................. 3

                1.      Plaintiff's Words And Actions Concede That He Fully
                        Understood the Court's December 21 Order to Be The
                        Scheduling Order In This Action .................................... 5

                2.      Plaintiff's Tales Of Subsequent Confusion Coupled With
                        A Failure To Educate Or Clarify Any Such "Confusion"
                        Do Not Establish "Good Cause" ..................................... 6

                        (a)     Defendant Told Me Different ............................ 6

                        (b)     My Defective Discovery Demands Confused Me. .......... 7

                        (c)     My Delay And Failure To Heed Explicit Court
                                Instruction Makes My Conduct Reasonable. .................. 8

IV.     CONCLUSION ...................................................................................... 9

1    **REPLY**

2    **I.    PLAINTIFF CONCEDES THAT HIS PAGA CLAIM SHOULD BE**

3    **DISMISSED.**

4         Plaintiff concedes the point, including that he would first be required to obtain

5    an Order modifying the Rule 16 Schedule Order, and then obtain leave to amend, all

6    before he could plead this claim.  Opp. at 2:12-3:2.  Accordingly, Plaintiff's

7    improper and unilaterally added PAGA claim should be dismissed without

8    prejudice.

9    **II.    THE CLASS CONTENTIONS SHOULD BE STRICKEN/DISMISSED.**

10        It is without dispute that the Court set April 12, 2010, as the last date to seek

11   to certify a class in this action.[1]  It is also without dispute that Plaintiff did not seek

12   to certify a class on or before that April 12 deadline.  As such, Plaintiff's class

13   allegations found in his April 14 pleading should be stricken or dismissed.

14        Plaintiff has no meaningful response.  Rather, Plaintiff diverts and claims that

15   Defendant seeks dismissal of the entire pleading because the pleading was filed after

16   the deadline to file a pleading.  Not so; Defendant requests that certain allegations

17   (the class allegations) be stricken/dismissed because the time to move to certify a

18   class has come and gone.

19        Next, contradicting his concession regarding his improper PAGA claim,

20   Plaintiff tepidly argues that the Court silently and inferentially vacated its Rule 16

21   Order all without request, briefing, showing of good cause and order, and despite the

22   Court's clear instruction that it would <u>not</u> modify its Order.[2]  Specifically, Plaintiff

23   _____

24   [1] Ex. 1, to Motion, at 14:23-15:3, 12/21/09 Transcript of Proceedings ("the
schedule for filing a class certification motion will be as follows," that "I will not
extend these dates" and that counsel are "advised and do what you need to do within

25   this schedule"); Opp. at 7:14-15 ("Plaintiff left the [December 21, 2009] Scheduling
Conference believing the dates in the Scheduling Order were going to be in effect.");

26   Docket 34, Scheduling Order ("Motion for Class Certification: April 12, 2010").

27   [2] _See_ Ex. 1, to Motion, at 14:23-15:3, 12/21/09 Transcript of Proceedings ("the
schedule for filing a class certification motion will be as follows," that "I will not

28   extend these dates" and that counsel are "advised and do what you need to do within
this schedule").

1   notes that when the Court struck his second pleading (as well) for failing to heed the

2   Court's clear pleading instructions and despite taking the maximum time period to

3   amend, it granted the standard twenty day period to re-plead (Docket 34).   Twenty

4   days after that March 24 Order is April 13.  Plaintiff concludes that since he could

5   take up to April 13 to re-plead his claims, the Court implicitly vacated the Rule 16

6   Order to continue all deadlines (including the April 12 class certification deadline)

7   to unspecified dates.  Plaintiff's contention is not tenable.  As noted above, the Court

8   had stated it would not change these dates.  Further, no motion, let alone showing of

9   good cause, was ever made.  Moreover, _thereafter_ on April 24, the Court expressly

10  confirmed that April 12 is and was the deadline to move for class certification.

11  (Docket 34.)  Obviously, the Court did not silently and inferentially vacate its Rule

12  16 Order without so much as a request to do so, briefing, and establishment of good

13  cause.

14      The Court's Rule 16 Scheduling Order requires that any Motion for Class

15  Certification be filed by April 12.  Plaintiff did not file any such motion.  As such,

16  his class allegations should be dismissed / stricken.

17  **III.   PLAINTIFF'S IMPROPER REQUEST IN AN OPPOSITION THAT**

18  **THE COURT CHANGE THE RULE 16 SCHEDULING ORDER *SUA***

19  ***SPONTE*, SHOULD BE IGNORED OR DENIED.**

20      Next, admitting that the Court did not silently modify its Rule 16 Order,

21  Plaintiff _requests_ that the Court do so now, *sua sponte*, despite the fact that Plaintiff

22  has a properly noticed Motion scheduling for July 26 seeking to do just that.

