Mark D. Kemple (Bar No. 145219)
Ruth M. Holt (Bar No. 223152)
mkemple@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Stanley Weiner (admitted pro hac vice)
sweiner@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 597-0212

Attorneys for Defendant
Wendy's International, Inc.

Douglas Silverstein (Bar No. 181957)
Michael Jacob (Bar No. 229939)
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
KESLUK &SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles CA 90069
Tel: (213) 273-3180
Fax: (310) 273-6137

Attorneys for Plaintiff Elliott Lewis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LEWIS, an individual, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WENDY'S INTERNATIONAL, INC., a Corporation; and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 09-CV-7193 MMM (JCx)<br><br>DISCOVERY DOCUMENT<br><br>**JOINT STIPULATION RE PROTECTIVE ORDER** |

LAI-3102498v1

1    Plaintiff and Defendant stipulate to the entry of an agreed protective order,
2  for the reasons set forth below.
3    1.    The parties represent that certain discovery materials to be exchanged
4  in this case, including documents, interrogatory answers, deposition testimony and
5  other discovery, will contain confidential non-public information of a personal,
6  financial, and/or commercial nature which may constitute a trade secret or
7  proprietary information.  The parties do not wish unreasonably to impede or burden
8  the discovery process but, at the same time, recognize an obligation to take
9  reasonable steps to safeguard legitimate privacy concerns.  The parties intend this
10 Stipulation and Order to address these concerns.
11   2.    The parties understand that, pursuant to California law, third parties
12 may have a privacy interest in certain personal information and that such
13 information relating to current and former Wendy's employees has been requested
14 in discovery by Plaintiffs.  The parties enter into this Protective Order mandating
15 that if any private information, including contact information, of putative class
16 members and other current and former employees of Wendy's is produced, it shall
17 be produced under this Protective Order.  These steps are reasonable and ensure
18 that no privacy interests suffer serious invasion in nature, scope or impact.
19   3.    Upon entry of an Order by this Court, this Protective Order that shall
20 govern the production and disclosure of all information designated as
21 "CONFIDENTIAL" pursuant to ¶7 through the discovery and all pretrial processes.
22 This Protective Order is not intended to govern at trial or appeal.  The parties will
23 cooperate in establishing procedures acceptable to the Court with respect to the
24 protection of information designated as "CONFIDENTIAL" pursuant to this
25 Protective Order both at trial and upon any appeal of this case.
26   4.    For purposes of this Protective Order, "Discovery Materials" shall
27 include documents produced pursuant to the voluntary disclosure requirements of
28 Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to

LAI-3102498v1

Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 8, 11 & 13 below.

7. Any party may designate any Discovery Materials it deems to be confidential, including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL."

8. Except as provided in paragraphs 11 and 13, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b) "CONFIDENTIAL" designated Discovery Materials shall only disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named

1  individual parties, which includes employees of any company,
2  assisting in the defense of the action; (3) consultants, in accordance
3  with the terms specified below in paragraph no. 8(e).  There shall be
4  no other permissible dissemination of CONFIDENTIAL Discovery
5  Materials.
6      (c)  No copies, extracts or summaries of any document
7  designated "CONFIDENTIAL" shall be made except by or on behalf
8  of Counsel of Record; and such copies, extracts or summaries shall
9  also be designated and treated as "CONFIDENTIAL" Discovery
10 Materials and shall not be delivered or exhibited to any persons except
11 as provided in this Protective Order.
12     (d)  Counsel of Record may allow access to Discovery
13 Material designated "CONFIDENTIAL" to their retained consultants,
14 provided that any such consultant who is to receive such material shall
15 be provided with a copy of this Protective Order and shall execute an
16 undertaking in the form annexed hereto as Exhibit 1.  Consultants shall
17 be specifically advised that the portion of their written work product,
18 which contains or discloses the substance of Discovery Material
19 designated as "CONFIDENTIAL" is subject to all the provisions of
20 this Protective Order.  Counsel of Record disclosing such material to
21 consultants shall be responsible for obtaining the executed
22 undertakings in advance of such disclosure and also shall retain the
23 original executed copy of said undertakings.  No "CONFIDENTIAL"
24 Discovery Material may be disclosed to a Consultant prior to
25 execution of the form attached as Exhibit 1.
26     (e)  During depositions, Counsel of Record may question any
27 witness about any Discovery Material designated "CONFIDENTIAL."
28 However, where the witness or deponent testifies about such

