1  Mark D. Kemple (Bar No. 145219)
   Ruth M. Holt (Bar No. 223152)
2  mkemple@jonesday.com
   JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:    (213) 489-3939
5  Facsimile:    (213) 243-2539

6  Stanley Weiner (admitted pro hac vice)
   sweiner@jonesday.com
7  JONES DAY
   901 Lakeside Avenue
8  Cleveland, Ohio 44114
   Telephone: (216) 586-3939
9  Facsimile: (216) 597-0212

10 Attorneys for Defendant
   Wendy's International, Inc.

Douglas Silverstein (Bar No. 181957)
Michael Jacob (Bar No. 229939)
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
KESLUK &SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles CA 90069
Tel: (213) 273-3180
Fax: (310) 273-6137

Attorneys for Plaintiff Elliott Lewis

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14 ELLIOTT LEWIS, an individual, on         Case No. 09-CV-7193 MMM (JCx)
   behalf of himself, and all others
15 similarly situated,

16              Plaintiff,                   **[PROPOSED] PROTECTIVE
                                             ORDER**
17         v.

18 WENDY'S INTERNATIONAL, INC.,
   a Corporation; and DOES 1-20,
19 inclusive,

20              Defendant.

21

22

23

24

25

26

27

28
   LAI-3102529v1

1    Plaintiff and Defendant have stipulated to the entry of an agreed protective

2  order, as set forth below.

3    1.    The parties represent that certain discovery materials to be exchanged

4  in this case, including documents, interrogatory answers, deposition testimony and

5  other discovery, will contain confidential non-public information of a personal,

6  financial, and/or commercial nature which may constitute a trade secret or

7  proprietary information.  The parties do not wish unreasonably to impede or burden

8  the discovery process but, at the same time, recognize an obligation to take

9  reasonable steps to safeguard legitimate privacy concerns.  The parties intend this

10  Protective Order to address these concerns.

11    2.    The parties understand that, pursuant to California law, third parties

12  may have a privacy interest in certain personal information and that such

13  information relating to current and former Wendy's employees has been requested

14  in discovery by Plaintiffs.  The parties enter into this Protective Order mandating

15  that if any private information, including contact information, of putative class

16  members and other current and former employees of Wendy's is produced, it shall

17  be produced under this Protective Order.  These steps are reasonable and ensure

18  that no privacy interests suffer serious invasion in nature, scope or impact.

19    3.    Upon entry by this Court, this Protective Order that shall govern the

20  production and disclosure of all information designated as "CONFIDENTIAL"

21  pursuant to ¶7 through the discovery and all pretrial processes.  This Protective

22  Order is not intended to govern at trial or appeal.  The parties will cooperate in

23  establishing procedures acceptable to the Court with respect to the protection of

24  information designated as "CONFIDENTIAL" pursuant to this Protective Order

25  both at trial and upon any appeal of this case.

26    4.    For purposes of this Protective Order, "Discovery Materials" shall

27  include documents produced pursuant to the voluntary disclosure requirements of

28  Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to

LAI-3102529v1

1  Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition

2  testimony, and all other information that may be disclosed in the course of

3  discovery in this action, as well as compilations or excerpts of such materials.

4      5.      This Protective Order shall not abrogate or diminish any privilege or

5  any contractual, statutory or other legal obligation or right of any party with respect

6  to Discovery Materials.

7      6.      Each party shall keep confidential and not use or disseminate outside

8  the boundaries of this litigation any records that any other party designates as

9  "CONFIDENTIAL" except as provided in paragraphs 8, 11 & 13 below.

10     7.      Any party may designate any Discovery Materials it deems to be

11 confidential, including Discovery Materials that refer or relate to individual

12 employment records and files, by designating such Discovery Materials as

13 "CONFIDENTIAL."

