1  Mark D. Kemple (Bar No. 145219)
2  Ruth M. Holt (Bar No. 223152)
   mkemple@jonesday.com
3  JONES DAY
   555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:  (213) 489-3939
5  Facsimile:   (213) 243-2539
6  Stanley Weiner (admitted pro hac vice)
   sweiner@jonesday.com
7  JONES DAY
   901 Lakeside Avenue
8  Cleveland, Ohio 44114
   Telephone: (216) 586-3939
9  Facsimile: (216) 597-0212

   Douglas Silverstein (Bar No. 181957)
   Michael Jacob (Bar No. 229939)
   dsilverstein@californialaborlawattorney.com
   mjacob@californialaborlawattorney.com
   KESLUK & SILVERSTEIN, P.C.
   9255 Sunset Blvd., Suite 411
   Los Angeles CA 90069
   Tel: (310) 273-3180
   Fax: (310) 273-6137

   Attorneys for Plaintiff Elliott Lewis

10 Attorneys for Defendant
   Wendy's International, Inc.
11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 ELLIOTT LEWIS, an individual, on        Case No. 09-CV-7193 MMM (JCx)
16 behalf of himself, and all others
   similarly situated,                     DISCOVERY MATTER

17              Plaintiff,                 **JOINT STIPULATION IN
                                           SUPPORT OF DEFENDANT'S
18         v.                              MOTION FOR PROTECTIVE
                                           ORDER QUASHING
19 WENDY'S INTERNATIONAL, INC.,            DEPOSITION NOTICES;
                                           DECLARATIONS AND
20 a Corporation; and DOES 1-20,           EVIDENCE**
   inclusive,
21              Defendant.                 [L.R. 37-2.1; FED. R. CIV. P. 37]

22                                         Date:      September 21, 2010
                                           Time:      9:30 a.m.
23                                         Place:     Courtroom 20
                                           [Honorable Jacqueline Chooljian,
24                                         312 N. Spring Street]

25                                         Discovery cut-off: Aug. 6, 2010
                                           Pretrial conf:     Oct. 25, 2010
26                                         Trial date:        Nov. 16, 2010
27

28

   LAI-3101832v3

                                           JT. STIP. ISO MOT. FOR PROT. ORDER
                                           Case No. 09-CV-7193 MMM (JCx)

## I.    DEFENDANT'S INTRODUCTORY STATEMENT

The original complaint ("Complaint") in this action was filed on August 31, 2009, nearly a year ago.  It was styled as a class action.  Since then, Plaintiff has not completed *any* discovery.  In fact, prior to the spate of recently served discovery to which this motion is addressed, the only deposition noticed by Plaintiff was voluntarily withdrawn in January, more than six months ago, after Defendant pointed out that it was served when Plaintiff had no pleading on file.  Moreover, the time to pursue a class action has lapsed.  Pursuant to the Court's Scheduling Order, the deadline to move for class certification was April 12, 2010.  Plaintiff did not move for class certification then, and has not since moved for class certification.

Now, just days before the August 6, 2010 fact discovery cutoff on Plaintiff's remaining individual claim, Plaintiff has launched a wave of class-based discovery, in the form of five deposition notices, including a 30(b)(6) deposition with 16 topics, and has also has failed to serve subpoenas on certain witnesses as required by Rule 45.  Defendant Wendy's International, Inc. ("Wendy's" or the "Company") respectfully requests a protective order and to quash these five improper deposition notices.

* * *

On October 9, 2009, Wendy's moved to dismiss Plaintiff's Complaint on the grounds that it was comprised entirely of legal conclusions and was wholly devoid of factual allegations. (Docket Entries ("Doc.") 7, 11.)  Rather than amend as a matter of right, Plaintiff opposed Wendy's motion.  (Doc. 17.)  On December 21, 2009, this Court heard Wendy's motion to dismiss and held a Scheduling Conference.  At the end of the Conference, it made its Rule 16 Scheduling Order.  Among other things, the Court ordered that April 12, 2010 was the deadline to file a motion for class certification:

[T]he schedule for filing a class certification motion will be as follows.

And I will not extend these dates. So be advised and do what you need

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

1   to do within this schedule. [¶]   The class certification motion must be

2   filed by April 12.