23  Plaintiff's improper _request_ for "sua sponte" relief should be denied.

24      **A.   Whether Good Cause Exists To Modify The Rule 16 Order**

25      **Should Be Addressed In The Context Of Plaintiff's Pending**

26      **Motion For That Relief.**

27      On April 21, 2010 – eighteen weeks after this Court issued its Scheduling

28  Order – Plaintiff called the Court's Clerk to determine whether the Court really

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

1  meant what it said on December 21 (which, Plaintiff concedes he fully understood

2  <u>then</u> to be an <u>Order</u> of the Court).  Opp. at 7:14-15.  When on April 22, Plaintiff

3  learned from the Court Clerk that, yes, in fact the Court too understood what it said

4  on December 21 to be an Order of the Court, Plaintiff then waited another <u>six weeks</u>

5  to file a Motion to Amend the Court's December 21 Rule 16 Order, and scheduled a

6  July 26 as the hearing date for his Motion.  That Motion is pending.

7  Defendant will address Plaintiff's Motion to Amend when it files its

8  Opposition at least 21 days before the hearing on that Motion.  The Court should not

9  act *sua sponte* to address these issues, and should instead consider them in the

10  context of the Motion brought by Plaintiff.

11  **B.    No Good Cause Supports Plaintiff's Request For *Sua Sponte***

12  **Modification of the Rule 16 Order.**

13  Even were the Court to reach this requested "*sua sponte*" relief, it must be

14  denied under pertinent standards.  Plaintiff presents not even a <u>glimmer</u> of good

15  cause to change this Scheduling Order, let alone *sua sponte*.

16  As Plaintiff concedes, even if so inclined to act, this Court may modify its

17  prior Scheduling Order only for <u>good cause</u>.  Opp. at 8:4-8.[3]  None is presented

18  here; only procrastination – both in bringing his pleadings into compliance, and in

19  pursuing his claims.  In this regard, by mandating discovery cut-offs, Rule 16(b)(3)

20  was intended to:

21  deal[] with the problem of procrastination and delay by attorneys

22  in a context in which scheduling is especially important –

23  discovery.

24  *See* FRCP 16 Adv. Comm. Notes (1983 amend.).  Rule 16(b) further provides that:

25  [3] Once a scheduling order issues, no later amendment of the pleadings is
permitted unless the Court first modifies the scheduling order on a showing of "good

26  cause" to allow Plaintiff to file a motion to amend.  Fed. R. Civ. P. 16(b).  *See e.g.,
Bato v. Lab. Corp. of America Holdings*, No. 09-cv-04671, Docket No. 44, Order at

27  11 (Morrow, J.) (C.D. Cal. Feb. 8, 2010) *citing* Fed. R. Civ. Proc. 16(b); *Coleman v.
Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth*

28  *Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992).

A schedule shall not be modified except upon a showing of good

cause and by leave of the district judge.

FRCP 16(b) (emph. added).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 610 (9th Cir. 1992).

"The district court may modify the pretrial schedule 'if it <u>cannot reasonably be met despite the diligence of the party seeking the extension</u>.'" *Id*. at 609 (quoting FRCP 16 Advisory Committee's notes (1983 amend.)) (emph. added).  "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).  Indeed, it is not necessary for the party opposing modification of the scheduling order to show prejudice; rather, "the focus of the inquiry is on the moving party's reasons for seeking modification.  <u>If that party was not diligent, the inquiry should end</u>." *Johnson*, 975 F.2d at 609 (emph. added).[4]

Further, a request to modify a Scheduling Order must be made <u>promptly</u> upon learning that one cannot comply.  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608-09 (9th Cir. 1992).  On April 21, 2010 – having already delayed <u>sixteen weeks</u> since the date the Court issued its Scheduling Order – Plaintiff called the Court's Clerk to determine whether the Court really meant what it said on December 21.  When on April 22, he learned from the Court Clerk that, yes, in fact the Court too understood the December 21 Order to be the Order of the Court – as did Plaintiff back in December[5] – Plaintiff then waited another <u>six weeks</u> to request *sua sponte* relief from it.  Plainly, this is not diligence.

Moreover, Plaintiff does not even <u>argue</u> that he could not comply with the

---

[4] With respect to the diligence relevant to the relief requested by Plaintiff, this Court's rules are instructive:  "Counsel should . . . notice depositions sufficiently in advance of the cut-off date to comply with this local rule."  Civil L.R. 26-2 (commentary).