LAI-3102498v1

3

designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials shall be filed under seal in accordance with this Court's Civil Local Rule 79-5. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

9. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance

LAI-3102498v1

4

1  of the initial inspection.  For purposes of the initial inspection, all documents
2  produced shall be considered as marked "CONFIDENTIAL."  Thereafter, upon the
3  inspecting party's selection of documents for copying, the party producing the
4  documents may mark the copies "CONFIDENTIAL," pursuant to paragraph seven,
5  above.

6        10.    At the request of any designating party, made in writing or on the
7  record or during the course of a deposition, the deposition testimony and all copies
8  of any transcript of the deposition of any current or former agent, officer, director,
9  employee or consultant of the designating party shall initially be considered, as a
10 whole, to constitute "CONFIDENTIAL" information subject to the protective
11 order, and the original and all copies of such deposition transcripts shall be marked
12 accordingly as "CONFIDENTIAL" by the reporter.  Upon the written demand of a
13 receiving party made after receipt of transcript, the designating party shall have
14 twenty (20) days after receipt of the deposition transcript to designate in writing to
15 the other parties and the court reporter, those portions of the testimony in the
16 transcript that the designating party claims constitute "CONFIDENTIAL"
17 Information.  If no such designation is made within twenty (20) days after receipt of
18 the deposition transcript, the receiving party shall submit a second written demand
19 by facsimile to the designating party notifying the designating party that it has three
20 (3) business days from the date of the second written demand in which to designate
21 in writing to the other parties and the court reporter, those portions of the testimony
22 in the transcript that the designating party claims constitute "CONFIDENTIAL"
23 Information.  If, at the expiration of the three business day period, the designating
24 party fails to provide written notice of its intent to designate the information as
25 "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition
26 transcript shall be deemed waived. Each party and the Court Reporter shall attach a
27 copy of such written designation notice to the transcript and each copy thereof in its
28

LAI-3102498v1

5

1  possession, custody or control, and the portions designated in such notice shall
2  thereafter be treated in accordance with the Protective Order.

3      11.    Should one or more Counsel of Record wish to disclose any
4  "CONFIDENTIAL" Discovery Materials produced by another party to a person not
5  authorized by this Protective Order to review such "CONFIDENTIAL" Discovery
6  Materials, said counsel shall first provide Counsel of Record for the producing
7  party with a clear, complete and concise statement of the reason for the proposed
8  disclosure by written notice at least ten (10) business days prior to the proposed
9  disclosure.  The requesting Counsel of Record may include the name, address and
10  business or professional affiliation and title (e.g., officer, director, etc.) of such
11  person in the written notice.  If Counsel of Record for the producing party objects
12  in writing to the disclosure within said ten (10) business day period, then the party
13  requesting consent shall not proceed with the proposed disclosure, the parties shall
14  engage in good faith efforts to resolve the matter informally and, if those efforts
15  should fail, the party designating the material as "CONFIDENTIAL" may seek
16  relief from the Court as provided in paragraph 13 below.

17      12.    The disclosure of any Discovery Materials pursuant to the terms of this
18  Protective Order is not intended to be and shall not be construed as a waiver of any
19  right or a relinquishment of any confidentiality claim as to said Discovery Materials
20  or as a waiver of any claim that the information disclosed is a trade secret or is
21  proprietary.