14     8.      Except as provided in paragraphs 11 and 13, access to Discovery

15 Materials designated "CONFIDENTIAL" shall be restricted in accordance with the

16 following provisions:

17         (a)     Discovery Materials, and any information extracted from

18         them, which have been designated "CONFIDENTIAL" shall be used

19         solely for the purposes of prosecuting or defending this action, and for

20         no other purposes;

21         (b)     "CONFIDENTIAL" designated Discovery Materials shall

22         only disseminated to or shown to: (1) attorneys who are members or

23         associates of the law firms listed on the pleadings in this action, and

24         who have appeared or filed a motion or application to appear pro hac

25         vice ("Counsel of Record"), and to supporting personnel employed by

26         Counsel of Record, such as other attorneys at the firm, paralegals,

27         legal secretaries, data entry clerks, legal clerks and/or private data

28         entry, document management and photocopying services; (2) named

LAI-3102529v1                                                        2

1    individual parties, which includes employees of any company,

2    assisting in the defense of the action; (3) consultants, in accordance

3    with the terms specified below in paragraph no. 8(e).  There shall be

4    no other permissible dissemination of CONFIDENTIAL Discovery

5    Materials.

6         (c)     No copies, extracts or summaries of any document

7    designated "CONFIDENTIAL" shall be made except by or on behalf

8    of Counsel of Record; and such copies, extracts or summaries shall

9    also be designated and treated as "CONFIDENTIAL" Discovery

10   Materials and shall not be delivered or exhibited to any persons except

11   as provided in this Protective Order.

12        (d)     Counsel of Record may allow access to Discovery

13   Material designated "CONFIDENTIAL" to their retained consultants,

14   provided that any such consultant who is to receive such material shall

15   be provided with a copy of this Protective Order and shall execute an

16   undertaking in the form annexed hereto as Exhibit 1.  Consultants shall

17   be specifically advised that the portion of their written work product,

18   which contains or discloses the substance of Discovery Material

19   designated as "CONFIDENTIAL" is subject to all the provisions of

20   this Protective Order.  Counsel of Record disclosing such material to

21   consultants shall be responsible for obtaining the executed

22   undertakings in advance of such disclosure and also shall retain the

23   original executed copy of said undertakings.  No "CONFIDENTIAL"

24   Discovery Material may be disclosed to a Consultant prior to

25   execution of the form attached as Exhibit 1.

26        (e)     During depositions, Counsel of Record may question any

27   witness about any Discovery Material designated "CONFIDENTIAL."

28   However, where the witness or deponent testifies about such

LAI-3102529v1                                   3

1    designated Discovery Material, the party who marked the material

2    "CONFIDENTIAL" may instruct the Court Reporter to mark and seal

3    such testimony as separate from the public record.  Any

4    "CONFIDENTIAL" document so referred to may be marked as an

5    exhibit, but no such "CONFIDENTIAL" document, or any portion

6    thereof, shall be attached to any publicly-available deposition or other

7    transcript without the written consent of the party that designated the

8    document as "CONFIDENTIAL" absent a Court Order.  Portions of

9    deposition transcripts designated "CONFIDENTIAL" shall be so

10    marked and "CONFIDENTIAL" portions, including exhibits

11    consisting of "CONFIDENTIAL" documents, shall be bound

12    separately by the Court Reporter, kept under seal, and maintained

13    separately by the Court Reporter and the parties from the non-

14    confidential portions of the transcript, including exhibits, except as

15    otherwise stipulated by the Parties or Ordered by the Court.

16          (f)     In the event that any "CONFIDENTIAL" Discovery

17    Materials are attached to, or quoted or summarized in, any pleadings,

18    motion papers or other papers filed with this Court or any other court

19    and said "CONFIDENTIAL" Discovery Materials would be disclosed

20    in any way therein, such Discovery Materials, and portions of

21    pleadings or papers that contain the "CONFIDENTIAL" discovery

22    materials shall be filed under seal in accordance with this Court's Civil

23    Local Rule 79-5.  Copies of such documents containing information

24    subject to this Protective Order that are served on counsel for the

25    parties shall be similarly identified and shall be maintained as

26    "CONFIDENTIAL," as described herein.