3  Decl. of Mark D. Kemple ("Kemple Decl."), Ex. 1, Reporter's Transcript of

4  Proceedings at 14:23-15:3. (Doc. 34.) The Court also ordered that the "overall fact

5  discovery cut-off date in the case will be August 6." Ex. 1 at 15:6-7. (Doc. 34.)

6   The following week, on December 29, 2010, this Court dismissed Plaintiff's

7  Complaint, after concluding that the pleadings did "not give defendant adequate

8  notice regarding the nature of the claims to which it must respond or sufficiently

9  state the facts on which the claims are based." (Doc. 20 at 10:10-12.)  On January 4,

10  2010, just six days after the Complaint was dismissed, and before any amended

11  complaint was filed, Plaintiff served a Rule 30(b)(6) notice of deposition of Wendy's

12  corporate designees.  Kemple Decl. ¶ 4. Wendy's immediately objected on the

13  ground that no pleading was on file, much less one that properly stated a cause of

14  action.  Id. ¶ 5.  In response, on January 18, Plaintiff voluntarily withdrew the notice.

15  Id., Ex. 2.  Plaintiff did not notice any other depositions until mid-July 2010, when

16  Plaintiff unilaterally noticed the five depositions at issue in this motion.  Id. ¶¶  6, 7.

17   Although the Order dismissing Plaintiff's Complaint provided explicit

18  instruction concerning how to plead his claims (Doc. 20 at 10), Plaintiff's First

19  Amended Complaint ("FAC"), filed on January 19, 2010, was likewise wholly

20  deficient, prompting Wendy's to file a second motion to dismiss on the same

21  grounds as the first.  (Doc. 26.)  Despite the fact that his deadlines were fast

22  approaching, Plaintiff declined to amend his pleading to bring it into conformity with

23  the Court's plain instruction, stood firm, and awaited a decision from the Court on

24  his still vacuous allegations.  This Court dismissed the FAC on March 24, 2010, and

25  granted Plaintiff until April 13, 2010 to attempt to restate his claims.  (Doc. 30.)

26   In the meantime, the April 12, 2010 class certification deadline came and

27  went.  No new pleading was filed prior thereto, no motion to amend this Court's

28  Scheduling Order was filed, and no motion for class certification was filed.  The

1  April 13, 2010 deadline to attempt to re-allege the prior complaint also came and

2  went.  Finally, on April 14, 2010, Plaintiff filed a Second Amended Complaint

3  ("SAC").  Although Plaintiff's April 12, 2010 deadline to move for class

4  certification had already expired, Plaintiff's SAC purported to assert claims on

5  behalf of a class.  (Doc. 33.)  Accordingly, Wendy's moved to dismiss the class

6  allegations on the ground that Plaintiff could no longer pursue class claims without

7  obtaining relief from this Court's Scheduling Order, which relief cannot be granted

8  absent a showing of good cause.  (Doc. 35.) F.R.C.P. 16(b)(4) ("A schedule may be

9  modified only for good cause and with the judge's consent.").

10        It is undisputed that, because the class certification filing deadline has passed,

11  Plaintiff must obtain relief from this Court's Scheduling Order in order to obtain

12  discovery on issues pertaining to the putative class.  Indeed, on June 7, 2010 Plaintiff

13  filed a motion to amend this Court's Scheduling Order, in which he expressly seeks

14  "to amend the scheduling order to permit class discovery."  (Doc. 41-1 at 2.)  On

15  June 16, the Court denied Plaintiff's motion to amend without prejudice to re-file it

16  in the event the parties' August 31, 2010 private mediation fails.  (Doc. 46.) [1]

17        At bottom, Plaintiff's class certification deadline has long passed and Plaintiff

18  has not been granted relief from the Scheduling Order.  Plaintiff concedes that,

19  absent such relief, he is not entitled to pursue claims on behalf of a putative class, or

20  to obtain class discovery. (*See* Doc. 41-1.)  Wendy's therefore respectfully requests

21  that the Court enter a protective order and quash Plaintiff's three deposition notices

22  that are directed to class discovery.  Wendy's also asks the Court to enter an order

23  requiring Plaintiff to subpoena the depositions of two low-level Wendy's employees

24  who are not parties to the litigation and whose depositions cannot be compelled by

25  mere notice to the Company.

26  _____

    [1] Even were the Court to consider Plaintiff's motion to amend, the Court may
27  modify its Scheduling Order only for good cause.  Fed. R. Civ. P. 16(b)(4).  None is
    presented here.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
28  Cir. 1992) (if the party seeking modification of the scheduling order was "not
    diligent, the inquiry should end").