[5] Opp. at 7:14-15

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

deadlines that he admits he fully understood to be deadline (Opp. at 7:14-15) – for example by:

- properly amending his pleading in a timely fashion to comply with explicit instruction,

- not rejecting all meet and confer efforts to cajole such compliance,

- actually engaging in discovery, rather than propounding only when no pleading was pending, and

- not re-propounding or pursuing his discovery when a pleading was pending.

Plaintiff makes no claim that he <u>could not</u> have met the April 12 class certification deadline with diligence and reasonable conduct – the central inquiry. As such, no good cause exists to modify the Court's Rule 16 Order.

1. **<u>Plaintiff's Words And Actions Concede That He Fully Understood the Court's December 21 Order to Be The Scheduling Order In This Action.</u>**

As a starting point, there simply is no question that Plaintiff fully understood this Court's December 21 Order issued from the bench. Consider that:

- On December 21, 2009, the Court ruled that "[T]he schedule for filing a class certification motion will be as follows. And I will not extend these dates. So be advised and do what you need to do within this schedule. [¶] The class certification motion must be filed by April 12." Ex. 1, at 14:23-15:3.

- <u>Plaintiff concedes that he "left the [December 21, 2009] Scheduling Conference believing the dates in the Scheduling Order were going to be in effect."</u> Opp. at 7:14-15.

- Throughout January 2010, the parties exchanged writings acknowledging that "the Court set the FRCP Rule 16 deadlines on December 21," and what those deadlines required of the parties. Ex. 2 to Motion. *See also id.* ("the Court ordered on December 21, 2009, that…." ).

- Plaintiff "agreed" that the Court's December 21 Scheduling Order required

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

1    him to perform certain tasks, and exercise certain options, by certain dates.

2    Ex. 4 to Motion.

3    ● The parties then acted on those deadlines by, for example, exchanging their

4    Rule 26 disclosures by January 11, 2010 exactly as ordered by the Court in its

5    Scheduling Order; and filing their Local Rule 16-15 Settlement Procedure

6    Selection on January 25, 2010 exactly as ordered by the Court in its

7    Scheduling Order (Docket # 24).

8    At no time did anyone claim that there was even an ounce of "ambiguity"

9    regarding whether the Court had issued its deadlines.

10        2.    **Plaintiff's Tales Of Subsequent Confusion Coupled With A**

11             **Failure To Educate Or Clarify Any Such "Confusion" Do**

12             **Not Establish "Good Cause".**

13   Now, six months later, Plaintiff claims that within a few days after the Court's

14   December 21 Order and admonition to act diligently, seeds of doubt were somehow

15   sown in Plaintiff's mind as to whether the Court really meant what it said and all

16   heard.  Plaintiff's tales of doubt, apart from being fiction, do not describe reasonable

17   conduct and diligence.

18        (a)   *Defendant Told Me Different.*

19   Plaintiff claims that a draft declaration from Defendant's counsel – dated

20   January 12, 2010[6] – somehow confused Plaintiff as to whether the Court had

21   actually set deadlines on December 21, as all had witnessed the Court doing.  The

22   draft declaration read:

23        Central District Local Rule 37-2.1 provides that "a copy of the

24        order establishing the initial case schedule, as well as any

25        amendments, must be attached to the stipulation or to a declaration

26        filed in support of the motion."  L.R. 37-2.1.  Underline The Court held a

27   _____

        [6] This declaration was prepared during the meet and confer for a motion for a

28   protective order concerning 30(b)(6) deposition notices that Plaintiff had propounded
     to Defendant on minimal notice and when no pleading was even pending

1  <u>scheduling conference on December 21, 2009, during which</u>

2  <u>certain deadlines were established, including an August 6, 2010</u>

3  <u>deadline for the close of fact discovery</u>.  However, to date, no

4  written order respecting the initial case schedule has issued.

5  Ex. 1 to Opp., at p. 36 (para. 15) (emphasis added).  How anyone could read this as

6  an assertion that no deadlines had been set, remains a mystery.[7]  But even had this

7  draft declaration by Defendant's counsel created "confusion" in Plaintiff's mind as to

8  the Court's intent, did Plaintiff's counsel call the Court to determine whether the

9  December 21 hearing had all been a dream (despite the fact that he too believed that

10  deadlines had been set on December 21)?   No; though he admits he knew to call the

11  Court had he encountered any real confusion.[8] There was no doubt – let alone

12  reasonable doubt.  Rather, throughout January, including after receipt of this draft

13  declaration, as discussed above Plaintiff <u>complied</u> with what he <u>knew</u> to be the

14  Court's Scheduling Order.  Plaintiff's new claim of confusion is not only

15  unreasonable, it is untrue.