22      13.    If any dispute arises concerning whether information designated as
23  "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL"
24  information for purposes of this Protective Order, the party who objects to the
25  designation of the information as "CONFIDENTIAL" shall give written notice of
26  the objection.  The parties shall then attempt to resolve the dispute informally and
27  in good faith.  If the parties do not resolve the dispute informally, the party who
28  designated the information as "CONFIDENTIAL" shall have ten (10) business days

from either (a) the written notice from the objecting party made pursuant to this paragraph, or (b) the written objection to disclosure from the producing party made pursuant to paragraph 11 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue. If the motion is not filed within this time, then the "CONFIDENTIAL" designation shall be deemed waived. If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL." If such motion is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

14. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

    (a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

    (b) The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such

1  Discovery Materials that were filed under seal pursuant to this
2  Protective Order.  As to those documents or things containing such
3  information which cannot be so returned, they shall continue to be kept
4  under seal and shall not be examined by any person without a prior
5  Court order, after due notice to Counsel of Record, or the written
6  stipulation of each of Counsel of Record.

7  15.  Nothing contained in this Protective Order shall result in a waiver of
8  rights, nor shall any of its terms preclude a party from seeking and obtaining, upon
9  an appropriate showing, additional protection with respect to personal, financial,
10 commercial, confidential, trade secret or other proprietary documents, information
11 or any other discovery material or trade secrets, including, but not limited to,
12 restrictions on disclosure.  Nothing contained herein relieves any party of its
13 obligation to respond to discovery properly initiated pursuant to the Discovery
14 Order.

15 16.  Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to
16 the following treatment of any privileged or work product materials inadvertently
17 disclosed in this action.  The parties agree that disclosure of information protected
18 by any privilege in this litigation shall not constitute a waiver of any otherwise
19 valid claim of privilege, and failure to assert a privilege in this litigation as to one
20 document or communication shall not be deemed to constitute a waiver of the
21 privilege as to any other document or communication allegedly so protected, even
22 involving the same subject matter.  The parties agree that any inadvertent inclusion
23 of any privileged or work product material in a production in this action shall not
24 result in the waiver of any associated privilege or protective doctrine nor result in a
25 subject matter waiver of any kind.  If any such material is inadvertently produced,
26 the recipient of the document agrees that, upon request from the producing party, it
27 will promptly return all copies of the document in its possession, delete any
28 versions of the documents on any database it maintains, and make no use of the

1  information contained in the document, provided, however, that the party returning
2  such document shall thereafter have the right to apply to the Court for an order that
3  such document was not protected (prior to the inadvertent disclosure) from
4  disclosure by any privilege or doctrine.  The parties acknowledge and stipulate that
5  diligent steps have been taken to protect privileged/protected documents from
6  disclosure, and that any production of privileged material or material protected by
7  the work product doctrine is deemed inadvertent and does not amount to a waiver.
8       17.   The Court may modify this Protective Order at any time or consider
9  any dispute which may arise hereunder upon motion of any of the parties.
10      18.   Nothing in this Protective Order affects in any way, the admissibility
11 of any documents, testimony or other evidence at trial.
12      19.   This Protective Order shall remain in effect for the duration of the
13 action unless terminated by stipulation executed by the Counsel of Record or
14 pursuant to Court Order.  Insofar as they restrict the communication, treatment and
15 use of information subject to this Protective Order, the provisions of this Protective
16 Order shall continue to be binding after the termination of this action, unless the
17 Court orders otherwise.
18      It is so stipulated.

20 Dated: July 23, 2010                KESLUK & SILVERSTEIN, P.C.

22                                     By:_____/s/_____
                                          Michael G. Jacob
23                                        Attorneys for Plaintiff

25 Dated: July 23, 2010                JONES DAY

26                                     By:_____/s/_____
                                          Ruth M. Holt
27                                        Attorneys for Defendant

28
LAI-3102498v1                             9

**EXHIBIT 1**

**AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *ELLIOTT LEWIS V. WENDY'S INTERNATIONAL, INC*., 09-CV-7193 MMM (JCx), pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

_____
Name

_____
Address

_____

_____