27    9.    In the event that a party makes documents available for inspection,

28    rather than delivering copies to another party, no marking need be made in advance

LAI-3102529v1                                    4

1    of the initial inspection.  For purposes of the initial inspection, all documents

2    produced shall be considered as marked "CONFIDENTIAL."  Thereafter, upon the

3    inspecting party's selection of documents for copying, the party producing the

4    documents may mark the copies "CONFIDENTIAL," pursuant to paragraph seven,

5    above.

6            10.      At the request of any designating party, made in writing or on the

7    record or during the course of a deposition, the deposition testimony and all copies

8    of any transcript of the deposition of any current or former agent, officer, director,

9    employee or consultant of the designating party shall initially be considered, as a

10    whole, to constitute "CONFIDENTIAL" information subject to the protective

11    order, and the original and all copies of such deposition transcripts shall be marked

12    accordingly as "CONFIDENTIAL" by the reporter.  Upon the written demand of a

13    receiving party made after receipt of transcript, the designating party shall have

14    twenty (20) days after receipt of the deposition transcript to designate in writing to

15    the other parties and the court reporter, those portions of the testimony in the

16    transcript that the designating party claims constitute "CONFIDENTIAL"

17    Information.  If no such designation is made within twenty (20) days after receipt of

18    the deposition transcript, the receiving party shall submit a second written demand

19    by facsimile to the designating party notifying the designating party that it has three

20    (3) business days from the date of the second written demand in which to designate

21    in writing to the other parties and the court reporter, those portions of the testimony

22    in the transcript that the designating party claims constitute "CONFIDENTIAL"

23    Information.  If, at the expiration of the three business day period, the designating

24    party fails to provide written notice of its intent to designate the information as

25    "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition

26    transcript shall be deemed waived.  Each party and the Court Reporter shall attach a

27    copy of such written designation notice to the transcript and each copy thereof in its

28

LAI-3102529v1                        5

1  possession, custody or control, and the portions designated in such notice shall

2  thereafter be treated in accordance with the Protective Order.

3       11.    Should one or more Counsel of Record wish to disclose any

4  "CONFIDENTIAL" Discovery Materials produced by another party to a person not

5  authorized by this Protective Order to review such "CONFIDENTIAL" Discovery

6  Materials, said counsel shall first provide Counsel of Record for the producing

7  party with a clear, complete and concise statement of the reason for the proposed

8  disclosure by written notice at least ten (10) business days prior to the proposed

9  disclosure.  The requesting Counsel of Record may include the name, address and

10  business or professional affiliation and title (e.g., officer, director, etc.) of such

11  person in the written notice.  If Counsel of Record for the producing party objects

12  in writing to the disclosure within said ten (10) business day period, then the party

13  requesting consent shall not proceed with the proposed disclosure, the parties shall

14  engage in good faith efforts to resolve the matter informally and, if those efforts

15  should fail, the party designating the material as "CONFIDENTIAL" may seek

16  relief from the Court as provided in paragraph 13 below.

17       12.    The disclosure of any Discovery Materials pursuant to the terms of this

18  Protective Order is not intended to be and shall not be construed as a waiver of any

19  right or a relinquishment of any confidentiality claim as to said Discovery Materials

20  or as a waiver of any claim that the information disclosed is a trade secret or is

21  proprietary.

22       13.    If any dispute arises concerning whether information designated as

23  "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL"

24  information for purposes of this Protective Order, the party who objects to the

25  designation of the information as "CONFIDENTIAL" shall give written notice of

26  the objection.  The parties shall then attempt to resolve the dispute informally and

27  in good faith.  If the parties do not resolve the dispute informally, the party who

28  designated the information as "CONFIDENTIAL" shall have ten (10) business days

LAI-3102529v1          6

1  from either (a) the written notice from the objecting party made pursuant to this

2  paragraph, or (b) the written objection to disclosure from the producing party made

3  pursuant to paragraph 11 above, or (c) the date the parties agree that the dispute

4  cannot be resolved informally, whichever is later, to file a motion asking the Court

5  to resolve the issue.  If the motion is not filed within this time, then the

6  "CONFIDENTIAL" designation shall be deemed waived.  If such a motion is

7  timely filed, the party asserting confidentiality shall have the burden of proving that

8  the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b)

9  trade secret or other confidential research, development, or commercial information

10  within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.  Prior

11  to the determination of such motion, the disputed information shall be treated by the

12  parties as "CONFIDENTIAL."  If such motion is granted in favor of the objecting

13  party and five days have passed after entry of an order granting the motion, then the

14  prevailing party may disclose the information.