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

## II.   PLAINTIFF'S INTRODUCTORY STATEMENT

Since the initial filing of this class action by Plaintiff Elliott Lewis, Defendant Wendy's International Inc. has fought the production of any and all discovery. Wendy's initially refused to produce written discovery, documents, and a Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent, including requested payroll documents related to class issues, claiming that it was unable to respond until a valid pleading was on file and the matter was at issue.

After getting the litigation sequence it requested, Defendant filed another Motion to Dismiss (Doc. 35) to deprive Plaintiff of the opportunity to bring a Class Certification Motion, claiming that the filing deadline passed on April 12, 2010, despite the Court expressly Ordering that Plaintiff could file his Second Amended Class Action Complaint on April 13, 2010, and Plaintiff's reasonable belief that the scheduling Order was not in effect because the Court did not issue its written scheduling Order (dated December 21, 2009) until April 29, 2010 (more than two weeks after the class certification filing deadline and approximately four months after the Scheduling Conference). Plaintiff has since moved to amend the scheduling Order. (Doc. 41).

In an effort to attempt good faith mediation of class claims, the parties agreed to mediate on August 31, 2010 after an informal exchange of discovery regarding class issues. In response to the parties' stipulation to continue the hearing dates until after mediation, the Court instead denied both motions without prejudice to permit the parties to mediate before the respective motions are held and to renotice the motions in the event of an unsuccessful mediation. (Doc. 46).

The Court further indicated in a July 15, 2010, conference call that its tentative ruling based upon its review of the papers would be to grant Plaintiff's Motion to Amend and set a new but short schedule for the parties to complete class discovery. Decl. of Michael G. Jacob ("Jacob Decl") ¶ 5.

Because the parties had agreed to exchange class information informally in

- 4 -
LAI-3101832v3

advance of the August 31, 2010 mediation, Plaintiff sent a letter requesting that the parties extend the discovery cut-off until after the mediation, noting that he would have to otherwise issue formal discovery to protect the rights of Plaintiff and the Class. Jacob Decl. ¶ 2.

Defendant has refused to stipulate, indicating that it is their belief that doing so would prejudice its arguments in the Motion to Dismiss, and that this protective order, set to be heard on September 21, 2010, after the mediation, best preserves the rights of the parties. Jacob Decl. ¶¶ 2-14.

## III.   MEETING OF COUNSEL PURSUANT TO LOCAL RULE 37-1

In an effort to resolve this dispute without court intervention, the parties scheduled and conducted a meet to confer on the morning of July 16, 2010.  Kemple Decl. ¶ 11, Ex. 10.  Mr. Kemple urged Plaintiff to voluntarily withdraw the deposition notices pertaining to class discovery since Plaintiff cannot pursue his claims on behalf of a class absent leave of Court following a showing of good cause and the time set to move for a continuance on a showing of good cause also had expired.  Mr. Kemple proposed that Wendy's would not object to class discovery, including deposition discovery, if the Court modifies the Scheduling Order to permit Plaintiff to proceed on behalf of a class.  *Id.* ¶ 11.  Mr. Kemple also informed Plaintiff that Wendy's lower level employees would not be testifying as parties to the litigation and therefore would need to be subpoenaed.  *Id.*  Despite Plaintiff's repeated promises to notify Defendant of Plaintiff's position (first by Friday afternoon, then by Monday morning), Plaintiff had not responded to Defendant's meet and confer proposal as of Monday evening, July 19, 2010.  *Id*. ¶ 12.  Thus, despite Defendant's efforts, the parties were unable to resolve these discovery issues. *Id.*

## IV.   DISCOVERY AT ISSUE AND DEFENDANT'S POSITION

The class action certification deadline in this action was April 12, 2010.  No motion was filed.  The deadline to complete discovery *including having a hearing on*

1   *any motion to compel discovery* in this action is August 6, 2010.

2       On July 13, 2010, Plaintiff served notices of the depositions of four Wendy's

3   employees (1) Angie Moreno, (2) Rajeev Sabharwal, (3) Laima Levanavicious, and

4   (4) Tony Baghchechi, setting the depositions for July 28, 29, 30 and August 2, 2010,

5   respectively.  Kemple Decl., Exs. 3, 4, 5 and 6.  Plaintiffs did not confer concerning

6   convenient dates as required by the Local Rules of this Court.[2]  Kemple Decl. ¶¶ 7,

7   11.  On July 15, 2010, Plaintiff served notice of Wendy's Corporate Designee

8   pursuant to Fed. R. Civ. P. 30(b)(6)**,** setting the depositions for August 4, 2010.