16                **(b)**   ***My Defective Discovery Demands Confused Me.***

17          Next, Plaintiff infers that Defendant's refusal in January to appear for

18  depositions in response to 30(b)(6) notices propounded by Plaintiff <u>when there was</u>

19  <u>no pleading pending at all</u>,[9] somehow makes his failure to abide by the April 12

20  deadline to move for class certification "reasonable."  Again, not so.

21          First, we note that Plaintiff agreed that its deposition notice propounded in the

22  

23         [7] It states exactly the opposite (while acknowledging that no written Order had yet issued, thereby requiring the submission of the transcript had the draft Motion actually been filed).  The Motion did not go forward because Plaintiff acknowledged

24  that his deposition notices were improper on many grounds, not the least of which is that he had not yet bothered to get a pleading on file when he propounded them

25  despite the Court's strong admonition that Plaintiff needed to act diligently to get his pleading on file and meet his deadlines.

26         [8] Plaintiff only laced that call almost <u>16 weeks later</u>, in April, when he began

27  to set up his motion for relief from this Court's Scheduling Order.  (Opp. at 6:18-19.)

       [9] This was while Plaintiff delayed in filing a new pleading after his first pleading was dismissed for containing nothing but conclusions.

28  

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

1   absence of a pleading was invalid, and withdrew it.  Plaintiff did not, however,

2   withdraw his written discovery, to which Defendant responded (attached as exhibits

3   to Plaintiff's Opposition) and Plaintiff then abandoned.

4         Second, after Plaintiff filed a new pleading in late January (having taken the

5   maximum allowable time to do so, thereby wasting remaining time for class

6   certification), Plaintiff did not thereafter propound any new and proper discovery

7   whatsoever, or move to compel on any of his prior discovery that Defendant had

8   answered.  Plaintiff did nothing.  In his words, Plaintiff "deemed it reasonable to

9   defer formal discovery until the class allegations were at issue."  Opp. at 7:20-24.

10        Third, the notion that a defendant's discovery responses to discovery

11  propounded in the absence of any pending pleading (which this Plaintiff concedes

12  were appropriate), permits a plaintiff to simply ignore a Court's Rule 16 Scheduling

13  Order, including a deadline to move for class certification, is not tenable.  Plaintiff

14  (i) delayed as long as possible in getting his various deficient pleadings on file, (ii)

15  did nothing to obtain whatever information he thought he needed to move for class

16  certification, and (ii) did nothing to obtain an extension of his deadline to move for

17  class certification.

18              **(c)    *My Delay And Failure To Heed Explicit Court***

19                            ***Instruction Makes My Conduct Reasonable.***

20        Next, Plaintiff infers that his repeat failures to plead a meal/rest break claim

21  (despite explicit instructions form the Court as to what would be required of him),

22  coupled with his having taken the maximum amounts of time granted him to offer

23  his various deficient pleadings after the prior pleading had been dismissed, somehow

24  renders his failure to pursue any discovery, and to move for class certification by

25  April 12, "reasonable."  Stating the argument defeats it.

26                                        * * *

27        Plaintiff's "showing" of "good cause" amounts to extraordinary

28  procrastination "explained" by unfounded, reckless and unverified inferences

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)

1   supposedly drawn by Plaintiff concerning the meaning of a December Scheduling

2   Order that Plaintiff feely admits he understood in December 2010 to be just that – a

3   Rule 16 Scheduling Order.  And he claims to have drawn these inferences despite:

4   ●     his contrary actions and words at the time;

5   ●     the Court's instruction that it would not change the Scheduling Order (Ex. 1,

6         to Motion, at 14:23-15:3); and

7   ●     no effort to verify this supposed inference drawn directly contrary to what

8         Plaintiff concedes he heard and understood on December 21, 2009.

9   This is not good cause.  It is the antithesis of good cause.

10        Nor does Plaintiff offer any explanation for his failure to seek this relief in a

11   timely fashion.

12        Plaintiff's request that the Court modify it Rule 16 Order "sua sponte" relief

13   should be ignored or denied.

14   **IV.    CONCLUSION**

15        For all these reason, Defendant's Motion to Dismiss/Strike should be granted.

16

17   Dated:  June 14, 2010            JONES DAY

18                          By:  /s/ Mark D. Kemple

19                            Mark D. Kemple

20                          Attorneys for Defendant
                       WENDY'S INTERNATIONAL, INC.

21

22

23

24

25

26

27

28

DEF.'S REPLY ISO MOTION TO
DISMISS/STRIKE
09-CV-7193 MMM (JCx)