15       14.    Upon final resolution of this litigation, including any appellate

16  proceedings or expiration of the time allowed therefore, and within 60 days thereof.

17            (a)    Unless otherwise agreed, counsel for each party shall

18            return or destroy all Discovery Materials marked "CONFIDENTIAL"

19            received hereunder, including all copies thereof, to counsel for the

20            party that produced said materials.  Counsel for each party shall also

21            destroy all extracts or summaries of "CONFIDENTIAL" Discovery

22            Materials or documents containing such material.  Certification of such

23            destruction, under penalty of perjury, is to be made in writing to

24            counsel for the party who produced such "CONFIDENTIAL"

25            Discovery Materials within ten (10) business days of destruction; and

26            (b)    The Clerk of the Court shall, upon request of a party that

27            produced any "CONFIDENTIAL" Discovery Materials, return to such

28            party all documents and things containing or referring to such

LAI-3102529v1

7

1    Discovery Materials that were filed under seal pursuant to this

2    Protective Order.  As to those documents or things containing such

3    information which cannot be so returned, they shall continue to be kept

4    under seal and shall not be examined by any person without a prior

5    Court order, after due notice to Counsel of Record, or the written

6    stipulation of each of Counsel of Record.

7        15.    Nothing contained in this Protective Order shall result in a waiver of

8    rights, nor shall any of its terms preclude a party from seeking and obtaining, upon

9    an appropriate showing, additional protection with respect to personal, financial,

10   commercial, confidential, trade secret or other proprietary documents, information

11   or any other discovery material or trade secrets, including, but not limited to,

12   restrictions on disclosure.  Nothing contained herein relieves any party of its

13   obligation to respond to discovery properly initiated pursuant to the Discovery

14   Order.

15       16.    Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to

16   the following treatment of any privileged or work product materials inadvertently

17   disclosed in this action.  The parties agree that disclosure of information protected

18   by any privilege in this litigation shall not constitute a waiver of any otherwise

19   valid claim of privilege, and failure to assert a privilege in this litigation as to one

20   document or communication shall not be deemed to constitute a waiver of the

21   privilege as to any other document or communication allegedly so protected, even

22   involving the same subject matter.  The parties agree that any inadvertent inclusion

23   of any privileged or work product material in a production in this action shall not

24   result in the waiver of any associated privilege or protective doctrine nor result in a

25   subject matter waiver of any kind.  If any such material is inadvertently produced,

26   the recipient of the document agrees that, upon request from the producing party, it

27   will promptly return all copies of the document in its possession, delete any

28   versions of the documents on any database it maintains, and make no use of the

information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

17. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

18. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

19. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: July _____, 2010

_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER
Case No. 09-CV-7193 MMM (JCx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**AGREEMENT TO BE BOUND BY THE STIPULATION FOR
PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION**

The undersigned hereby acknowledges that he or she has read the Protective

Order entered into on behalf of the Parties to *ELLIOTT LEWIS V. WENDY'S*

*INTERNATIONAL, INC*., 09-CV-7193 MMM (JCx), pending in the United States

District Court, Central District of California; that he or she understands the

provisions prohibiting the disclosure of confidential information for any purpose or

in any manner not connected with the prosecution or defense of this action; and that

he or she agrees to be bound by all provisions of that order.


Dated: _____

_____
Name

_____
Address

_____

_____

LAI-3102529v1

10

[PROPOSED] PROTECTIVE ORDER
Case No. 09-CV-7193 MMM (JCx)