9   Kemple Decl. ¶ 10, Ex. 9.  Again, Plaintiff did not confer concerning convenient

10  dates as required by the Local Rules of this Court.  *Id.*  Pursuant to Fed. R. Civ. P.

11  26(c), the Court may enter a protective order when the party seeking the order

12  establishes "good cause" for the order and justice requires the entry of an order to

13  protect a party from "annoyance, embarrassment, oppression, or undue burden or

14  expense . . . ."

15      As an initial matter, all <u>five</u> of the depositions at issue in this motion were

16  unilaterally noticed between July 13, 2010 and July 15, 2010 to take place within 15

17  and 20 days of service and therefore fail to comply with the pertinent standards for

18  cooperation.[3]  Kemple Decl. ¶¶ 7, 10, Exs. 3-6, 9.  Further, as discussed more fully

19  below, the deposition notices for Ms. Levanavicious, Mr. Sabharwal and Wendy's

20  Corporate Designee should be quashed because they seek testimony regarding class

21  issues which are not at issue in this litigation.  The deposition notices for Ms.

22  Moreno and Mr. Baghchechi should be quashed because these witnesses are low-

23  level employees whose deposition testimony must be subpoenaed.

24

25      [2] *See* Civility and Professionalism Guidelines, www.cacd.uscourts.gov under

26  "Attorney Admissions." (counsel should "consult other counsel regarding
    scheduling matters in a good faith... [and avoid timing that]  in any way that

27  unfairly limits another party's opportunity to respond").

        [3] *See* Civility and Professionalism Guidelines, www.cacd.uscourts.gov under

28  "Attorney Admissions."

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

**A.     The Deposition Notice For Laima Levanavicious Should Be Quashed.**

Laima Levanavicious is the Division Human Resources Manager for the Pacific Division of Wendy's, with responsibility for several western states, including Arizona, Nevada, Utah and California.  Wendy's identified Ms. Levanavicious in its initial Rule 26 disclosures as an individual with information Wendy's might use to support its defenses to Plaintiff's <u>class</u> claims, based on its review of the broad and conclusory <u>class</u> allegations contained in Plaintiff's dismissed Complaint.  Kemple Decl. ¶ 9, Ex. 8 (Wendy's Initial Disclosures) at 1-2.   However, as explained above, Plaintiff failed to file a motion for class certification by the April 12, 2010 deadline set forth in the Court's Scheduling Order and, absent leave of Court following a showing of good cause, can no longer bring his claims on behalf of a class.  To date, no such relief has been granted.  Accordingly, Plaintiff's claims are limited to those he makes on his own behalf.

Given her high-level position with the company, Ms. Levanavicious lacks personal knowledge about Plaintiff's allegations regarding his personal experiences in the Wendy's Beaumont restaurant at which he was employed.  In other words, Ms. Levanavicious lacks personal knowledge of the factual issues related to Mr. Lewis's individual claims that he was not provided a meal or rest break on a particular day, which are the only claims still at issue in this litigation.  Indeed, although Plaintiff's SAC identifies the actors and witnesses to the events that allegedly gave rise to his claims, Plaintiff does not identify Ms. Levanavicious as a participant or witness. Doc. 33 (SAC) ¶ 6.

In addition, the place of deposition is improper because Ms. Levanavicious, as a Division-level executive, resides and works in Wendy's Division headquarters in Phoenix, Arizona.  "In the absence of exceptional or unusual circumstances . . . the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Metrex Research*

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

1  *Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).  Requiring Ms.

2  Levanavicious to travel to Los Angeles to be deposed would be overly time

3  consuming and cause a disruption in her work schedule.

4      Plaintiff's Notice of Taking Deposition of Ms. Levanavicious should be

5  quashed both because she does not have personal knowledge of the matters at issue

6  in this litigation, and because the deposition location is improper.

7      **B.    The Deposition Notice For Rajeev Sabharwal Should Be Quashed.**

8      Rajeev Sabharwal is the Director of Area Operations for Wendy's, with

9  responsibility for dozens of Wendy's restaurants located in Southern California.  As

10  with Ms. Levanavicious, Wendy's identified Mr. Sabharwal in its initial Rule 26

11  disclosures as an individual with information Wendy's might use to support its

12  defenses to Plaintiff's <u>class</u> claims, based on its review of the broad and conclusory

13  <u>class</u> allegations contained in Plaintiff's dismissed Complaint.  Kemple Decl. ¶ 9,

14  Ex. 8 at 1-2.  Due to his high-level position with the company, Mr. Sabharwal lacks

15  personal knowledge regarding Plaintiff's individual claims that he was not provided

16  meal or rest breaks at the Beaumont, California restaurant where he was employed.

17  Indeed, although Plaintiff's SAC identifies the actors and witnesses to the events that

18  allegedly gave rise to his claims, Plaintiff does not identify Mr. Sabharwal as a

19  participant or witness.  (Doc. 33 (SAC) ¶ 6.)

20      Because Plaintiff failed to file a motion for class certification by the April 12,

21  2010 deadline set forth in the Court's Scheduling Order, and has not obtained leave

22  of Court following a showing of good cause to move for class certification at a later

23  date, Plaintiff is not entitled to discovery concerning his class allegations.

24  Accordingly, Plaintiff's Notice of Taking Deposition of Raveej Sabharwal should be

25  quashed.

26      **C.    Plaintiff's Rule 30(b)(6) Deposition Notice Should Be Quashed.**

27      Plaintiff's Rule 30(b)(6) deposition notice identifies sixteen topics.  Kemple

28  Decl., Ex. 9 (Amended Notice of Taking Deposition of Defendant's Corporate

1    Designee).  Topics 1 through 13 are directed at class discovery.   Ex. 9, ¶¶ 1-12.  For

2    example, Topic 1 seeks testimony regarding "Defendant's policies and procedures

3    regarding rest and meal periods for <u>its non-exempt employees in California</u> during

4    the four years prior to the filing of the complaint, <u>up to and including the present</u>."

5    Ex. 9, ¶ 1 (emphasis added).  Not only does Topic 1 improperly seek testimony

6    concerning the entire class of non-exempt employees, it seeks testimony concerning

7    Wendy's practices following Plaintiff's resignation in March 2009. *Id.*; *see also*

8    Doc. 33 (SAC) ¶ 5.

9       Because Plaintiff failed to file a motion for class certification by the April 12,

10    2010 deadline set forth in the Court's Scheduling Order, and has not obtained leave

11    of Court following a showing of good cause to move for class certification at a later

12    date, Plaintiff is not entitled to discovery concerning his class allegations.

13       Deposition Topics 14 and 15 seek deposition testimony regarding

14    investigations that took place in response to the filing of Plaintiff's Complaint.  For

15    example, Topic 15 seeks testimony regarding "Defendant's investigation into

16    Plaintiff's request that Defendant rescind Defendant's meal period waiver

17    memorandum."  Kemple Decl., Ex. 9 ¶ 15.  However, because any investigations

18    referenced in Topics 14 and 15 would have been undertaken at counsel request in

19    response to Plaintiff's Complaint and for the purpose of defending this litigation, any

20    testimony concerning such investigations are protected by the attorney-client and

21    work product privileges and are not subject to discovery.  *See* Cal. Evid. Code § 954

22    (conferring a privilege on the client "to refuse to disclose, and to prevent another

23    from disclosing, a confidential communication between the client and lawyer"); *see*

24    *also In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 910

25    (9th Cir. 2004) (documents that "would not have been generated 'but for' litigation"

26    are privileged).

27       Finally, Deposition Topic 16, requests irrelevant testimony regarding

28    "Plaintiff's job performance during his employment with the Defendant."  Kemple

1  Decl., Ex. 9 ¶ 16.  However, Plaintiff's job performance is not at issue in this

2  litigation.  Plaintiff voluntarily resigned his employment at Wendy's in May 2009.

3  (Doc. 33 (SAC) ¶ 5.)  Further, the SAC alleges only that Wendy's failed to provide

4  him with meal and rest breaks; it does not purport to allege that Plaintiff was

5  improperly disciplined, constructively discharged, or that Wendy's alleged failure to

6  provide him with meal and rest breaks was somehow related to Plaintiff's job

7  performance.  (*See, generally*, Doc. 33 (SAC).)  Accordingly, Topic 16 seeks

8  testimony that is not relevant to this litigation or reasonably calculated to lead to the

9  discovery of admissible evidence.  Fed. R Civ. P. 26(b)(1).

10  Plaintiff's Rule 30(b)(6) notice should be quashed on the grounds that it

11  improperly seeks class discovery, seeks testimony that invades the attorney-client

12  and work product privileges, and seeks testimony that is wholly irrelevant to

13  Plaintiff's claims.

14  **D.  Plaintiff's Deposition Notices for Angie Moreno and Tony**

15  **Baghchechi Should Be Quashed.**

16  Finally, Plaintiff improperly noticed the depositions of two low-level Wendy's

17  employees, Angie Moreno and Tony Baghchechi, without serving subpoenas as

18  required by Fed. R. Civ. P. 45.  Kemple Decl. ¶¶ 7, 8.  A party to litigation may be

19  responsible for producing its officers, directors and managing agents pursuant to a

20  notice of deposition; however, "[o]nly such high-ranking employees can be

21  compelled to appear" pursuant to a deposition notice.  *Ulin v. Lovell's Antique*

22  *Gallery*, Civ. No. 09-03160, 2010 WL 2680761, at *2 (N.D. Cal. July 6, 2010).  A

23  mere employee is treated the same way as any other third party witness whose

24  deposition may only be compelled through service of a subpoena.  *Id.*; *Finley v.*

25  *Count of Martin*, Civ. No. 07-5922, 2009 WL 3320263 at *1-2 (N.D. Cal. Oct. 13,

26  2009).

27  A distinction must . . . be drawn between a mere corporate employee

28  and those who may be regarded as speaking for the corporation.

> Except where the employee has been designated by the corporation
> under Rule 30(b)(6), an employee is treated in the same way as any
> other witness.  His or her presence must be obtained by subpoena
> rather than by notice.

*Finley*, 2009 WL 3320263, at *1 n.1 *quoting* 8A Wright & Miller Fed. Prac. & Proc. § 2103.

Plaintiff cannot satisfy his burden of establishing that Ms. Moreno and Mr. Baghchechi qualify as "managing agents" of Wendy's.  *Finley*, 2009 WL 3320263, at *1.  Ms. Moreno is the General Manager of the Wendy's Beaumont restaurant at which Plaintiff was employed, and Tony Bagchechi is the District Manager of the Beaumont restaurant, and several other restaurants located nearby.  Although they have "management" titles, they are not "managing agents" of Wendy's because there are dozens, if not hundreds, of persons employed by Wendy's in positions of higher authority, and because they do not "possess general powers . . . to exercise judgment and discretion in corporate matters."  *See Use Techno Corp. v. Kenko USA, Inc.*, Civ. No. 06-02754, 2007 WL 2403556, at *1 (N.D. Cal. Aug. 20, 2007; *see also Finley*, 2009 WL 3320263, at *2 (holding that a "manager" title is not controlling) .

Indeed, Plaintiff conceded as much by asking Defendant whether it would be necessary to subpoena Mr. Baghchechi.  *See* Kemple Decl., Ex. 7 (July 13, 2010 email from Michael Jacob to Mark Kemple, stating "Please advise . . . whether your office will also produce Mr. Tony Baghchechi or if we have to subpoena him."). Since Ms. Moreno reports to Mr. Baghchechi, it follows that Plaintiff is likewise obligated to subpoena her testimony.

Defendant therefore respectfully requests that Plaintiff be required to subpoena the testimony of Wendy's employees Angie Moreno and Tony Baghchechi.

1  V.      **PLAINTIFF'S POSITION**

2           A.      **Deposition of Angie Moreno and Tony Baghchechi**

3           In its Initial Disclosure, Defendant identified Angie Moreno, General Manager

4  of its Beaumont Restaurant, with two other witnesses Rajeev Sabharwal, Director of

5  Area Operations and Laima Levanavicious, Division HR Manager. Wendy's

6  expressly states "These persons are current Wendy's employees in management

7  positions. ***Communications with such individuals should be directed to Wendy's***

8  ***undersigned attorneys." (Emphasis added)***. Kemple Decl, Ex. 8, Pg. 2, Ln. 7-9.

9  (Emphasis added).

10          Even though Mr. Baghchechi was not identified in Defendant's initial

11  disclosure, Plaintiff was informed and believed that Mr. Baghchechi was in a

12  management position, superior in the chain of command to Ms. Moreno (a

13  managerial employee whom Defendant had demanded be contacted through

14  counsel), such that communications with Mr. Baghchechi should also go through

15  counsel.[4]

16          After Plaintiff relied upon Defendant's representation, in a complete

17  turnaround from Defendant's demand in its Initial Disclosure that all

18  communications with Ms. Moreno go through counsel (while omitting her contact

19  information from its initial disclosure) - after receiving the deposition notice for

20  Ms. Moreno and Mr. Tony Baghchechi - ***Defendant reverses course completely and***

21  ***now demands that both Angie Moreno and Tony Baghchechi (Mr. Moreno's***

22  ***superior)*** <u>***not be contacted through counsel***</u> ***and instead subpoenaed and treated***

23  _____

24          [4] Despite ignoring Plaintiff's good faith request to confirm that Defendant was taking the position that all correspondence with Mr. Baghchechi should go

25  through counsel, Defendant spins the request to justify its refusal to produce both witnesses. Defendant wholeheartedly omits any reference as to why it failed to respond to Plaintiffs good faith request regarding its representation of

26  Mr. Baghchechi in the first place or why the parties and the Court should permit it to blow hot and cold on the issue and render meaningless its representation that, for

27  Ms. Angie Moreno and its employees "in management positions," "communications with such individuals should be directed to Wendy's undersigned

28  attorneys."

1  *like an unrepresented third party*. Defendant wholly omits reference to its prior

2  express representation that all contacts with Ms. Moreno had to occur through

3  counsel. If not made entirely in error, Defendant's reversal of course is clearly

4  disingenuous, designed to obstruct the discovery process and smacks of

5  gamesmanship to avoid producing material witnesses. The Court should deny

6  Defendant's Motion to Quash as to the properly noticed depositions of managers

7  Angie Moreno and Tony Baghchechi.

8        **B.**    **Plaintiff's Rule FRCP 30(b)(6) Deposition, and the Deposition of**

9                      **Director of Operations Rajeev Sabharwal Should Not be Quashed**

10        Despite Defendant's characterization otherwise, Plaintiff's Rule FRCP

11  30(b)(6) includes addresses both class issues (Topics 1-11) and Plaintiff Elliott

12  Lewis' individual claims (Topics 12-16). Kemple Decl, Ex. 9. Regardless of the

13  Court's ruling on Plaintiff's renoticed Motion to Amend, for a fair adjudication of

14  Plaintiff's individual claims, Plaintiff must be permitted to depose a corporate

15  representative regarding his individual claims.

16        Regarding class claims, the importance of Plaintiff s certification motion is

17  hard to overstate. As this Court well knows, a denial of class certification is,

18  typically, the death-knell for such cases. For this reason, trial courts are required to

19  conduct a "rigorous analysis" in determining whether or not to certify a class. *Gen.*

20  *Tel. Co. of the Sw. V. Falcon*, 457 U.S. 147, 161 (1982); *see Hanon v. Dataproducts*

21  *Corp.* 976 F.2d 497, 509 (9th Cir. 1992). To that end, "a careful certification inquiry

22  is required." *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir. 2005). As part of

23  that inquiry, this Court must consider all relevant evidence. *In re Hydrogen Peroxide*

24  *Antitrust Litig.*, 552 F.3d 305, 307 (3rd Cir. 2009). The necessary antecedent to the

25  presentation of evidence is, in most cases, enough discovery to obtain material,

26  especially when the information is within the sole possession of the defendant."

27  *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). Thus, "the

28  Ninth Circuit has held that in certain circumstances it is reversible error to deny

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

1  discovery prior to class certification." *Barnhart v. Safeway*, 1992 WL 443561 (E.D.

2  Cal. 1992); See also *In Re*: *Bank of America Corp. Securities, Derivative and ERISA*

3  *Litigation*, 2009 WL 1875764 (S.D.N. Y. 2009)(recognizing role of interim class

4  counsel during precertification phase includes "conducting any necessary

5  discovery."); *Four In one Co., Inc. v. SK Foods, L.P.*, 2009 WL 747160 (E.D. Cal.

6  2009) (same).

7       Most recently, in *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th

8  Cir. 2009), the Ninth Circuit reaffirmed that "[t]he propriety of a class action cannot

9  be determined in some cases without discovery." *Id.* at 942 quoting *Kamm v. Cal.*

10 *City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). The *Vinole* court also reiterated the

11 Ninth Circuit's long-standing admonition that "the better and more advisable

12 practice for a District Court to follow is to afford the litigants an opportunity to

13 present evidence as to whether a class action was maintainable." *Id.* Although the

14 *Vinole* court affirmed denial of class certification, the Ninth Circuit pointed out that

15 the "Plaintiffs had nearly ten months to conduct informal and formal discovery." *Id.*

16 at 943. Implicit in this holding is the notion that absent what the appellate court

17 deemed to be adequate time to conduct discovery, denial of class certification might

18 be an abuse of discretion. *See Edwards v. the First American Corporation*, 251

19 F.R.D. 449 (CD. Cal. 2007)(Judge Otero denied class certification BUT permitted

20 discovery to determine whether a smaller class might be certifiable); *See also*

21 *Putnam v. Eli Lilly and Company*, 508 F.Supp.2d 812 (CD. Cal. 2007)(Magistrate

22 Judge Abrams granted motion to compel contact information prior to certification

23 motion); *Central Wesleyan College v. W.R. Grace &Co.*, 6 F.3d 177, 183 (4th Cir.

24 1993)(prior to class certification district court ordered limited discovery);

25 *Quintanilla v. A&R Demolition Inc.*, 2007 WL 5166849 (S.D. Tex 2007)(in

26 approving settlement court recognized "the parties completed precertification

27 discovery"); *Del Campo v. Kennedy*, 236 F.R.D. 454 (allowing precertification

28 discovery of non-party).

JT. STIP. ISO MOT. FOR PROT. ORDER
Case No. 09-CV-7193 MMM (JCx)

1    Here, the Court expressly permitted Plaintiff to file a Second Amended
2    Complaint alleging class allegations. (Doc. 30). Class discovery should be permitted
3    for this reason alone. Additionally, the Court has already indicated its inclination,
4    based upon the parties prior filings, to grant Plaintiff's Motion to Amend the
5    scheduling Order (once renoticed in the event mediation is unsuccessful) and issue a
6    new, albeit brief, timetable for class discovery. Jacob Decl. ¶ 5.

7    Additionally, both the FRCP (30)(b)(6) deponent and Rajeev Sabharwal, as
8    the "Director of Operations" with responsibility for dozens of Wendy's restaurants in
9    Southern California, likely have knowledge as to Wendy's meal policies, the training
10   of Wendy's employees, and the implementation of Wendy's meal period waiver,
11   which impacts Plaintiff individually, in addition to the class.

12   Accordingly, it is likely that Plaintiff's requests will lead to the discovery of
13   admissible evidence regarding individual and class claims. Defendant's position -
14   that Plaintiff has never once been entitled to class discovery during the pendency of
15   this litigation - undermines the class action process and the strong public policies in
16   support of the payment of wages and fair labor practices in California. Defendant's
17   Motion to Quash should be denied in its entirety.

18   **C.    Defendant's Motion to Quash the Deposition of Laima**
19   **Levanavicious Should Be Denied**

20   In noticing the deposition of the corporate designee, Plaintiff's letter stated,
21   "While the Notice is for August 4, 2010 in our Los Angeles office, we are willing to
22   work with you to arrange a mutually convenient location and date, as you indicated
23   the deponent(s) may be out of state in Ohio." Defendant's initial disclosure did not
24   indicate Ms. Levanavicious' location, so Plaintiff noticed the deposition in Los
25   Angeles. Nonetheless, Plaintiff similarly is willing to take the deposition in Phoenix,
26   Arizona to accommodate Ms. Levanavicious.

27

28

1         Plaintiff incorporates his arguments regarding Plaintiff's entitlement to class

2    discovery from section (B)(1) above.

3

4         Respectfully submitted.

5

6    Dated:  July 19, 2010                    JONES DAY

7

8                                       By: /s/ Mark D. Kemple

9                                            Mark D. Kemple

10                                     Attorney for Defendant
     Wendy's International, Inc.

11

12   Dated:  July 26, 2010                    KESLUK & SILVERSTEIN,
     P.C.

13

14                                      By: /s/ Michael Jacob

15                                           Michael Jacob

16                                     Attorney for Plaintiff Elliot Lewis
     an individual, on behalf of himself, and
17   all others similarly situated

18

19

20

21

22

23

24

25

26

27

28